# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

September 9, 2021

<u>Via ECF</u>

The Honorable Gregory H. Woods
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    <u>*In re Wells Fargo & Co. Securities Litigation*</u>, No. 20 Civ. 4494

Dear Judge Woods:

I write on behalf of Defendant Wells Fargo & Co. to inform the Court that the Office of the Comptroller of the Currency ("OCC") earlier today issued two consent orders to Wells Fargo Bank, N.A.  In one order, the OCC expressly recognized that Wells Fargo has taken steps to comply with the 2018 consent order ("2018 OCC Order") and remains committed to completing all of its requirements, but found that the Bank has not "fully and timely" completed that process:

> While the Bank has taken steps to comply with the 2018 Order and is committed to addressing the remaining requirements in the Order, the Bank has failed to fully and timely implement effective and sustainable corrective actions required by the Order related to enterprise-wide compliance risk management and customer remediation and is thereby in violation of the 2018 Order.

(Consent Order AA-ENF-2021-30, Art. II(4) (attached hereto).)  The other order issued today addresses deficiencies in loss-mitigation activities in Wells Fargo's Home Lending business (Consent Order AA-ENF-2021-29, Art. II, V) and is not relevant to this action.  The OCC assessed a $250 million penalty against Wells Fargo Bank for these deficiencies and the insufficient progress against the 2018 OCC Order.

As the Court knows, Plaintiffs allege that Defendants made false or misleading statements in 2018 and 2019 about the Bank's progress at that time towards satisfying requirements of the 2018 OCC Order and two other consent orders.  Defendants argued in their pending motion to dismiss, among other things, that Plaintiffs failed to plead that any of Defendants' statements were materially false or misleading when made or made with scienter.  As Defendants explained, their actual statements—and not just the snippets quoted in the Amended Complaint—did not assure

The Honorable Gregory H. Woods                                                          -2-

investors that Wells Fargo in 2018 and 2019 was at any particular stage in the process of complying with the three consent orders or that Wells Fargo's regulators had "approved" its plans under the consent orders. Instead, the full text of the statements and the pleaded facts demonstrate that Defendants expressed only hopes and expectations about future progress under the consent orders that were, in hindsight, overly optimistic; they did not make false or misleading statements of fact with an intent to deceive.

Today's consent order has no bearing on those dispositive arguments. The OCC's determination in 2021 that Wells Fargo has not yet fully and timely completed all of its obligations under the 2018 OCC Order does not mean that statements in 2018 and 2019 were contemporaneously false or misleading—particularly when Defendants repeatedly warned investors that the task of compliance "itself is a significant one" and that they "can't really put a timetable on" it. (ECF 90 at 44; *see also id*. at 47 ("we have a substantial amount of additional work to do").) The OCC's finding is also irrelevant to the many statements at issue in this case that relate to the Federal Reserve's separate consent order. For instance, Plaintiffs challenge a February 2018 statement—two months before the 2018 OCC Order was issued—that the timetable in the Federal Reserve order put Wells Fargo on a "fast track" and a June 2018 statement about the "expect[ed]" time frames for lifting the asset cap imposed by that order. (*Id*. at 17-18, 20-21; *see also id*. at 22-32.) The OCC's finding today cannot render these statements false or misleading.

Nor does the OCC's order help Plaintiffs plead that any Defendant acted with scienter. Because the order says nothing at all about any individual Defendant in this case, it does not add any particularized facts that could support a strong inference that any Defendant acted with intent to defraud back in 2018 and 2019. Nothing in the order suggests, for example, that when then-acting CEO Allen Parker opined in May 2019 that "I think there is a meeting of the minds in terms of what we need to do, but the task itself is a significant one," he did not honestly believe that statement or was suggesting that regulators already had approved any plans, especially when he warned that regulators had "expressed some frustration" with progress to date. (*Id*. at 14-15.) In another challenged statement, Parker explained in April 2019 that Wells Fargo had "a substantial amount of work yet to do" and that the "necessary work is at varying stages of progress," with "some of it [] way down the road," while "[o]ther parts of it are a little bit earlier in the process." (*Id*. at 39-41.) Today's consent order is consistent with that statement and other statements challenged in this action—while work remained (and remains today) to satisfy the requirements of the 2018 OCC Order, Wells Fargo has "taken steps to comply with" that order.

Respectfully submitted,

*/s/ Richard C. Pepperman II*

(Attachment)

cc:    *Counsel of record* (via ECF)