**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION | No. 20 Civ. 4494 (GHW) |

**DEFENDANTS' ANSWER TO PLAINTIFFS'**
**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants Wells Fargo & Company ("Wells Fargo" or the "Company") and John R. Shrewsberry, C. Allen Parker, and Elizabeth Duke (collectively, "Defendants") respectfully submit their Answer to Plaintiffs' Consolidated Amended Class Action Complaint (ECF No. 74) (the "Complaint").

**PRELIMINARY STATEMENT**

In its September 30, 2021 Memorandum Opinion and Order (the "Order"), the Court dismissed the claims in the Complaint to the extent that they relate to:

(i)   Defendant Timothy J. Sloan's statements during a February 2, 2018 investor conference call;

(ii)  Shrewsberry's statements during an appearance on Bloomberg Television's *What'd You Miss?* on January 15, 2019;

(iii) Sloan's written testimony submitted to the U.S. House of Representatives Committee on Financial Services ("HFSC") on March 12, 2019;

(iv)  Parker's statements during the Company's Q1 2019 earnings call on April 12, 2019;

(v)   Shrewsberry's statements during an appearance on CNBC's *First on CNBC* on April 12, 2019; and

(vi)  Parker's statements during the Company's Q3 2019 earnings call on October 15, 2019.

Portions of the Complaint therefore are now legally inoperative and do not require a

response. The Court also dismissed all claims against Charles W. Scharf, and thus no response is required as to allegations or claims against Scharf.

The Complaint also frequently quotes or references communications between Defendants and Wells Fargo's regulators, as well as documents concerning Wells Fargo's compliance with regulatory consent orders. To the extent that these communications and documents constitute confidential supervisory information belonging to Wells Fargo's regulators, *see* 12 C.F.R. §§ 261.2(b)(1); 4.32(b), 4.36(b), (d), Wells Fargo is prohibited from disclosing the substance of these communications and documents, and Wells Fargo will have no response to such allegations.

To avoid any doubt, Defendants deny the allegations of the Complaint except with respect to those specific matters expressly admitted herein. Defendants deny any averments in the Table of Contents, headings and subheadings of the Complaint to the extent that any such portion of the Complaint could be read to contain factual allegations, unless they have explicitly indicated otherwise. For the sake of clarity, and unless otherwise expressly stated, Defendants use the defined terms and phrases set forth in the Complaint, without conceding that any such definitions are proper.

## ANSWER

1.    Defendants deny the allegations of Paragraph 1, except that they admit that (a) Wells Fargo & Co. entered into a consent order with the Board of Governors of the Federal Reserve System ("FRB") in February 2018 and (b) Wells Fargo Bank N.A. entered into consent orders with the Office of the Comptroller of the Currency ("OCC") and the Consumer Financial Protection Bureau ("CFPB") in April 2018. Defendants respectfully refer the Court to the consent orders and the other documents referenced in Paragraph 1 for a complete and accurate statement of their contents.

2.      Defendants deny the allegations of Paragraph 2, except that they admit that Wells Fargo & Co. or Wells Fargo Bank, N.A. are regulated by the FRB, the OCC, and the CFPB (together, the "Regulators").  Defendants respectfully refer the Court to the consent orders quoted in Paragraph 2 for a complete and accurate statement of their contents.

3.      Defendants deny the allegations of Paragraph 3, except that they respectfully refer the Court to the consent orders referenced in Paragraph 3 for a complete and accurate statement of their contents.

4.      Defendants deny the allegations of Paragraph 4, except that they (a) admit that Defendant Elizabeth "Betsy" Duke is the former Chairwoman of the Wells Fargo & Co. Board of Directors; and (b) lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the market's "focus[]" and what "[a]nalysts immediately recognized," and therefore deny them.  Defendants respectfully refer the Court to the documents referenced and quoted in Paragraph 4 for a complete and accurate statement of their contents.

5.      Defendants deny the allegations of Paragraph 5, except that they respectfully refer the Court to the unidentified documents referenced and quoted in Paragraph 5 for a complete and accurate statement of their contents.

6.      Defendants deny the allegations of Paragraph 6, except that they respectfully refer the Court to the unidentified documents referenced and quoted in Paragraph 6 for a complete and accurate statement of their contents.

7.      In response to Paragraph 7, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 7, except that they respectfully

refer the Court to the document or documents referenced and quoted in Paragraph 7 for a complete and accurate statement of their contents.

8.     In response to Paragraph 8, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 8, except that they respectfully refer the Court to the emails and other unidentified documents referenced and quoted in Paragraph 8 for a complete and accurate statement of their contents.

9.     Defendants deny the allegations of Paragraph 9, except that they respectfully refer the Court to the unidentified documents referenced and quoted in Paragraph 9 for a complete and accurate statement of their contents.

10.     Defendants deny the allegations of Paragraph 10, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that the "Bank's Regulators" "were troubled," and therefore deny them.  Defendants respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 10 for a complete and accurate statement of their contents.

11.     Defendants deny the allegations of Paragraph 11, except that they respectfully refer the Court to the Congressional reports and other documents and statements quoted in Paragraph 11 for a complete and accurate statement of their contents.

12.     Defendants deny the allegations of Paragraph 12.

13.     To the extent that Paragraph 13 states legal conclusions, no response is required. To the extent that any response is required, Defendants admit that Paragraph 13 purports to describe the basis for the Court's subject matter jurisdiction.

14.     To the extent that Paragraph 14 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 14, except that they admit that Paragraph 14 purports to describe the basis for venue in this action.

15.     To the extent that Paragraph 15 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny them.  Defendants respectfully refer the Court to Handelsbanken's certification for a complete and accurate statement of its contents. Defendants deny that Handelsbanken suffered damages as a result of the conduct alleged in the Complaint.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore deny them.  Defendants respectfully refer the Court to Mississippi's certification for a complete and accurate statement of its contents. Defendants deny that Mississippi suffered damages as a result of the conduct alleged in the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore deny them.  Defendants respectfully refer the Court to Rhode Island's certification for a complete and accurate statement of its contents. Defendants deny that Rhode Island suffered damages as a result of the conduct alleged in the Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore deny them.  Defendants respectfully refer the Court to Louisiana Sheriffs' certification for a complete and accurate statement of its contents.

Defendants deny that Louisiana Sheriffs suffered damages as a result of the conduct alleged in the Complaint.

20.    Paragraph 20 contains no allegations and therefore requires no response.

21.    Defendants deny the allegations of Paragraph 21, except that they admit that Wells Fargo common stock is listed on the New York Stock Exchange ("NYSE") under the ticker symbol "WFC."

22.    Defendants deny the allegations of Paragraph 22, except that they admit that (a) Timothy Sloan was Wells Fargo's Chief Executive Officer and President from October 2016 to March 2019; (b) Sloan previously served as Wells Fargo's Chief Financial Officer and Chief Operating Officer; and (c) Sloan was at times a Director on Wells Fargo's Board of Directors and a member of the Wells Fargo Operating Committee.  Defendants respectfully refer the Court to Wells Fargo's Proxy Statement dated March 16, 2020 and quoted in Paragraph 22 for a complete and accurate statement of its contents.

23.    Defendants deny the allegations of Paragraph 23, except that they admit that (a) John Shrewsberry was Wells Fargo's Chief Financial Officer from May 2014 to July 2020; (b) Shrewsberry was at times a member of the Wells Fargo Operating Committee; and (c) Shrewsberry, at the time the Complaint was filed, had announced that he would retire from Wells Fargo.

