**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |
|---|
| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION |

Case No. 1:20-cv-04494-GHW

**DEFENDANT TIMOTHY J. SLOAN'S ANSWER TO CONSOLIDATED**
**AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Defendant Timothy J. Sloan answers the Consolidated Amended Complaint

("Complaint") filed by Lead Plaintiffs by generally denying all allegations except those

specifically admitted below.

**ANSWER**

1.      Defendant denies the allegations of this paragraph.

2.      Defendant admits that on or about February 2, 2018, the Federal Reserve issued a

consent order against Wells Fargo, the content of which speaks for itself.  Defendant further

admits that on or about April 20, 2018, the CFPB and OCC issued consent orders against Wells

Fargo, the contents of which speak for themselves.  Defendant otherwise denies the allegations

of this paragraph.

3.      Defendant denies the allegations of this paragraph, except that he respectfully

refers the Court to the consent orders referenced in this paragraph for a complete and accurate

statement of their contents.

4.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations

of this paragraph.

5.      Defendant admits that on or about March 12, 2019, he gave testimony to the

House Financial Services Committee, the content of which speaks for itself.  Defendant

1

otherwise denies the allegations of this paragraph, except he respectfully refers the Court to the unidentified document or documents referenced in this paragraph for a complete and accurate statement of their contents.

6.     Defendant denies the allegations of this paragraph, except he respectfully refers the Court to the unidentified document or documents referenced in this paragraph for a complete and accurate statement of their contents.

7.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except he respectfully refers the Court to the documents or documents referenced in this paragraph for a complete and accurate statement of their contents.

8.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last two sentences of this paragraph and on that basis, Defendant denies those allegations. Defendant denies the remainder of the allegations of this paragraph.

9.     Defendant denies the allegations of this paragraph, except he respectfully refers the Court to the unidentified documents referenced in this paragraph for a complete and accurate statement of their contents.

10.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant admits that on or about March 28, 2019, he resigned as CEO of Wells Fargo.  Defendant further admits that on or about March 9, 2020, Defendant Quigley and Defendant Duke resigned as members of Wells Fargo's Board of Directors.  Defendant further admits that on or about March 16, 2020, Wells Fargo issued a Proxy Statement in which it stated that the Human Resources Committee of Wells Fargo's Board of Directors cancelled a Performance Share award in the amount of $15 million previously granted to Defendant.  Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis, Defendant denies those allegations

11.    Defendant admits that on or about March 4, 2020, both the majority and minority members of the House Financial Services Committee released reports regarding Wells Fargo's response to the 2018 consent orders, the contents of which speak for themselves.  Defendant otherwise denies the allegations of this paragraph.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant denies the remainder of the allegations of this paragraph.

13.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

14.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

15.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

20.     This paragraph contains only descriptive information, which Defendant does not construe as actionable allegations requiring a response. To the extent that any information is construed as an allegation requiring a response, Defendant denies the allegations of this paragraph.

21.     Defendant admits that Wells Fargo common stock is listed on the New York Stock Exchange under the ticker "WFC." Defendant otherwise denies the allegations of this paragraph.

22.     Defendant admits that he was Wells Fargo's CEO and President from October 2016 to March 2019. Defendant further admits that he previously served as Wells Fargo's Chief Financial Officer and Chief Operating Officer. Defendant further admits that he was at times a Director on Wells Fargo's Board of Directors and a member of the Wells Fargo Operating Committee. Defendant further admits that on or about March 16, 2020, Wells Fargo issued a Proxy Statement, the content of which speaks for itself. Defendant otherwise denies the allegations of this paragraph.

23.     Defendant admits that John Shrewsberry was Wells Fargo's Chief Financial Officer from May 2014 to July 2020. Defendant further admits that Shrewsberry was at times a member of the Wells Fargo Operating Committee. Defendant further admits that Shrewsberry, at the time the Complaint was filed, had announced that he would retire from Wells Fargo. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and on that basis, Defendant denies those allegations. Defendant otherwise denies the allegations of this paragraph.

24.     Defendant admits that Scharf was named Wells Fargo's Chief Executive Officer and President in October 2019 and presently holds those positions. Defendant further admits that since October 2019, Scharf has been a Director on Wells Fargo's Board of Directors and a

member of the Wells Fargo Operating Committee.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant otherwise denies the allegations of this paragraph.

