USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/22/2021__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

No. 1:20-cv-04494-GHW

IN RE WELLS FARGO & COMPANY
SECURITIES LITIGATION

**STIPULATED**
**CONFIDENTIALITY**
**AGREEMENT AND**
**PROTECTIVE ORDER**

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each

individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of

Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive

information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored

confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents,

servants, employees, and attorneys, any other person in active concert or participation with any of

the foregoing, and all other persons with actual notice of this Order will adhere to the following

terms, upon pain of contempt:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or

disclosed in the course of discovery in this action) that a person has designated as "Confidential"

pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery

Material to anyone else except as expressly permitted hereunder:

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential material that it reasonably and in good faith believes contains or reflects:

(a)      previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company;

(c)      previously non-disclosed business plans, product-development information, marketing plans, trade secrets, or competitively sensitive information;

(d)      any information of a personal or intimate nature regarding any individual;

(e)      any information for which applicable federal, state, or foreign law requires confidential treatment; or

(f)      any other category of information given confidential status by this Court after the date of this Order.

3.      With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate each document as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document in a manner that will not interfere with legibility or audibility.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:  (a) indicating on the record

during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the final transcript of such deposition is made available to the Parties and the testifying witness, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  All Parties will treat the entire deposition transcript as if it had been designated Confidential until 30 days after the final transcript of such deposition is made available to the Parties and the testifying witness.

5.      If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

6.      Nothing contained in this Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; however, such persons will not be permitted to keep any Confidential Discovery Material shown, unless otherwise agreed by the Producing Party or ordered by the Court;

(f)     deposition and trial witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the Non-Disclosure Agreement in the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any Confidential Discovery Material, unless otherwise agreed by the Producing Party or ordered by the Court;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action,

provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

8.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.     This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.  All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the

Confidential Court Submission via the Electronic Case Filing System.  In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.  The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

11.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

12.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

13.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.     Nothing in this Order will prevent any Party from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstances not authorized under this Order, that receiving Party must, as soon as practicable, but in any event, not longer than five business days after discovery by the receiving Party or its counsel of record of the disclosure:  (a) notify in writing the Producing Party of the unauthorized disclosure(s); (b) make reasonable efforts to retrieve all copies of the Confidential Discovery Material that was disclosed without authorization; (c) inform the person or persons to whom the unauthorized disclosure or disclosures were made of the terms of this Order; and (d) request that such person or persons either (1) execute

the Non-Disclosure Agreement in the form annexed as Exhibit A hereto; or (2) promptly return or destroy all copies of the Confidential Discovery Material at issue.

17.     The inadvertent production in this action of any Discovery Material subject to protection by the attorney-client privilege, state or federal bank examination privileges, the work-product doctrine, or any other privilege protecting the information from discovery shall not in itself constitute a waiver of any privilege or protection in this action or in any other proceeding, provided that the Producing Party notifies the receiving Party or Parties of the production of the purportedly protected materials (the "Identified Materials") in writing, and within a reasonable time after the Producing Party discovers the production.  At the time of the notification, the Producing Party shall identify the Identified Materials produced by Bates Number and will provide a privilege log identifying the basis for the withholding of the Identified Materials.  If a receiving Party is in receipt of Discovery Material which it has reason to believe is privileged, the receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that Discovery Material.  If a Producing Party requests the return of Discovery Material pursuant to this paragraph, the receiving Party shall not review or disclose the contents of the Identified Materials and shall immediately take all commercially reasonable steps to destroy the Discovery Materials (and copies thereof in a database or databases along with the metadata) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Discovery Materials.  If the receiving party wishes to move to compel the production of any of the Identified Materials, the Parties shall meet and confer regarding the disputed privileged claim.  If the Parties cannot resolve their dispute, either Party may seek a determination from the Court regarding whether the privilege applies, but the basis for the motion to compel may not be the fact or circumstances of the production and the burden remains on the Producing Party to justify the

assertion of privilege.  The Producing Party shall submit a copy *in camera* of the Identified Materials if the receiving Party moves the Court for an order compelling production under this paragraph.  The Receiving Party may not use the inadvertently produced Discovery Material for any purpose until the dispute is resolved.  This paragraph is entered pursuant to Federal Rule of Evidence 502(d).

