

COHENMILSTEIN

# MEMORANDUM ENDORSED

September 9, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2022

**VIA CM/ECF**

Honorable Gregory H. Woods
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

> Re: *In re Wells Fargo & Co. Securities Litigation,*
>     No. 1:20-cv-04494

Dear Judge Woods:

We represent Lead Plaintiffs in the above-captioned action. We write to respectfully request a pre-motion conference regarding Lead Plaintiffs' forthcoming motion for class certification. Defendants have stated that they do not oppose Lead Plaintiffs' request for a pre-motion conference, but intend to oppose the motion.

For the reasons set forth herein and in the forthcoming motion, Lead Plaintiffs will respectfully request that the Court certify the following Class pursuant to Rule 23:

> All persons or entities who purchased or otherwise acquired the common stock of Wells Fargo & Company ("Wells Fargo" or the "Bank") between May 30, 2018 and March 12, 2020, inclusive (the "Class Period"), and were damaged thereby.[1]

## I.    Background of the Action

This is a securities class action arising out of Wells Fargo's misrepresentations and omissions to investors about the status of its "compliance" with three consent orders (the "2018 Consent Orders") with federal regulators.[2] As detailed in the Complaint, Defendants repeatedly represented to investors that they had "plans in place" and were "executing" on Stage 1 of the 2018 Consent Orders. ¶¶69-91. They additionally touted to investors the Bank's purported transparency regarding the status of its compliance with the 2018 Consent Orders stating, for instance, that "our investors know everything that's material that we know" and there was "nothing new to report" with respect to the 2018 Consent Orders. ¶¶76, 88. In reality, and untold to investors, the Regulators rebuked and repeatedly rejected Wells Fargo's plans to satisfy the 2018 Consent Orders. For instance, on April 3, 2018, the same day Wells Fargo submitted its proposed Stage 1 Plan to the FRB, the FRB told Defendant Duke that the Bank's Stage 1 Plan was deficient and "missing major components such as plans to address the company's deficiencies in operational

---

[1] Excluded from the proposed Class are Defendants, officers and directors of Defendant Wells Fargo, Defendants' immediate family members, legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest.

[2] The three consent orders were with the Federal Reserve Board ("FRB"), the Office of the Comptroller of the Currency (the "OCC"), and the Consumer Financial Protection Bureau (the "CFPB").

September 9, 2022
Page 2

and compliance risk management." ¶70. On May 7, 2018, in a letter to Defendants Sloan and Duke, the FRB wrote that the Bank's submission was so "materially incomplete" and "insufficient" that it "cannot be evaluated by [FRB] staff for [its] adequacy." ¶71. On March 12, 2019, Defendant Sloan testified before the House Financial Services Committee ("House Committee") in connection with the Bank's regulatory woes, including its progress under the 2018 Consent Orders. ¶92. During his testimony, Defendant Sloan stated that the Bank was "executing [its] plans[s]" and was "in compliance with th[e] plans" while omitting that, the day before, the FRB formally rejected the Bank's Stage 1 Plan. ¶¶92-95. The Chairwoman of the House Committee deemed Defendant Sloan's testimony so inaccurate and misleading that she referred him to the U.S. Department of Justice regarding a criminal violation for lying to Congress. ¶141.

In its September 30, 2021 Order (the "Order"), the Court largely denied Defendants' motions to dismiss the Complaint, finding that "Lead Plaintiffs have plausibly alleged that certain statements made by Defendants Tim Sloan, John Shrewsberry, Allen Parker, and Elizabeth Duke were deliberately or recklessly false or misleading." Order at 2. Document discovery is underway.

## II.    This Case Is Well-Suited for Class Treatment Under Rule 23

Courts in this District and around the country recognize that "securities fraud suit[s]" are "particularly well suited to class treatment." *In re Allergan PLC Sec. Litig.*, 2021 WL 4077942, at *1 (S.D.N.Y. Sept. 8, 2021). Here, the proposed Class readily satisfies the requirements of Rule 23(a) and (b)(3).

**Numerosity.** Numerosity is presumed for classes larger than 40 members. *See Allergan*, 2021 WL 4077942, at *6. Here, Wells Fargo has over 3.8 billion shares of common stock outstanding owned by many thousands of investors, satisfying the numerosity requirement. *Id.*

**Commonality.** Commonality exists when "common issues of law or fact affect all class members." *In re Signet Jewelers Ltd. Sec. Litig.*, 2019 WL 3001084, at *8 (S.D.N.Y. July 10, 2019). In securities cases, commonality is satisfied where "plaintiffs allege that class members have been injured by similar material misrepresentations and omissions." *Allergan*, 2021 WL 4077942, at *6. Here, there are numerous questions of law and fact common to the Class, including whether (i) Defendants' statements were false or misleading; (ii) the misstatements were material; (iii) Defendants knew, or were severely reckless in not knowing, their statements were false or misleading; and (iv) Defendants' misleading statements and omissions caused investors' losses.

