# Exhibit 10

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

December 15, 2022

<u>Via E-mail</u>

Laura H. Posner, Esq.,
  Cohen Milstein Sellers & Toll PLLC,
    88 Pine Street 14th Floor,
      New York, NY  10005.

Jonathan D. Uslaner, Esq.,
  Bernstein Litowitz Berger & Grossmann LLP,
    1251 Avenue Of The Americas, Suite 44,
      New York, NY  10020.

Re:   *In re Wells Fargo & Co. Securities Litigation*, Case No. 1:20-cv-04494-GHW-SN (S.D.N.Y.)

Dear Counsel:

I write on behalf of defendant Wells Fargo & Co. to follow up on two issues arising from the December 8, 2022 deposition of Dr. Michael L. Hartzmark.

*First*, at his deposition, Dr. Hartzmark referenced certain analyses related to what he called the "COVID period," but these analyses are not found in his expert disclosures.  Specifically, he referenced analyses of the correlation between squared residuals and the CBOE Volatility Index ("VIX").  When later asked whether, "[f]or the COVID period, [he] took a look at squared residuals versus VIX," Dr. Hartzmark replied, "Yes.  I looked at a period that incorporated what I'll call . . . the 'COVID period.'" (Hartzmark Tr. at 02:12:48-13:11.)  To conduct this analysis, Dr. Hartzmark necessarily had to have reviewed documents or material.  Indeed, Dr. Hartzmark conceded as much. When asked whether he "did some form of analysis where [he] compared VIX to the abnormal returns squared," Dr. Hartzmark replied, "I looked at some data."  (Hartzmark Tr. 02:13:32-45.)  Furthermore, when asked whether he "also looked at autocorrelation specifically for the COVID period," Dr. Hartzmark responded, "Yeah.  For the question of whether there was heteroscedasticity."  (Hartzmark Tr. 2:13:43-14:13.)  These materials appear nowhere in Appendix B of Dr. Hartzmark's report.

Federal Rule of Civil Procedure 26(a)(2)(B)(ii) provides that an expert must disclose in their report "the facts or data *considered* in forming [their opinions]" (emphasis added). Please promptly produce any and all documents and materials that Dr. Hartzmark considered in forming his opinion that Wells Fargo common stock traded in an efficient market during "the COVID period," including any documents or materials that he used to evaluate the correlation between squared residuals and the VIX or autocorrelation specifically during the "COVID period."[1] Please also explain why Lead Plaintiffs did not produce these analyses earlier.

*Second*, Dr. Hartzmark testified that the Hartzmark family's "investment company" (Hartzmark Tr. 10:34:35), MDA Financial, Inc., "might have, you know, Wells Fargo in its portfolio." (Hartzmark Tr. 10:36:16-18.) When asked whether MDA Financial, Inc. is a member of the putative class in this litigation, Dr. Hartzmark responded, "I have no idea." (Hartzmark Tr. 10:36:39.) Please confirm whether MDA Financial, Inc. purchased Wells Fargo common stock during the putative class period, and, if so, the circumstances of those purchases.

Sincerely,

*/s/ Leonid Traps*

Leonid Traps

cc:     Counsel of Record

---

[1]     Dr. Hartzmark went on to testify that "I don't rely upon that [data] for my opinion." (Hartzmark Tr. 2:13:45.) Whether he "relied" on this data is irrelevant. The question for Rule 26(a)(2)(B)(ii) purposes is whether he *considered* it.