24.    Defendants deny the allegations of Paragraph 24, except that they admit that (a) Scharf was named Wells Fargo's Chief Executive Officer and President in October 2019 and continues to hold these positions today; and (b) since October 2019, Scharf has been a Director on Wells Fargo's Board of Directors and a member of the Wells Fargo Operating Committee. Defendants aver that Scharf is no longer a defendant in this action.

25.　　Defendants deny the allegations of Paragraph 25, except that they admit that (a) C. Allen Parker was Wells Fargo's General Counsel from March 2017 to March 2019 and again from October 2019 to March 2020; (b) Parker served as interim Chief Executive Officer of Wells Fargo and a Director on Wells Fargo's Board of Directors from March 2019 to October 2019; (c) Parker was a member of the Wells Fargo Operating Committee from March 2017 to March 2020; and (d) Parker retired from Wells Fargo in March 2020.

26.　　Defendants deny the allegations of Paragraph 26, except that they admit that (a) Elizabeth Duke was a Director on Wells Fargo's Board of Directors from January 2015 to March 2020 and served as Chairwoman of the Board from January 2018 to March 2020; and (b) Duke served on the Board's Risk Committee from March 2015 to March 2019.  Defendants respectfully refer the Court to the Wells Fargo Corporate Governance Guidelines and the two reports issued by the HFSC referenced and quoted in Paragraph 26 for a complete and accurate statement of their contents.

27.　　Defendants deny the allegations of Paragraph 27.

28.　　Paragraph 28 contains no allegations and therefore requires no response.

29.　　Defendants deny the allegations of Paragraph 29, except that they admit that Wells Fargo & Co.'s subsidiary, Wells Fargo Bank, N.A., is a nationally chartered bank.

30.　　Defendants deny the allegations of Paragraph 30, except that they admit that Wells Fargo & Co. or Wells Fargo Bank, N.A. are regulated by the FRB, the OCC, and the CFPB.

31.　　To the extent that Paragraph 31 states legal conclusions, no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore deny them.

32.    To the extent that Paragraph 32 states legal conclusions, no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore deny them.

33.    To the extent that Paragraph 33 states legal conclusions, no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore deny them.

34.    To the extent that Paragraph 34 states legal conclusions, no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore deny them.

35.    To the extent that Paragraph 35 states legal conclusions, no response is required. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore deny them.

36.    Defendants deny the allegations of Paragraph 36.

37.    Defendants deny the allegations of Paragraph 37, except that they admit that Wells Fargo Bank, N.A. entered into consent orders with the OCC and CFPB in September 2016. Defendants respectfully refer the Court to the consent orders referenced in Paragraph 37 for a complete and accurate statement of their contents.

38.    Defendants deny the allegations of Paragraph 38, except that they respectfully refer the Court to the consent orders referenced in Paragraph 38 for a complete and accurate statement of their contents.

39.    Defendants deny the allegations of Paragraph 39, except that they respectfully refer the Court to the press release referenced and quoted in Paragraph 39 for a complete and accurate statement of its contents.

40.     Defendants deny the allegations of Paragraph 40, except that they respectfully refer the Court to the consent orders referenced and quoted in Paragraph 40 for a complete and accurate statement of their contents.

41.     Defendants deny the allegations of Paragraph 41, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning "[i]nvestors and the press," and therefore deny them. Defendants respectfully refer the Court to the news reports quoted in Paragraph 41 for a complete and accurate statement of their contents.

42.     Defendants deny the allegations of Paragraph 42.

43.     In response to Paragraph 43, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 43, except that they respectfully refer the Court to the consent order referenced in Paragraph 43 for a complete and accurate statement of its contents.

44.     Defendants deny the allegations of Paragraph 44, except that they respectfully refer the Court to the press release quoted in Paragraph 44 for a complete and accurate statement of its contents.

45.     Defendants deny the allegations of Paragraph 45, except that they respectfully refer the Court to the news reports referenced and quoted in Paragraph 45 for a complete and accurate statement of their contents.

46.     Defendants deny the allegations of Paragraph 46, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "[s]ecurities analysts . . . recognized [as] importan[t]," and therefore deny them. Defendants

respectfully refer the Court to the reports referenced and quoted in Paragraph 46 for a complete and accurate statement of their contents.

47.     Defendants deny the allegations of Paragraph 47, except that they respectfully refer the Court to the consent order referenced in Paragraph 47 for a complete and accurate statement of its contents.

48.     Defendants deny the allegations of Paragraph 48, except that they respectfully refer the Court to the consent order referenced and quoted in Paragraph 48 for a complete and accurate statement of its contents.

49.     Defendants deny the allegations of Paragraph 49, except that they respectfully refer the Court to the consent order referenced and quoted in Paragraph 49 for a complete and accurate statement of its contents.

50.     Defendants deny the allegations of Paragraph 50, except that they respectfully refer the Court to the consent order referenced and quoted in Paragraph 50 for a complete and accurate statement of its contents.

51.     Defendants deny the allegations of Paragraph 51, except that they respectfully refer the Court to the consent order referenced and quoted in Paragraph 51 for a complete and accurate statement of its contents.

52.     Defendants deny the allegations of Paragraph 52, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 52 for a complete and accurate statement of their contents.

53.     In response to Paragraph 53, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 53, except that they admit that

Sloan, Duke, and the remaining members of the Wells Fargo Board of Directors on February 2, 2018 were signatories to the 2018 FRB consent order, and respectfully refer the Court to the documents referenced and quoted in Paragraph 53 for a complete and accurate statement of their contents.

54.     In response to Paragraph 54, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 54, except that Defendants respectfully refer the Court to the consent order referenced and quoted in Paragraph 54 for a complete and accurate statement of its contents.

55.     Defendants deny the allegations of Paragraph 55, except that they respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 55 for a complete and accurate statement of their contents.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "[a]nalysts immediately recognized," and therefore deny them.  Defendants respectfully refer the Court to the reports referenced and quoted in Paragraph 57 for a complete and accurate statement of their contents.

58.     Defendants deny the allegations of Paragraph 58, except that they respectfully refer the Court to the news reports referenced and quoted in Paragraph 58 for a complete and accurate statement of their contents.

59.     Defendants deny the allegations of Paragraph 59, except that they admit that Wells Fargo Bank, N.A. entered into consent orders with the OCC and the CFPB in April 2018, and

respectfully refer the Court to the consent orders referenced and quoted in Paragraph 59 for a complete and accurate statement of their contents.

60.    Defendants deny the allegations of Paragraph 60, except that they respectfully refer the Court to the consent orders referenced in Paragraph 60 for a complete and accurate statement of their contents.

61.    Defendants deny the allegations of Paragraph 61, except that they respectfully refer the Court to the consent orders referenced and quoted in Paragraph 61 for a complete and accurate statement of their contents.

62.    Defendants deny the allegations of Paragraph 62, except that they respectfully refer the Court to the consent orders referenced and quoted in Paragraph 62 for a complete and accurate statement of their contents.

63.    Defendants deny the allegations of Paragraph 63, except that they respectfully refer the Court to the consent orders referenced and quoted in Paragraph 63 for a complete and accurate statement of their contents.

64.    Defendants deny the allegations of Paragraph 64, except that they respectfully refer the Court to the consent orders referenced in Paragraph 64 for a complete and accurate statement of their contents.