25.    Defendant admits that Parker was Wells Fargo's General Counsel from March 2017 to March 2019 and again from October 2019 to March 2020.  Defendant further admits that Parker served as interim Chief Executive Officer of Wells Fargo and a Director on Wells Fargo's Board of Directors from March 2019 to October 2019.  Defendant further admits that Parker was a member of the Wells Fargo Operating Committee from March 2017 to March 2020.  Defendant further admits that Parker retired from Wells Fargo in March 2020.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant otherwise denies the allegations of this paragraph.

26.    Defendant admits that Duke was a Director on Wells Fargo's Board of Directors from January 2015 to March 2020 and served as Chairwomen of the Board from January 2018 to March 2020.  Defendant further admits that Duke served on the Board's Risk Committee from March 2015 to March 2019.  Defendant further admits that Wells Fargo has issued Corporate Governance Guidelines, the contents of which speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant otherwise denies the allegations of this paragraph.

27.    Defendant denies the allegations of this paragraph.

28.    This paragraph contains only descriptive information, which Defendant does not construe as actionable allegations requiring a response.  To the extent that any information is construed as an allegation requiring a response, Defendant denies the allegations of this paragraph.

29.    Defendant admits that Wells Fargo & Co.'s subsidiary, Wells Fargo Bank N.A., is

a nationally chartered bank subject to applicable laws.  Defendant otherwise denies the allegations of this paragraph.

30.    Defendant admits that Wells Fargo is regulated by the Federal Reserve, the OCC, and the CFPB.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant otherwise denies the allegations of this paragraph.

31.    The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent that such a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

32.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

33.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

34.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

35.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

36.    Defendant denies the allegations of this paragraph.

37.     Defendant admits that in September 2016, Wells Fargo entered into consent orders with the OCC and CFPB, the contents of which speak for themselves.  Defendant otherwise denies the allegations of this paragraph.

38.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate statement of their contents.

39.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

40.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate statement of their contents.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and last sentences of this paragraph and on that basis, Defendant denies those allegations.  Defendant admits that on or about September 8, 2016, *The New York Times* published an article titled "Wells Fargo Fined $185 Million for Fraudulently Opening Accounts," the content of which speaks for itself.  Defendant otherwise denies the allegations of this paragraph.

42.     Defendant denies the allegations of this paragraph.

43.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant admits that on or about February 2, 2018, the Federal Reserve issued a consent order against Wells Fargo, the content of which speaks for itself.  Defendant otherwise denies the allegations of this paragraph.

44.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the press release referenced in this paragraph for a complete and accurate statement of its contents.

45.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the news articles referenced in this paragraph for a complete and accurate statement of their contents.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

47.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

48.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

49.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

50.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

51.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

53.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant admits that he, Duke, and the remaining members of Wells Fargo's Board of Directors on

8

February 2, 2018 were signatories to the 2018 Federal Reserve consent order.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the letters referenced in this paragraph for a complete and accurate statement of its contents.

54.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

55.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order and other unidentified document referenced in this paragraph for a complete and accurate statement of their contents.

56.    Defendant denies the allegations of this paragraph.

57.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the reports referenced in this paragraph for a complete and accurate statement of their contents.

58.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the news reports referenced in this paragraph for a complete and accurate statement of their contents.

59.    Defendant admits that on or about April 20, 2018, the CFPB and OCC issued consent orders against Wells Fargo, the contents of which speak for themselves.  Defendant otherwise denies the allegations of this paragraph.

60.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate statement of their contents.

61.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate

9

statement of their contents.

62.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate statement of their contents.

63.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate statement of their contents.

64.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate statement of their contents.

65.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the consent orders referenced in this paragraph for a complete and accurate statement of their contents.

66.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant admits that written testimony was submitted in connection with his testimony to the House Financial Services Committee on or about March 12, 2019, the content of which speaks for itself.  Defendant otherwise denies the allegations of this paragraph.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant admits that he made various remarks to investors during the Class Period regarding the 2018 consent orders, the contents of which speak for themselves. Defendant otherwise denies the allegations of this paragraph.

68.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph,

10

except that he respectfully refers the Court to the unidentified document or documents referenced in this paragraph for a complete and accurate statement of their contents.

69.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the consent order referenced in this paragraph for a complete and accurate statement of its contents.

70.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

71.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the letter referenced in this paragraph for a complete and accurate statement of its contents.