18.     Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP

By: */s/ John C. Browne*
John C. Browne
Jeroen van Kwawegen
Benjamin W. Horowitz (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Tel:  (212) 554-1400
Fax:  (212) 554-1444
johnb@blbglaw.com
jeroen@blbglaw.com
will.horowitz@blbglaw.com

Jonathan D. Uslaner
Lauren M. Cruz (*pro hac vice*)
2121 Avenue of the Stars
Los Angeles, California 90067
Tel:  (310) 819-3470
jonathanu@blbglaw.com
lauren.cruz@blbglaw.com

*Attorneys for Lead Plaintiffs Handelsbanken and Louisiana Sheriffs, and co-Lead Counsel for the Class*

KLAUSNER, KAUFMAN, JENSEN & LEVINSON

By: */s/ Robert D. Klausner*
Robert D. Klausner (*pro hac vice*)
7080 NW 4th Street
Plantation, Florida  33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Louisiana Sheriffs*

SULLIVAN & CROMWELL LLP

By: */s/ Richard C. Pepperman*
Richard C. Pepperman II
Leonid Traps
125 Broad Street
New York, New York  10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588
peppermanr@sullcrom.com
trapsl@sullcrom.com

Christopher M. Viapiano
1700 New York Avenue, N.W., Suite 700
Washington, D.C.  20006
Tel:  (202) 956-7500
Fax:  (202) 293-6330
viapianoc@sullcrom.com

*Attorneys for Defendants Wells Fargo & Company, John R. Shrewsberry, C. Allen Parker, and Elizabeth Duke*

COHEN MILSTEIN SELLERS &
TOLL PLLC

By: */s/ Steven J. Toll*
Steven J. Toll (*pro hac vice*)
S. Douglas Bunch (SB-3028)
Molly J. Bowen (*pro hac vice*)
1100 New York Avenue, N.W., Suite 500
Washington, DC 20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com
mbowen@cohenmilstein.com

Laura H. Posner (LP-8612)
88 Pine Street, Fourteenth Floor
New York, New York 10005
Tel:  (212) 220-2925
Fax:  (212) 838-7745
lposner@cohenmilstein.com

*Attorneys for Lead Plaintiffs Mississippi and
Rhode Island, and Proposed co-Lead Counsel
for the Class*

CLARENCE DYER & COHEN LLP

By: */s/ Nanci L. Clarence*
Nanci L. Clarence (*pro hac vice*)
Josh Cohen (*pro hac vice*)
Adam F. Shearer (*pro hac vice*)
899 Ellis Street
San Francisco, California  94109
Tel:  (415) 749-1800
Fax:  (415) 749-1694
nclarence@clarencedyer.com
jcohen@clarencedyer.com
ashearer@clarencedyer.com

*Attorney for Defendant Timothy J. Sloan*

SO ORDERED.

Dated:  December 22, 2021

_____
GREGORY H. WOODS
United States District Judge

<u>Exhibit A</u>
to Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

No. 1:20-cv-04494-GHW

IN RE WELLS FARGO & COMPANY
SECURITIES LITIGATION

**<u>STIPULATED</u>**
**<u>CONFIDENTIALITY</u>**
**<u>AGREEMENT AND</u>**
**<u>PROTECTIVE ORDER</u>**

I,_____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential.  I agree that I will not disclose

such Confidential Discovery Material to anyone other than for purposes of this litigation and that

at the conclusion of the litigation I will return all discovery information to the Party or attorney

from whom I received it.  By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

_____
Name:
Date:

-1-