**Typicality.** The typicality requirement "is satisfied when each class member's claim arises from the same course of events" and "each class member makes similar legal arguments to prove the defendant's liability." *See In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91, 98 (S.D.N.Y. 2016). Here, investors' claims all arise from an identical course of events—namely, Defendants' false and misleading statements and omissions—and Lead Plaintiffs assert the same legal claims on behalf of all members of the Class based on the same legal theories and same evidence.

**Adequacy.** To satisfy the adequacy requirement, the class representative must "fairly and adequately protect the interests of the class." *Signet*, 2019 WL 3001084, at *9. The adequacy requirement "seeks to ensure that Plaintiff's interests are not antagonistic to those of the Class and that Plaintiff's attorneys are qualified, experienced, and able to conduct the litigation." *Id.* Here, Lead Plaintiffs are each sophisticated institutional investors with significant experience representing investors in similar class actions, and that are committed to this litigation with no

September 9, 2022
Page 3

interests antagonistic to those of other Class members. Additionally, Lead Counsel has a distinguished record of successfully prosecuting complex securities class actions, and are thus "qualified, experienced, and able to conduct the litigation." *Id.*

**Predominance.** Rule 23(b)(3)'s predominance requirement is met where common issues predominate over issues affecting only individual class members. *See In re Petrobras Sec.*, 862 F.3d 250, 270 (2d Cir. 2017). The predominance requirement "does ***not*** require a plaintiff seeking class certification to prove that each element of her claim is susceptible to classwide proof." *Id.* at 268 (emphasis in original). Here, myriad legal and factual issues—including those concerning falsity, materiality, scienter, and loss causation—are common to the Class and involve class-wide proof. With regard to the element of reliance, the Class is entitled to the well-established presumption of class-wide reliance set forth in *Basic v. Levinson* because Wells Fargo's stock traded on an efficient market throughout the Class Period, as well as the *Affiliated Ute* presumption. Indeed, Wells Fargo is one of the largest banks in the world and its stock traded on the New York Stock Exchange ("NYSE")—one of the most efficient markets in the world. *See Wilson v. LSB Indus., Inc.*, 2018 WL 3913115, at *15 (S.D.N.Y. Aug. 13, 2018) ("the NYSE 'is a presumptively efficient market'"). And classwide damages can be demonstrated using the standard "out-of-pocket" model uniformly accepted by courts throughout the country. *Signet*, 2019 WL 3001084, at *20 ("Plaintiff's burden at this stage is simply to propose a methodology for calculating damages that corresponds to its theory of liability" and finding the "out-of-pocket" methodology sufficient).

**Superiority.** Finally, Rule 23(b)(3) requires "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Martinek v. AmTrust Fin. Servs., Inc.*, 2022 WL 326320, at *19 (S.D.N.Y. Feb. 3, 2022). Courts routinely recognize the superiority of securities class actions over a multitude of individual actions, explaining that "in securities fraud cases, there are significant structural factors that make traditional forms of litigation both inefficient and unlikely." *Id.* This case satisfies the superiority requirement because (i) hundreds, if not thousands, of investors suffered damages; (ii) it is unlikely that investors who lost relatively small amounts would file individual actions; (iii) it is desirable and efficient to hear all such claims in one court; and (iv) there is no difficulty in maintaining the case as a class action. *See id.*

### III.    Conclusion

For all of these reasons, Lead Plaintiffs will request that this Court certify this action as a class action. Lead Plaintiffs have conferred with Defendants concerning a proposed briefing schedule for the motion, and the Parties respectfully request that the Court enter a schedule providing that Lead Plaintiffs file their opening brief 21 days after Your Honor allows the motion to proceed; Defendants file an opposition to the motion 75 days thereafter; and that Lead Plaintiffs have 60 days from the date of Defendants' opposition to file a reply.

We thank the Court for its attention to this matter and welcome the opportunity to address any questions the Court may have.

September 9, 2022
Page 4

Respectfully submitted,

*Jonathan Uslaner*

Jonathan D. Uslaner
Lead Counsel for Lead Plaintiffs
Bernstein Litowitz Berger & Grossmann LLP

*Laura Posner*

Laura H. Posner
Lead Counsel for Lead Plaintiffs
Cohen Milstein Sellers & Toll PLLC

The Lead Plaintiffs' request for a pre-motion conference is denied.  Lead Plaintiffs may file the proposed motion without the need for a conference.  The deadline for Lead Plaintiffs to file and serve their motion for class certification is October 3, 2022.  Defendants' opposition is due within sixty days after service of Plaintiffs' motion; Plaintiffs' reply, if any, is due within thirty days after service of Defendants' opposition.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 142.

SO ORDERED.

Dated: September 12, 2022
New York, New York

GREGORY H. WOODS
United States District Judge