65.    Defendants deny the allegations of Paragraph 65, except that they respectfully refer the Court to the consent orders referenced and quoted in Paragraph 65 for a complete and accurate statement of their contents.

66.    Defendants deny the allegations of Paragraph 66, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 66 for a complete and accurate statement of their contents.

67.     Defendants deny the allegations of Paragraph 67, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "[i]nvestors, analysts, and commentators were intently focused" on, and therefore deny them. Defendants respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 67 for a complete and accurate statement of their contents.

68.     In response to Paragraph 68, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 68 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 68, except that they respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 68 for a complete and accurate statement of their contents.

69.     In response to Paragraph 69, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 69, except that they respectfully refer the Court to the consent order referenced and quoted in Paragraph 69 for a complete and accurate statement of its contents.

70.     In response to Paragraph 70, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 70, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 70 for a complete and accurate statement of their contents.

71.     In response to Paragraph 71, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from

disclosing. Defendants otherwise deny the allegations of Paragraph 71, except that they respectfully refer the Court to the letter referenced and quoted in Paragraph 71 for a complete and accurate statement of its contents.

72. In response to Paragraph 72, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 72, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 72 for a complete and accurate statement of their contents.

73. In response to Paragraph 73, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 73, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 73 for a complete and accurate statement of their contents.

74. Defendants deny the allegations of Paragraph 74, except that they respectfully refer the Court to the email referenced and quoted in Paragraph 74 for a complete and accurate statement of its contents.

75. Defendants deny the allegations of Paragraph 75, except that they respectfully refer the Court to the email referenced and quoted in Paragraph 75 for a complete and accurate statement of its contents.

76. In response to Paragraph 76, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 76, except that they respectfully refer the Court to the transcript of the May 2018 Deutsche Bank Global Financial

Services Conference and other documents referenced and quoted in Paragraph 76 for a complete and accurate statement of their contents.

77.    In response to Paragraph 77, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 77, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 77 for a complete and accurate statement of their contents.

78.    In response to Paragraph 78, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 78, except that they respectfully refer the Court to the transcript of the June 2018 Morgan Stanley Financials Conference and other documents referenced and quoted in Paragraph 78 for a complete and accurate statement of their contents.

79.    In response to Paragraph 79, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 79, except that they respectfully refer the Court to the transcript of the July 2018 earnings call referenced and quoted in Paragraph 79 for a complete and accurate statement of its contents.

80.    In response to Paragraph 80, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 80, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 80 for a complete and accurate statement of their contents.

81.　In response to Paragraph 81, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 81, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 81 for a complete and accurate statement of their contents.

82.　In response to Paragraph 82, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 82, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 82 for a complete and accurate statement of their contents.

83.　In response to Paragraph 83, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 83, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 83 for a complete and accurate statement of their contents.

84.　In response to Paragraph 84, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 84, except that they respectfully refer the Court to the document or documents referenced and quoted in Paragraph 84 for a complete and accurate statement of their contents.

85.　In response to Paragraph 85, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 85, except that they

respectfully refer the Court to documents referenced in Paragraph 85 for a complete and accurate statement of their contents.

86.    In response to Paragraph 86, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 86, except that they respectfully refer the Court to the documents or transcripts referenced and quoted in Paragraph 86 for a complete and accurate statement of their contents.

87.    In response to Paragraph 87, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 87, except that they respectfully refer the Court to documents referenced and quoted in Paragraph 87 for a complete and accurate statement of their contents.

88.    In response to Paragraph 88, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 88, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 88 for a complete and accurate statement of their contents.

89.    In response to Paragraph 89, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 89, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 89 for a complete and accurate statement of their contents.

90.    In response to Paragraph 90, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 90, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 90 for a complete and accurate statement of their contents.

91.    In response to Paragraph 91, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 91, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 91 for a complete and accurate statement of their contents.

92.    Defendants deny the allegations of Paragraph 92, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that the hearing "was closely watched by investors, analysts, and the financial press," and therefore deny it. Defendants respectfully refer the Court to the document referenced and quoted in Paragraph 92 for a complete and accurate statement of its contents.

93.    In response to Paragraph 93, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 93, except that they respectfully refer the Court to the letter referenced and quoted in Paragraph 93 for a complete and accurate statement of its contents.

94.    In response to Paragraph 94, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 94, except that they

respectfully refer the Court to the letter referenced and quoted in Paragraph 94 for a complete and accurate statement of its contents.

95.     In response to Paragraph 95, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 95, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 95 for a complete and accurate statement of their contents.

96.     In response to Paragraph 96, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 96, except that they respectfully refer the Court to the HFSC report referenced and quoted in Paragraph 96 for a complete and accurate statement of its contents.

97.     In response to Paragraph 97, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 97, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the views of analysts and others, and therefore deny them.  Defendants respectfully refer the Court to the documents referenced and quoted in Paragraph 97 for a complete and accurate statement of their contents.

98.     In response to Paragraph 98, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 98, except that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the

views of the OCC, and therefore deny them. Defendants respectfully refer the Court to the documents referenced and quoted in Paragraph 98 for a complete and accurate statement of their contents.

99.     In response to Paragraph 99, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 99, except that they respectfully refer the Court to the document referenced and quoted in Paragraph 99 for a complete and accurate statement of its contents.

100.    In response to Paragraph 100, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 100, except that they respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 100 for a complete and accurate statement of their contents.

101.    In response to Paragraph 101, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 101, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 101 for a complete and accurate statement of their contents.

102.    Defendants deny the allegations of Paragraph 102, except that they respectfully refer the Court to the unidentified document referenced and quoted in Paragraph 102 for a complete and accurate statement of its contents.

103.    Defendants deny the allegations of Paragraph 103.

104.     To the extent that Paragraph 104 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 104, except that they respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 104 for a complete and accurate statement of their contents.

105.     In response to Paragraph 105, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 105, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 105 for a complete and accurate statement of their contents.

106.     In response to Paragraph 106, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 106, except that they respectfully refer the Court to the unidentified document referenced in Paragraph 106 for a complete and accurate statement of its contents.

107.     To the extent that Paragraph 107 concerns claims dismissed by the Order, no response is required.  To the extent that any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 107, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 107 for a complete and accurate statement of their contents.

108.    In response to Paragraph 108, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 108.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109, and therefore deny them, except that Defendants admit that (a) Wells Fargo produced documents to the HFSC in 2019 and (b) certain Wells Fargo personnel were interviewed by HFSC staff.  Defendants respectfully refer the Court to the HFSC reports for a complete and accurate statement of their contents.

110.    Defendants deny the allegations of Paragraph 110, except that they admit that HFSC staff interviewed Sarah Dahlgren, Karen Peetz, and Amanda Norton.

111.    Defendants deny the allegations of Paragraph 111, except that they respectfully refer the Court to the HFSC reports referenced in Paragraph 111 for a complete and accurate statement of their contents.

112.    Defendants deny the allegations of Paragraph 112, except that they respectfully refer the Court to the HFSC reports referenced in Paragraph 112 for a complete and accurate statement of their contents.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113, and therefore deny them.

114.    Defendants deny the allegations of Paragraph 114 that concern Wells Fargo's actions or inactions, state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements by others, and therefore deny them, and respectfully refer the Court to the HFSC reports referenced and quoted in Paragraph 114 for a complete and accurate statement of their contents.