72.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

73.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

74.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

75.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

76.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the statements referenced in this paragraph for a complete and accurate statement of their contents.

77.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

78.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the statements referenced in this paragraph for a complete and accurate statement of their contents.

79.     Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

80.	Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

81.	Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

82.	Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

83.	Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

84.	Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their

contents.

85.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

86.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the statements referenced in this paragraph for a complete and accurate statement of their contents.

87.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

88.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the statements referenced in this paragraph for a complete and accurate statement of their contents.

89.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents and statements referenced in this paragraph for a complete and accurate statement of their contents.

90.     Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

91.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

92.    Defendant admits that on or about March 12, 2019, he gave testimony to the House Financial Services Committee, the content of which speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and on that basis, Defendant denies those allegations, except that he respectfully refers the Court to the document referenced in this paragraph for a complete and accurate statement of its contents.

93.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the letter referenced in this paragraph for a complete and accurate statement of its contents.

94.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the letter referenced in this paragraph for a complete and accurate statement of its contents.

95.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise admits that on or about March 12, 2019, he gave testimony to the House Financial Services Committee, the content of which speaks for itself.  Defendant otherwise denies the

allegations of this paragraph.

96.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

97.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents and statements referenced in this paragraph for a complete and accurate statement of their contents.

98.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

99.     Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the document referenced in this paragraph for a complete and accurate statement of its contents.

100.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents or statements referenced in this paragraph for a complete and accurate statement of their contents.

101.    Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

102.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents or statements referenced in this paragraph for a complete and accurate statement of their contents.

103.    Defendant denies the allegations of this paragraph.

104.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents or statements referenced in this paragraph for a complete and accurate statement of their contents.

105.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that cannot be disclosed.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

106.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that cannot be disclosed.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the document referenced in this paragraph for a complete and accurate statement of its contents.

107.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that cannot be disclosed.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he

17

respectfully refers the Court to the document referenced in this paragraph for a complete and accurate statement of its contents.

108. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph.

109. Defendant admits that on or about March 4, 2020, both the majority and minority members of the House Financial Services Committee released reports regarding Wells Fargo's response to the 2018 consent orders, the contents of which speak for themselves. Defendant otherwise denies the allegations of this paragraph.

110. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

111. Defendant admits that on or about March 4, 2020, both the majority and minority members of the House Financial Services Committee released reports regarding Wells Fargo's response to the 2018 consent orders, the contents of which speak for themselves. Defendant otherwise denies the allegations of this paragraph.

112. Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the reports referenced in this paragraph for a complete and accurate statement of their contents.

113. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

114. Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

115. Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement

of its contents.

116.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

117.    Defendant admits that Peetz was previously Chair of the Risk Committee of Wells Fargo's Board of Directors.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

118.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

119.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

120.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the reports referenced in this paragraph for a complete and accurate statement of their contents.

121.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the reports referenced in this paragraph for a complete and accurate statement of their contents.

122.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

123.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the reports referenced in this paragraph for a complete and accurate statement of their contents.

124.    Defendant denies the allegations of this paragraph, except that he respectfully

refers the Court to the reports referenced in this paragraph for a complete and accurate statement of their contents.

125.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

126.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the report referenced in this paragraph for a complete and accurate statement of its contents.

127.    Defendant admits that Scharf, Duke, and Quigley testified before the House Financial Services Committee in March 2020.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the news report referenced in this paragraph for a complete and accurate statement of its contents.

128.    Defendant admits that Duke and Quigley left the Wells Fargo Board of Directors in March 2020.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the news report referenced in this paragraph for a complete and accurate statement of its contents.

129.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the unidentified document referenced in this paragraph for a complete and accurate statement of its contents.

130.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the hearing transcript referenced in this paragraph for a complete and accurate statement of its contents.

131.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the hearing transcript referenced in this paragraph for a complete and accurate statement of its contents.

132.    Defendant denies the allegations of this paragraph, except that he respectfully

refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

133.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the hearing transcript referenced in this paragraph for a complete and accurate statement of its contents.

134.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the hearing transcript referenced in this paragraph for a complete and accurate statement of its contents.

135.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the hearing transcript referenced in this paragraph for a complete and accurate statement of its contents.

136.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the news report referenced in this paragraph for a complete and accurate statement of its contents.

137.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the Wells Fargo's Proxy Statement dated March 16, 2020 and news report referenced in this paragraph for a complete and accurate statement of their contents.