115.    Defendants deny the allegations of Paragraph 115 that concern Wells Fargo's actions or inactions, state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements by others, and therefore deny them, and respectfully refer the Court to the HFSC reports referenced and quoted in Paragraph 115 for a complete and accurate statement of their contents.

116.    Defendants deny the allegations of Paragraph 116 that concern Wells Fargo's actions or inactions, state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements by others, and therefore deny them, and respectfully refer the Court to the HFSC reports referenced and quoted in Paragraph 116 for a complete and accurate statement of their contents.

117.    Defendants deny the allegations of Paragraph 117 that concern Wells Fargo's actions or inactions, except that they admit that Peetz previously was Chair of the Risk Committee of Wells Fargo's Board of Directors, and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements by others, and therefore deny them.  Defendants respectfully refer the court to the HFSC reports referenced and quoted in Paragraph 117 for a complete and accurate statement of their contents.

118.    Defendants deny the allegations of Paragraph 118 that concern Wells Fargo's actions or inactions, state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements by others, and therefore deny them, and respectfully refer the Court to the HFSC reports referenced and quoted in Paragraph 118 for a complete and accurate statement of their contents.

119.    Defendants deny the allegations of Paragraph 119 that concern Wells Fargo's actions or inactions, state that they lack knowledge or information sufficient to form a belief as to

the truth of the allegations concerning statements by others, and therefore deny them, and respectfully refer the Court to HFSC reports and other documents referenced and quoted in Paragraph 119 for a complete and accurate statement of their contents.

120.    Defendants deny the allegations of Paragraph 120, except that they respectfully refer the Court to the HFSC reports referenced and quoted in Paragraph 120 for a complete and accurate statement of their contents.

121.    Defendants deny the allegations of Paragraph 121, except that they respectfully refer the Court to the HFSC reports referenced in Paragraph 121 for a complete and accurate statement of their contents.

122.    Defendants deny the allegations of Paragraph 122, except that they respectfully refer the Court to the HFSC reports quoted and referenced in Paragraph 122 for a complete and accurate statement of their contents.

123.    Defendants deny the allegations of Paragraph 123, except that they respectfully refer the Court to the transcript of the March 12, 2019 hearing and the HFSC reports referenced and quoted in Paragraph 123 for a complete and accurate statement of their contents.

124.    Defendants deny the allegations of Paragraph 124, except that they respectfully refer the Court to the transcript of the March 12, 2019 hearing and the HFSC reports referenced and quoted in Paragraph 124 for a complete and accurate statement of their contents.

125.    Defendants deny the allegations of Paragraph 125, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 125 for a complete and accurate statement of their contents.

126.    Defendants deny the allegations of Paragraph 126, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 126 for a complete and accurate statement of their contents.

127.    Defendants deny the allegations of Paragraph 127, except that they admit that Scharf, Duke, and former Wells Fargo Director James Quigley testified before the HFSC in March 2020.

128.    Defendants deny the allegations of Paragraph 128, except that they admit that Duke and Quigley left the Wells Fargo Board of Directors in March 2020, state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements by others, and respectfully refer the Court to the document referenced and quoted in Paragraph 128 for a complete and accurate statement of its contents.

129.    Defendants deny the allegations of Paragraph 129, state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "[a]nalysts took note of," and respectfully refer the Court to the unidentified document referenced and quoted in Paragraph 129 for a complete and accurate statement of its contents.

130.    Defendants deny the allegations of Paragraph 130, except that they respectfully refer the Court to the hearing transcript referenced and quoted in Paragraph 130 for a complete and accurate statement of its contents.

131.    Defendants deny the allegations of Paragraph 131, except that they respectfully refer the Court to the hearing transcript referenced and quoted in Paragraph 131 for a complete and accurate statement of its contents.

132.    Defendants deny the allegations of Paragraph 132, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 132 for a complete and accurate statement of their contents.

133.    Defendants deny the allegations of Paragraph 133, except that they respectfully refer the Court to the hearing transcript referenced and quoted in Paragraph 133 for a complete and accurate statement of its contents.

134.    Defendants deny the allegations of Paragraph 134, except that they respectfully refer the Court to the hearing transcript referenced and quoted in Paragraph 134 for a complete and accurate statement of its contents.

135.    Defendants deny the allegations of Paragraph 135, except that they respectfully refer the Court to the hearing transcript referenced and quoted in Paragraph 135 for a complete and accurate statement of its contents.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136, and therefore deny them, except that they respectfully refer the Court to the document referenced and quoted in Paragraph 136 for a complete and accurate statement of its contents.

137.    Defendants deny the allegations of Paragraph 137, except that they respectfully refer the Court to Wells Fargo's Proxy Statement dated March 16, 2020 and other documents referenced and quoted in Paragraph 137 for a complete and accurate statement of their contents.

138.    Defendants deny the allegations of Paragraph 138.

139.    Defendants deny the allegations of Paragraph 139.

140.    Defendants deny the allegations of Paragraph 140, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning

J.P. Morgan Chase & Co., and therefore deny it. Defendants respectfully refer the Court to the documents referenced and quoted in Paragraph 140 for a complete and accurate statement of their contents.

141. Defendants deny the allegations of Paragraph 141, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 141 for a complete and accurate statement of their contents.

142. In response to Paragraph 142, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 142.

143. To the extent that Paragraph 143 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 143.

144. To the extent that Paragraph 144 concerns claims dismissed by the Order, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 144, except that they respectfully refer the Court to the transcript of the February 2, 2018 investor conference call referenced and quoted in Paragraph 144 for a complete and accurate statement of its contents.

145. To the extent that Paragraph 145 concerns claims dismissed by the Order, no response is required. To the extent that any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 145, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 145 for a complete and accurate statement of their contents.

146.    Defendants deny the allegations of Paragraph 146, except that they admit that Shrewsberry spoke during the May 30, 2018 Deutsche Bank Global Financial Services Conference.  Defendants respectfully refer the Court to the transcript of that conference referenced and quoted in Paragraph 146 for a complete and accurate statement of its contents.

147.    In response to Paragraph 147, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 147, except that they respectfully refer the Court to the transcript of the May 2018 Deutsche Bank Global Financial Services Conference and other documents referenced and quoted in Paragraph 147 for a complete and accurate statement of their contents.

148.    In response to Paragraph 148, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149, except that they admit that Shrewsberry spoke at the June 2018 Morgan Stanley Financials Conference.  Defendants respectfully refer the Court to the transcript of that conference referenced and quoted in Paragraph 149 for a complete and accurate statement of its contents.

150.    In response to Paragraph 150, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 150, except that they respectfully refer the Court to the transcript of the June 2018 Morgan Stanley Financials Conference and other documents referenced and quoted in Paragraph 150 for a complete and accurate statement of their contents.

151.    In response to Paragraph 151, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 151.

152.    Defendants deny the allegations of Paragraph 152, except that they respectfully refer the Court to the transcript of the June 2018 Morgan Stanley Financials Conference referenced and quoted in Paragraph 152 for a complete and accurate statement of its contents.

153.    In response to Paragraph 153, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 153, except that they respectfully refer the Court to the transcript of the June 2018 Morgan Stanley Financials Conference and other documents referenced and quoted in Paragraph 153 for a complete and accurate statement of their contents.