138.    Defendant denies the allegations of this paragraph.

139.    Defendant denies the allegations of this paragraph.

140.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in final sentence of this paragraph and on that basis, Defendant denies those allegations.  Defendant denies the remainder of the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

141.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations

of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

142. Defendant denies the allegations of this paragraph.

143. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

144. To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

145. To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

146. Defendant admits that Shrewsberry spoke during the May 30, 2018 Deutsche Bank Global Financial Services Conference, and respectfully refers the Court to the transcript of that conference referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

147. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

148. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant

otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

149.    Defendant admits that Shrewsberry spoke during the June 2018 Morgan Stanley Financials Conference, and respectfully refers the Court to the transcript of that conference referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

150.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

151.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

152.    Defendant denies the allegations of this paragraph, except he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

153.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

154.    Defendant admits that he and Shrewsberry spoke during Wells Fargo's Q2 2018 earnings call, and respectfully refers the Court to the transcript of that call referenced in this

paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

155. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

156. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

157. Defendant admits that he spoke during the December 2018 Goldman Sachs U.S. Financial Services Conference, and respectfully refers the Court to the transcript of that conference referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

158. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

159. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

160. Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

161. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

162. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

163. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant admits that he appeared on CNBC's *Squawk on the Street* on December 4, 2018, and he respectfully refers the Court to the transcript of his appearance referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

164. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

165. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant

otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

166. Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

167. Defendant admits that he and Shrewsberry spoke during Wells Fargo's Q4 2018 earnings call, and he respectfully refers the Court to the transcript of that call referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

168. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

169. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

170. To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant admits that Shrewsberry appeared on Bloomberg on January 15, 2019, and he respectfully refers the Court to the transcript of the appearance referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

171. To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant states that

communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

172. To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

173. Defendant admits that Shrewsberry spoke at the February 2019 Credit Suisse Financial Services Forum, and he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

174. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

175. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

176. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to

27

the documents referenced in this paragraph for a complete and accurate statement of their contents.

177.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

178.    Defendant admits that on or about March 12, 2019, he gave testimony to the House Financial Services Committee, the content of which speaks for itself.  Defendant otherwise denies the allegations of this paragraph.

179.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

180.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

181.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

182.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

183.    Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

184.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

185.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant admits that written testimony was submitted in connection with his testimony to the House Financial Services Committee on or about March 12, 2019, the content of which speaks for itself. Defendant otherwise denies the allegations of this paragraph.

186.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

187.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

188.    To the extent that this paragraph concerns claims dismissed by the Court, no

response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

189.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant admits that Parker spoke during Wells Fargo's Q1 2019 earnings call, and he respectfully refers the Court to the transcript of that call referenced in this paragraph for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

190.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

191.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

192.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this

paragraph for a complete and accurate statement of their contents.

193.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

194.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

195.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant admits that Shrewsberry appeared on CNBC's *First on CNBC* program on April 12, 2019, and he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

196.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

197.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory

information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

198.   Defendant admits that Parker spoke at the May 30, 2019 Sanford C. Bernstein Strategic Decisions Conference, and he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

199.   Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

200.   Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

201.   Defendant admits that Duke spoke on a conference call on September 27, 2019, and he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

202.   Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

203.   Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

204.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

205.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant admits that Parker spoke on Wells Fargo's Q3 2018 earnings call, and he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents. Defendant otherwise denies the allegations of this paragraph.

206.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

207.    To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

208.    Defendant admits that Shrewsberry spoke at the December 2019 Goldman Sachs

33

U.S. Financial Services Conference, and he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

209.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

210.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

211.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

212.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

213.    Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

214. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

215. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

216. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

217. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

218. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

219. Defendant states that communications with Wells Fargo's regulators may

35

constitute confidential supervisory information that he is prohibited from disclosing. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

220. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

221. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

222. Defendant denies the allegations of this paragraph.

223. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

224. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

225. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

226. Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. To the extent the allegations contained in this paragraph are legal conclusions, no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph,

except that he respectfully refers the Court to the testimony referenced in this paragraph for a complete and accurate statement of its contents.

227.   The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

228.   Defendant admits that on or about March 16, 2020, Wells Fargo issued a Proxy Statement that addressed the cancellation of a $15 million Performance Share award previously granted to Defendant, the content of which speaks for itself.  Defendant otherwise denies the allegations of this paragraph.