154.    Defendants deny the allegations of Paragraph 154, except that they admit that Sloan and Shrewsberry spoke during Wells Fargo's Q2 2018 earnings call.  Defendants respectfully refer the Court to the transcript of that call referenced and quoted in Paragraph 154 for a complete and accurate statement of its contents.

155.    In response to Paragraph 155, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 155, except that they respectfully refer the Court to the transcript of the Q2 2018 earnings call and other documents referenced and quoted in Paragraph 155 for a complete and accurate statement of their contents.

156.    In response to Paragraph 156, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from

disclosing. Defendants otherwise deny the allegations of Paragraph 156, except that they respectfully refer the Court to the transcript of the Q2 2018 earnings call and other documents referenced and quoted in Paragraph 156 for a complete and accurate statement of their contents.

157. Defendants deny the allegations of Paragraph 157, except that they admit that Sloan spoke during the December 2018 Goldman Sachs U.S. Financial Services Conference. Defendants respectfully refer the Court to the transcript of that conference referenced and quoted in Paragraph 157 for a complete and accurate statement of its contents.

158. In response to Paragraph 158, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 158, except that they respectfully refer the Court to the transcript of the December 2018 Goldman Sachs U.S. Financial Services Conference and other documents referenced and quoted in Paragraph 158 for a complete and accurate statement of their contents.

159. In response to Paragraph 159, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 159, except that they respectfully refer the Court to the documents referenced in Paragraph 159 for a complete and accurate statement of their contents.

160. In response to Paragraph 160, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 160, except that they respectfully refer the Court to the transcript of the December 2018 Goldman Sachs U.S. Financial

Services Conference and other documents referenced and quoted in Paragraph 160 for a complete and accurate statement of their contents.

161.    In response to Paragraph 161, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 161, except that they respectfully refer the Court to the documents referenced in Paragraph 161 for a complete and accurate statement of their contents.

162.    In response to Paragraph 162, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 162, except that they respectfully refer the Court to the transcript of the December 2018 Goldman Sachs U.S. Financial Services Conference and other documents referenced and quoted in Paragraph 162 for a complete and accurate statement of their contents.

163.    In response to Paragraph 163, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 163, except that they admit that Sloan appeared on CNBC's *Squawk on the Street* on December 4, 2018.    Defendants respectfully refer the Court to the transcript of Sloan's December 2018 CNBC appearance and other documents referenced and quoted in Paragraph 163 for a complete and accurate statement of their contents.

164.    In response to Paragraph 164, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 164, except that they

respectfully refer the Court to the documents referenced in Paragraph 164 for a complete and accurate statement of their contents.

165. In response to Paragraph 165, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 165, except that they respectfully refer the Court to the transcript of Sloan's December 2018 CNBC appearance and other documents referenced and quoted in Paragraph 165 for a complete and accurate statement of their contents.

166. Defendants deny the allegations of Paragraph 166, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 166 for a complete and accurate statement of their contents.

167. Defendants deny the allegations of Paragraph 167, except that they admit that Sloan and Shrewsberry spoke during Wells Fargo's Q4 2018 earnings call. Defendants respectfully refer the Court to the transcript of that call referenced and quoted in Paragraph 167 for a complete and accurate statement of its contents.

168. In response to Paragraph 168, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 168, except that they respectfully refer the Court to the transcript of the Q4 2018 earnings call and other documents referenced and quoted in Paragraph 168 for a complete and accurate statement of their contents.

169. In response to Paragraph 169, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 169, except that they

respectfully refer the Court to the documents referenced in Paragraph 169 for a complete and accurate statement of their contents.

170.    To the extent that Paragraph 170 concerns claims dismissed by the Order, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 170, except that they admit that Shrewsberry appeared on Bloomberg on January 15, 2019.  Defendants respectfully refer the Court to the transcript of that appearance referenced and quoted in Paragraph 170 for a complete and accurate statement of its contents.

171.    To the extent that Paragraph 171 concerns claims dismissed by the Order, no response is required.  To the extent that any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 171, except that they respectfully refer the Court to the transcript of Shrewsberry's January 15, 2019 appearance on Bloomberg Television's *What'd You Miss?* and other documents referenced and quoted in Paragraph 171 for a complete and accurate statement of their contents.

172.    To the extent that Paragraph 172 concerns claims dismissed by the Order, no response is required.  To the extent that any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 172, except that they respectfully refer the Court to the documents referenced in Paragraph 172 for a complete and accurate statement of their contents.

173.    Defendants deny the allegations of Paragraph 173, except that they admit that Shrewsberry spoke at the February 2019 Credit Suisse Financial Services Forum.  Defendants

respectfully refer the Court to the transcript of that forum quoted in Paragraph 173 for a complete and accurate statement of its contents.

174.    In response to Paragraph 174, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 174, except that they respectfully refer the Court to the transcript of the February 2019 Credit Suisse Financial Services Forum and other documents referenced and quoted in Paragraph 174 for a complete and accurate statement of their contents.

175.    In response to Paragraph 175, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 175, except that they respectfully refer the Court to the transcript of the February 2019 Credit Suisse Financial Services Forum and other documents referenced and quoted in Paragraph 175 for a complete and accurate statement of their contents.

176.    In response to Paragraph 176, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 176, except that they respectfully refer the Court to the documents referenced in Paragraph 176 for a complete and accurate statement of their contents.

177.    In response to Paragraph 177, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 177, except that they respectfully refer the Court to the transcript of the February 2019 Credit Suisse Financial Services

Forum and other documents referenced and quoted in Paragraph 177 for a complete and accurate statement of their contents.

178. Defendants deny the allegations of Paragraph 178, except that they admit that Sloan testified before the HFSC on March 12, 2019. Defendants respectfully refer the Court to the transcript of the March 12, 2019 hearing referenced and quoted in Paragraph 178 for a complete and accurate statement of its contents.

179. In response to Paragraph 179, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 179, except that they respectfully refer the Court to the transcript of the March 12, 2019 hearing and other documents referenced and quoted in Paragraph 179 for a complete and accurate statement of their contents.

180. In response to Paragraph 180, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 180, except that they respectfully refer the Court to the documents referenced in Paragraph 180 for a complete and accurate statement of their contents.

181. Defendants deny the allegations of Paragraph 181, except that they respectfully refer the Court to the document referenced and quoted in Paragraph 181 for a complete and accurate statement of its contents.

182. Defendants deny the allegations of Paragraph 182, except that they respectfully refer the Court to the transcript of the March 12, 2019 hearing referenced and quoted in Paragraph 182 for a complete and accurate statement of its contents.

183.    In response to Paragraph 183, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 183, except that they respectfully refer the Court to the transcript of the March 12, 2019 hearing and other documents referenced and quoted in Paragraph 183 for a complete and accurate statement of their contents.

184.    In response to Paragraph 184, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 184, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 184 for a complete and accurate statement of their contents.

185.    To the extent that Paragraph 185 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 185, except that they admit that Sloan provided written testimony to the HFSC in March 2019.  Defendants respectfully refer the Court to that written testimony referenced and quoted in Paragraph 185 for a complete and accurate statement of its contents.

186.    To the extent that Paragraph 186 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 186, except that they respectfully refer the Court to Sloan's written testimony submitted to the HFSC and other documents referenced and quoted in Paragraph 186 for a complete and accurate statement of their contents.

187.   To the extent that Paragraph 187 concerns claims dismissed by the Order, no response is required.   To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 187, except that they respectfully refer the Court to Sloan's written testimony submitted to the HFSC and other documents referenced and quoted in Paragraph 187 for a complete and accurate statement of their contents.