229.   Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

230.   To the extent that this paragraph concerns claims dismissed by the Court, no response is required.  To the extent that any response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing.  Defendant otherwise admits that Wells Fargo issued a press release and held a conference call on February 2, 2018, and he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.  Defendant otherwise denies the allegations of this paragraph.

231.   Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

232.   Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

233.   Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate

37

statement of their contents.

234.     Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

235.     Defendant admits that Duke previously served as Chairwoman of Wells Fargo's Board of Directors and served on the Board's Risk Committee, and he respectfully refers the Court to the testimony referenced in this paragraph for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

236.     The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph, except he respectfully refers the Court to the testimony referenced in this paragraph for a complete and accurate statement of their contents.

237.     The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

238.     Defendant admits that he spoke on an earnings call on January 15, 2019, and he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.  Defendant otherwise denies the allegations of this paragraph.

239.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the news report referenced in this paragraph for a complete and accurate statement of its contents.

240.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

241.     Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

242. To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

243. Defendant admits that on or about March 12, 2019, he gave testimony to the House Financial Services Committee, the content of which speaks for itself. Defendant otherwise denies the allegations of this paragraph.

244. To the extent that this paragraph concerns claims dismissed by the Court, no response is required. To the extent that any response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

245. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

246. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

247. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

248. To the extent that this paragraph concerns claims dismissed by the Court, no

response is required.  To the extent that any response is required, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

249.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

250.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

251.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

252.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

253.    Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the transcript referenced in this paragraph for a complete and accurate statement of its contents.

254.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph.

255.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

256.    Defendant states that communications with Wells Fargo's regulators may

constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

257. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

258. Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

259. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the letter referenced in this paragraph for a complete and accurate statement of its contents.

260. Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the testimony referenced in this paragraph for a complete and accurate statement of its contents.

261. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

262. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis, Defendant denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

263. The allegations contained in this paragraph are legal conclusions to which no

response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

264. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

265. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

266. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant states that communications with Wells Fargo's regulators may constitute confidential supervisory information that he is prohibited from disclosing. Defendant otherwise denies the allegations of this paragraph, except that he respectfully refers the Court to the documents referenced in this paragraph for a complete and accurate statement of their contents.

267. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

268. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant admits that Wells Fargo's common stock is traded on the NYSE. Defendant further admits that Wells Fargo filed periodic reports with the SEC. Defendant further admits that Wells Fargo periodically communicated with investors through various means. Defendant otherwise denies the allegations of this paragraph.

269. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

270. The allegations contained in this paragraph are legal conclusions to which no

response is required. To the extent that such a response is required, Defendant admits that Plaintiffs brought this action on behalf of a putative class.  Defendant otherwise denies the allegations of this paragraph.

271.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant admits that Wells Fargo's common stock is traded on the NYSE.  Defendant otherwise denies the allegations of this paragraph.

272.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

273.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

274.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

275.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

276.    This paragraph contains only descriptive information, which Defendant does not construe as actionable allegations requiring a response. To the extent that any information is construed as an allegation requiring a response, Defendant denies the allegations of this paragraph.

277.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

278.    The allegations contained in this paragraph are legal conclusions to which no

response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

279.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

280.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

281.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

282.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

283.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

284.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

285.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

286.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

287.    The allegations contained in this paragraph are legal conclusions to which no

response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

288.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

289.    This paragraph contains only descriptive information, which Defendant does not construe as actionable allegations requiring a response. To the extent that any information is construed as an allegation requiring a response, Defendant denies the allegations of this paragraph.

290.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

291.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

292.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

293.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

294.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

295.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

296. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

297. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

298. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

299. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

300. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

301. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

302. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

303. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

304. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

305.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

306.    The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent that such a response is required, Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.  To the extent any of the defenses, in whole or in part, serve merely to negate an element of a cause of action, Defendant in no way seeks to relieve Plaintiffs of their burden of proof or persuasion on that element.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiffs' claims and those of the purported class are barred because the Complaint fails to state facts sufficient to constitute a cause of action.

The Complaint fails to state facts sufficient to constitute a cause of action in light of the specific denials set forth above, which Defendant incorporates herein by reference.

## SECOND AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiffs' claims and those of the purported class are barred in whole or in part because Plaintiffs lack standing to assert the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Materiality)

Plaintiffs' claims and those of the purported class are barred because none of the statements for which Defendants are allegedly responsible contains any material misstatements or omissions, considered either alone or in the context of the total mix of information available to investors.