188.   To the extent that Paragraph 188 concerns claims dismissed by the Order, no response is required.   To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   To the extent any further response is required, Defendants deny the allegations of Paragraph 188, except that they respectfully refer the Court to the documents referenced in Paragraph 188 for a complete and accurate statement of their contents.

189.   To the extent that Paragraph 189 concerns claims dismissed by the Order, no response is required.   To the extent any response is required, Defendants deny the allegations of Paragraph 189, except that they admit that Parker spoke during Wells Fargo's Q1 2019 earnings call.   Defendants respectfully refer the Court to the transcript of that earnings call referenced and quoted in Paragraph 189 for a complete and accurate statement of its contents.

190.   To the extent that Paragraph 190 concerns claims dismissed by the Order, no response is required.   To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 190, except that they respectfully refer the Court to the transcript of the Q1 2019 earnings call and other

documents referenced and quoted in Paragraph 190 for a complete and accurate statement of their contents.

191.    To the extent that Paragraph 191 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 191, except that they respectfully refer the Court to the documents referenced in Paragraph 191 for a complete and accurate statement of their contents.

192.    To the extent that Paragraph 192 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 192, except that they respectfully refer the Court to the transcript of the Q1 2019 earnings call and other documents referenced and quoted in Paragraph 192 for a complete and accurate statement of their contents.

193.    To the extent that Paragraph 193 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 193, except that they respectfully refer the Court to the transcript of the Q1 2019 earnings call and other documents referenced and quoted in Paragraph 193 for a complete and accurate statement of their contents.

194.    To the extent that Paragraph 194 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 194, except that they respectfully refer the Court to the documents referenced in Paragraph 194 for a complete and accurate statement of their contents.

195.    To the extent that Paragraph 195 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 195, except that they admit that Shrewsberry appeared on CNBC's *First on CNBC* program on April 12, 2019.  Defendants respectfully refer the Court to the transcript of that program referenced and quoted in Paragraph 195 for a complete and accurate statement of its contents.

196.    To the extent that Paragraph 196 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 196, except that they respectfully refer the Court to the transcript of Shrewsberry's April 12, 2019 appearance on CNBC's *First on CNBC* and other documents referenced and quoted in Paragraph 196 for a complete and accurate statement of their contents.

197.    To the extent that Paragraph 197 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 197,

except that they respectfully refer the Court to the documents referenced in Paragraph 197 for a complete and accurate statement of their contents.

198.    Defendants deny the allegations of Paragraph 198, except that they admit that Parker spoke at the May 30, 2019 Sanford C. Bernstein Strategic Decisions Conference. Defendants respectfully refer the Court to the transcript of that conference referenced and quoted in Paragraph 182 for a complete and accurate statement of its contents.

199.    In response to Paragraph 199, Defendants state that their communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 199, except that they respectfully refer the Court to the transcript of the May 2019 Sanford C. Bernstein Strategic Decisions Conference and other documents referenced and quoted in Paragraph 199 for a complete and accurate statement of their contents.

200.    In response to Paragraph 200, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 200, except that they respectfully refer the Court to the documents referenced in Paragraph 200 for a complete and accurate statement of their contents.

201.    Defendants deny the allegations of Paragraph 201, except that they admit that Duke spoke on a conference call on September 27, 2019.  Defendants respectfully refer the Court to the transcript of that call referenced and quoted in Paragraph 201 for a complete and accurate statement of its contents.

202.    In response to Paragraph 202, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from

disclosing. Defendants otherwise deny the allegations of Paragraph 202, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 202 for a complete and accurate statement of their contents.

203.   In response to Paragraph 203, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 203, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 203 for a complete and accurate statement of their contents.

204.   In response to Paragraph 204, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 204, except that they respectfully refer the Court to the documents referenced in Paragraph 204 for a complete and accurate statement of their contents.

205.   To the extent that Paragraph 205 concerns claims dismissed by the Order, no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 205, except that they admit that Parker spoke on Wells Fargo's Q3 2018 earnings call. Defendants respectfully refer the Court to the transcript of that call referenced and quoted in Paragraph 205 for a complete and accurate statement of its contents.

206.   To the extent that Paragraph 206 concerns claims dismissed by the Order, no response is required.  To the extent that any response is required, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 206,

except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 206 for a complete and accurate statement of their contents.

207.   To the extent that Paragraph 207 concerns claims dismissed by the Order, no response is required.   To the extent that any response is required, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 207, except that they respectfully refer the Court to the documents referenced in Paragraph 207 for a complete and accurate statement of their contents.

208.   Defendants deny the allegations of Paragraph 208, except that they admit that Shrewsberry spoke at the December 2019 Goldman Sachs U.S. Financial Services Conference. Defendants respectfully refer the Court to the transcript of that conference referenced and quoted in Paragraph 208 for a complete and accurate statement of its contents.

209.   In response to Paragraph 209, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 209, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 209 for a complete and accurate statement of their contents.

210.   In response to Paragraph 210, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 210, except that they respectfully refer the Court to the documents referenced in Paragraph 210 for a complete and accurate statement of their contents.

211.    To the extent that Paragraph 211 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 211.

212.    In response to Paragraph 212, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 212 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 212, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 212 for a complete and accurate statement of their contents.

213.    In response to Paragraph 213, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 213, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 213 for a complete and accurate statement of their contents.

214.    In response to Paragraph 214, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 214 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 214, except that they respectfully refer the Court to the documents referenced in Paragraph 214 for a complete and accurate statement of their contents.

215.    In response to Paragraph 215, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 215, except that they

respectfully refer the Court to the documents referenced and quoted in Paragraph 215 for a complete and accurate statement of their contents.

216.    In response to Paragraph 216, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.   Defendants otherwise deny the allegations of Paragraph 216, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 216 for a complete and accurate statement of their contents.

217.    In response to Paragraph 217, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 217 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 217.

218.    In response to Paragraph 218, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 218 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 218.

219.    In response to Paragraph 219, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 219 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 219.

220.    In response to Paragraph 220, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 220 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 220.

221.    Defendants deny the allegations of Paragraph 221.

222.    Defendants deny the allegations of Paragraph 222, except that they respectfully refer the Court to the HFSC reports referenced and quoted in Paragraph 222 for a complete and accurate statement of their contents.

223.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223, and therefore deny them.

224.    To the extent that Paragraph 224 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 224, except that Defendants respectfully refer the Court to the documents referenced and quoted in Paragraph 224 for a complete and accurate statement of their contents.

225.    To the extent that Paragraph 225 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 225, except that Defendants respectfully refer the Court to the document or documents referenced and quoted in Paragraph 225 for a complete and accurate statement of their contents.

226.    In response to Paragraph 226, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 226 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 226, except that Defendants respectfully refer the Court to the testimony referenced and quoted in Paragraph 226 for a complete and accurate statement of its contents.

227.    To the extent that Paragraph 227 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 227.

228.    Defendants deny the allegations of Paragraph 228, except that they respectfully refer the Court to Wells Fargo's Proxy Statement dated March 16, 2020 referenced and quoted in Paragraph 228 for a complete and accurate statement of its contents.

229.    Defendants deny the allegations of Paragraph 229, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 229 for a complete and accurate statement of their contents.