47

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Scienter)

Plaintiffs' claims and those of the purported class are barred because Defendant did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentations or the fact of any alleged material omission.

## FIFTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

Plaintiffs' claims and those of the purported class are barred because Defendant had no duty of disclosure with respect to the alleged misrepresentations and omissions.

## SIXTH AFFIRMATIVE DEFENSE

### (Belief in Accuracy)

As to the purported misrepresentations and omissions of which Plaintiffs complain, Defendant, after reasonable investigation, had reasonable grounds to believe, and did believe, that the statements were true and that there was no omission of material fact required to be stated, or necessary to make the statements not misleading.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

As to the purported misrepresentations and omissions of which Plaintiffs complain, Defendant did not know of the purported inaccuracy of any of the misstatements and did not know of any material omissions from those statements, and could not have become aware of the alleged inaccuracy and/or omissions in the exercise of reasonable care.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Reliance)

Plaintiffs' claims and those of the purported class are barred because it cannot prove reliance on any alleged misrepresentation or omission.

//

//

48

## NINTH AFFIRMATIVE DEFENSE

### (No Loss Causation)

Plaintiffs' claims and those of the purported class are barred because they cannot show transaction or loss causation.

## TENTH AFFIRMATIVE DEFENSE

### (Direct or Proximate Causation)

Plaintiffs' claims and those of the purported class are barred because any loss allegedly incurred by Plaintiffs was not directly or proximately caused by any misstatement or omission alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Impact on Market Price)

Plaintiffs' claims and those of the purported class are barred in whole or in part because the purported misstatements or omissions alleged in the complaint did not affect the market price of Wells Fargo securities.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant is not liable for Plaintiffs' claims and those of the purported class because Defendant acted at all times in good faith, with reasonable care, and with due diligence in carrying out his responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions and did no unlawful act or thing directly or indirectly through or by means of any other person.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs' claims are barred because Plaintiffs are sophisticated, knowledgeable investors and therefore knew or should have known of the speculative nature and risks of their investment, which they voluntarily assumed but now improperly seek to shift to Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Sufficient Caution)

Plaintiffs' claims and those of the purported class are barred because Wells Fargo's and Defendant's public statements sufficiently "bespoke caution" by including express warnings and disclosures of risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Injury in Fact)

Plaintiffs' claims and those of the purported class are barred because Plaintiffs and the purported class have not suffered injury in fact from the conduct described in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor for Forward-Looking Statements)

Plaintiffs' claims and those of the purported class are barred because the alleged false and misleading statements are forward-looking and therefore protected by the safe harbor provision of the Reform Act, 15 U.S.C. § 78u-5(c)(1), (2).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Class Action)

This action is not maintainable as a class action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs are barred from seeking the relief requested by the Complaint by reason of Plaintiffs' failure to mitigate the damages allegedly suffered, if any such damages exist.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Control Person Liability)

Defendant is not subject to control person liability under Section 20(a) of the Exchange Act because he acted in good faith and/or he did not directly or indirectly induce, or culpably participate in, any of the alleged acts that supposedly violated the Exchange Act.

50

## TWENTIETH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiffs' claims and those of the putative class are barred, in whole or in part, by the doctrine of laches, equitable estoppel, waiver, or other equitable defenses.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Attorneys' and Experts' Fees Not Recoverable)

Plaintiffs and the purported class are precluded from recovering attorneys' fees or experts' fees under applicable provisions of law.

## RIGHTS RESERVED

Defendant reserves the right to allege other defenses as they become known during the course of discovery, and specifically reserves the right to amend his Answer to allege such defenses as they become known.

## PRAYER FOR RELIEF

1.    That Plaintiffs take nothing by their Complaint;

2.    That judgment be entered in favor of Defendant and that this action be dismissed with prejudice;

3.    That Defendant be awarded costs of suit, including attorney's fees, to the maximum extent allowable by law; and

4.    That Defendant be granted such further relief as this Court may deem just and proper.

 Dated:  November 15, 2021

                                                                CLARENCE DYER & COHEN LLP

                                                                By:        /s/
                                                                        Nanci L. Clarence
                                                                        Josh A. Cohen
                                                                        Adam F. Shearer

                                                                        *Counsel for Defendant Timothy J. Sloan*

51