230.    To the extent that Paragraph 230 concerns claims dismissed by the Order, no response is required.    To the extent that any response is required, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.    Defendants otherwise deny the allegations of Paragraph 230, except that they admit that Wells Fargo issued a press release and held a conference call on February 2, 2018.    Defendants respectfully refer the Court to the documents referenced and quoted in Paragraph 230 for a complete and accurate statement of their contents.

231.    Defendants deny the allegations of Paragraph 231, except that they respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 231 for a complete and accurate statement of their contents.

232.    Defendants deny the allegations of Paragraph 232, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 232 for a complete and accurate statement of their contents.

233.    Defendants deny the allegations of Paragraph 233, except that they respectfully refer the Court to the document or documents referenced and quoted in Paragraph 233 for a complete and accurate statement of their contents.

234.    Defendants deny the allegations of Paragraph 234, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 234 for a complete and accurate statement of their contents.

235.    Defendants deny the allegations of Paragraph 235, except that they admit that Duke previously served as Chairwoman of Wells Fargo's Board of Directors and served on the Board's Risk Committee.  Defendants respectfully refer the Court to the testimony referenced and quoted in Paragraph 235 for a complete and accurate statement of its contents.

236.    To the extent that Paragraph 236 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 236, except that they respectfully refer the Court to the testimony referenced and quoted in Paragraph 236 for a complete and accurate statement of its contents.

237.    To the extent that Paragraph 237 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 237.

238.    Defendants deny the allegations of Paragraph 238, except that they admit that Wells Fargo held an earnings call on January 15, 2019.  Defendants respectfully refer the Court to the transcript of the January 15, 2019 earnings call referenced and quoted in Paragraph 238 for a complete and accurate statement of its contents.

239.    Defendants deny the allegations of Paragraph 239, except that they lack knowledge or information sufficient to form a belief as to the allegation that "*Bloomberg* immediately tied Defendant Sloan's comments to the stock slide in an article," and therefore deny it.

240.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 240, and therefore deny them.

241.    In response to Paragraph 241, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  Defendants otherwise deny the allegations of Paragraph 241, except that they respectfully refer the Court to the unidentified documents referenced and quoted in Paragraph 241 for a complete and accurate statement of their contents.

242.    To the extent that Paragraph 242 concerns claims dismissed by the Order, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 242, except that they respectfully refer the Court to the transcript of Shrewsberry's January 15, 2019 appearance on Bloomberg Television's *What'd You Miss?* referenced and quoted in Paragraph 242 for a complete and accurate statement of its contents.

243.    Defendants deny the allegations of Paragraph 243, except that they respectfully refer the Court to the transcript of the testimony referenced and quoted in Paragraph 243 for a complete and accurate statement of its contents.

244.    To the extent that Paragraph 244 concerns claims dismissed by the Order, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 244, except that they respectfully refer the Court to the documents referenced and quoted and referenced in Paragraph 244 for a complete and accurate statement of their contents.

245.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 245, and therefore deny them.

246.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 246, and therefore deny them.

247.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 247, and therefore deny them, except that they respectfully refer

the Court to the documents referenced and quoted in Paragraph 247 for a complete and accurate statement of their contents.

248. To the extent that Paragraph 248 concerns claims dismissed by the Order, no response is required. To the extent any response is required, Defendants deny the allegations of Paragraph 248, except that they admit that Wells Fargo held an earnings call on April 12, 2019, and respectfully refer the Court to the transcript of that call referenced and quoted in Paragraph 248 for a complete and accurate statement of its contents.

249. Defendants deny the allegations of Paragraph 249, except that they admit that Wells Fargo held a conference call on September 27, 2019, and respectfully refer the Court to the transcript of the September 27, 2019 call referenced and quoted in Paragraph 249 for a complete and accurate statement of its contents.

250. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 250, and therefore deny them.

251. Defendants deny the allegations of Paragraph 251, except that they admit that Wells Fargo held an earnings call on January 14, 2020, and respectfully refer the Court to the transcript of that call referenced and quoted in Paragraph 251 for a complete and accurate statement of its contents.

252. Defendants deny the allegations of Paragraph 252, except that they admit that Wells Fargo held an earnings call on January 14, 2020, and respectfully refer the Court to the transcript of that call referenced and quoted in Paragraph 252 for a complete and accurate statement of its contents.

253. Defendants deny the allegations of Paragraph 253, except they respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 253 for a complete and accurate statement of their contents.

254. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 254, and therefore deny them.

255. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 255, and therefore deny them, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 255 for a complete and accurate statement of their contents.

256. In response to Paragraph 256, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing. Defendants otherwise deny the allegations of Paragraph 256, except that they respectfully refer the Court to the unidentified document or documents referenced and quoted in Paragraph 256 for a complete and accurate statement of their contents.

257. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 257, and therefore deny them, except that they respectfully refer the Court to the document referenced and quoted in Paragraph 257 for a complete and accurate statement of its contents.

258. Defendants deny the allegations of Paragraph 258, except that they respectfully refer the Court to the HFSC reports and other documents referenced in Paragraph 258 for a complete and accurate statement of their contents.

259. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 259, and therefore deny them, except that they respectfully refer

the Court to the letter referenced in Paragraph 259 for a complete and accurate statement of its contents.

260.    Defendants deny the allegations of Paragraph 260, except that they respectfully refer the Court to the testimony referenced and quoted in Paragraph 260 for a complete and accurate statement of its contents.

261.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 261, and therefore deny them, except that they respectfully refer the Court to the documents referenced and quoted in Paragraph 261 for a complete and accurate statement of their contents.

262.    Defendants deny the allegations of Paragraph 262.

263.    To the extent that Paragraph 263 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 263.

264.    To the extent that Paragraph 264 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 264.

265.    To the extent that Paragraph 265 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 265.

266.    In response to Paragraph 266, Defendants state that communications with the Regulators may constitute confidential supervisory information that they are prohibited from disclosing.  To the extent that Paragraph 266 states legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 266.

267.    To the extent that Paragraph 267 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 267.

268. To the extent that Paragraph 268 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 268, except that they admit that (a) Wells Fargo's common stock is traded on the NYSE, (b) Wells Fargo filed periodic reports with the SEC, and (c) Wells Fargo periodically communicated with investors through various means.

269. To the extent that Paragraph 269 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 269.

270. To the extent that Paragraph 270 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 270, except that they admit that Plaintiffs have brought this action on behalf of a putative class.

271. To the extent that Paragraph 271 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 271, except that they admit that Wells Fargo's common stock is traded on the NYSE.

272. To the extent that Paragraph 272 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 272.

273. To the extent that Paragraph 273 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 273.

274. To the extent that Paragraph 274 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 274.

275. To the extent that Paragraph 275 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 275.

276. Paragraph 276 contains no allegations and therefore requires no response.

277. To the extent that Paragraph 277 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 277.

278. To the extent that Paragraph 278 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 278.

279. To the extent that Paragraph 279 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 279.

280. To the extent that Paragraph 280 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 280.

281. To the extent that Paragraph 281 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 281.

282. To the extent that Paragraph 282 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 282.

283. To the extent that Paragraph 283 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 283.

284. To the extent that Paragraph 284 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 284.

285. To the extent that Paragraph 285 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 285.

286. To the extent that Paragraph 286 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 286.

287. To the extent that Paragraph 287 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 287.

288.    To the extent that Paragraph 288 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 288.

289.    Paragraph 289 contains no allegations and therefore requires no response.

290.    To the extent that Paragraph 290 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 290.

291.    To the extent that Paragraph 291 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 291.

292.    To the extent that Paragraph 292 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 292.

293.    To the extent that Paragraph 293 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 293.

294.    To the extent that Paragraph 294 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 294.

295.    To the extent that Paragraph 295 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 295.

296.    To the extent that Paragraph 296 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 296.

297.    To the extent that Paragraph 297 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 297.

298.    To the extent that Paragraph 298 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 298.

299.    To the extent that Paragraph 299 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 299.

300.    To the extent that Paragraph 300 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 300.

301.    To the extent that Paragraph 301 concerns claims dismissed by the Order or legal conclusions, no response is required.  To the extent that any response is required, Defendants deny the allegations of Paragraph 301.

302.    To the extent that Paragraph 302 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 302.

303.    To the extent that Paragraph 303 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 303.

304.    To the extent that Paragraph 304 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 304.

305.    To the extent that Paragraph 305 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 305.

306.    To the extent that Paragraph 306 states legal conclusions, no response is required. To the extent that any response is required, Defendants deny the allegations of Paragraph 306.

307.    Plaintiffs' Complaint contains an unnumbered paragraph with subparts A through E containing a prayer for relief, to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief in this action.

308.    Plaintiffs' Complaint contains an unnumbered paragraph containing Plaintiffs' jury demand, to which no response is required.

## AFFIRMATIVE DEFENSES

As separate defenses to the Complaint and the causes of actions asserted against Defendants therein (the "Causes of Action"), and without assuming the burden of proof on matters

as to which they have no such burden, Defendants state as follows:

## FIRST DEFENSE

## (Failure to State a Cause of Action Upon Which Relief May Be Granted)

The Complaint and the Causes of Action asserted therein fail to state facts sufficient to constitute a cause of action against Defendants.

## SECOND DEFENSE

## (No Causation)

Plaintiffs and putative class members are not entitled to any recovery because no act or omission attributed to Defendants in the Complaint was the actual or proximate cause of any injury suffered by Plaintiffs or putative class members.

## THIRD DEFENSE

## (No False or Misleading Statements of Material Fact or Omissions)

Plaintiffs and putative class members are not entitled to any recovery because Defendants did not make any untrue statement of material fact, and did not omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## FOURTH DEFENSE

## (Lack of Scienter)

Defendants lacked the requisite scienter, including specific intent to deceive, and/or willfulness, necessary to establish violations of the securities laws.

## FIFTH DEFENSE

## (Good Faith)

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Defendants acted in good faith and with due care, including reasonably relying upon the advice of

others.

## SIXTH DEFENSE

### (Lack of Knowledge Regarding Omission)

Defendants did not know, and in the exercise of reasonable care could not have known, that any statement made by Defendants contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

## SEVENTH DEFENSE

### (No Reliance)

Plaintiffs' and putative class members' claims are barred in whole or in part because Plaintiffs and putative class members did not and could not have reasonably and/or justifiably relied on the alleged misstatements or omissions alleged in the Complaint.

## EIGHTH DEFENSE

### (Lead Plaintiffs Improper under Rule 23)

Plaintiffs' claims are improperly brought, and cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## NINTH DEFENSE

### (Lack of Standing)

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs and putative class members lack standing to pursue some or all of their claims against Defendants.

## TENTH DEFENSE

### (No Duty)

Plaintiffs' and putative class members' claims are barred in whole or in part because Defendants neither owed nor breached any duty to Plaintiffs or putative class members to disclose information allegedly omitted from any statement alleged in the Complaint, and had no duty to verify, opine upon, audit, review, or correct such information.

## ELEVENTH DEFENSE

### (Immateriality)

Plaintiffs' and putative class members' claims are barred in whole or in part because the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decisions of a reasonable investor.

## TWELFTH DEFENSE

### (Non-Actionable Statements)

Plaintiffs' and putative class members' claims are barred in whole or in part because the alleged misstatements are non-actionable statements that contain expressions of opinion that were truly held at the time they were made.

## THIRTEENTH DEFENSE

### (Cautionary Language)

Defendants are not liable to Plaintiffs or putative class members because any alleged misstatements by the Defendants contained sufficient cautionary language and risk disclosure.

## FOURTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' and putative class members' claims are barred in whole or in part because

Plaintiffs and putative class members failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

## FIFTEENTH DEFENSE

### (Equitable Defenses)

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of laches, equitable estoppel, waiver, or other equitable defenses.

## SIXTEENTH DEFENSE

### (Class Not Ascertainable)

This action cannot be maintained as a class action because the class is not ascertainable.

## SEVENTEENTH DEFENSE

### (Class Lacks Commonality)

This action cannot be maintained as a class action because Lead Plaintiffs cannot satisfy the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTEENTH DEFENSE

### (Individual Issues Predominate)

This action cannot be maintained as a class action because individual issues predominate over issues common to the putative class.

## NINETEENTH DEFENSE

### (Class Conflict)

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

## TWENTIETH DEFENSE

### (Superiority Not Satisfied)

This action cannot be maintained as a class action because a class action is not a superior means of adjudication.

## TWENTY-FIRST DEFENSE

### (Overly Broad Class Period)

The putative class period is overly broad and, therefore, many, if not all, of the putative class members are not entitled to any recovery.

## TWENTY-SECOND DEFENSE

### (No Damages)

Plaintiffs' and putative class members' claims are barred in whole or in part because they have suffered no damages as a result of any matters referred to in the Complaint and to the extent that their damages, if any, are speculative, and/or to the extent that it is impossible to ascertain their alleged damages.

## TWENTY-THIRD DEFENSE

### (Non-Entitlement to Fees)

Plaintiffs and putative class members are not entitled to attorney's fees or expert fees as a matter of law.

## TWENTY-FOURTH DEFENSE

### (No Loss Causation)

Plaintiffs' and putative class members' claims are barred in whole or part because of the lack of loss causation.  Any damages or injuries allegedly suffered by Plaintiffs or putative class members were not legally caused by any act or omission by Defendants.

## TWENTY-FIFTH DEFENSE

### (No Control Person Liability)

Defendants are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and/or they did not directly or indirectly induce, or culpably participate in, any of the alleged acts that supposedly violated the Exchange Act.

## TWENTY-SIXTH DEFENSE

### (Reservation of Rights)

Defendants reserve the right to raise any additional defenses, counterclaims, cross claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation, and will amend or modify its answer accordingly.  Defendants further reserve the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

## PRAYER FOR RELIEF

Based upon the foregoing, Defendants pray that this Court deny any relief or request for judgment on behalf of Plaintiffs or putative class members, and dismiss this Action against Defendants in its entirety, with prejudice and without further leave to amend.  Defendants also pray for such other and further relief as may be appropriate or that the Court deems just and proper.

Dated:    New York, New York
          November 15, 2021

Respectfully submitted,

/s/ Richard C. Pepperman II
Richard C. Pepperman II
Leonid Traps
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
peppermanr@sullcrom.com
trapsl@sullcrom.com

Christopher Michael Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330
viapianoc@sullcrom.com

*Counsel for Defendants Wells Fargo &*
*Company, John R. Shrewsberry, C. Allen*
*Parker, and Elizabeth Duke*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Answer has been served by electronic CM/ECF filing, which will send notification of such filing to all counsel of record, on this 15th day of November, 2021.

/s/ Richard C. Pepperman II
Richard C. Pepperman II