# Exhibit 18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION | Case No. 1:20-cv-04494-GHW |

**RESPONSES AND OBJECTIONS TO DEFENDANTS WELLS FARGO & COMPANY, TIMOTHY J. SLOAN, AND JOHN R. SHREWSBERRY'S FIRST SET OF** <u>**INTERROGATORIES**</u>

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York (the "Local Rules"), and all other applicable rules, Lead Plaintiff Handelsbanken Fonder AB ("Handelsbanken"), acting on behalf of Handelsbanken Global Index Criteria ("Global Index") and Handelsbanken USA Index Criteria ("USA Index"), by and through its undersigned counsel, hereby responds and objects to Defendants Wells Fargo & Company, Timothy J. Sloan, and John R. Shrewsberry's First Set of Interrogatories served on January 31, 2022 (the "Interrogatories") by Defendants Wells Fargo & Company ("Wells Fargo"), Timothy J. Sloan, and John R. Shrewsberry (collectively, "Defendants"), as follows. All responses contained herein are based upon information and documents known to Lead Plaintiff at this time. The responses below are given without prejudice to Lead Plaintiff's rights at class certification, summary judgment, or trial to produce evidence of any subsequently discovered facts.

These responses are based solely upon information presently known to Lead Plaintiff. Lead Plaintiff has not completed its investigation of all the facts relating to this Action; has not completed fact or expert discovery in this Action or taken any depositions; and has not reviewed

all potential evidence for use at trial or otherwise completed preparation for trial. Lead Plaintiff responds to these Interrogatories based upon information and documents acquired and reviewed to date.

The present responses are offered without prejudice to Lead Plaintiff's right to modify, supplement, add to, or amend its responses to the Interrogatories in the event Lead Plaintiff acquires additional information, and otherwise to the extent required or permitted by the Federal Rules, Local Rules, any Order entered in this case, or any other applicable law or rule. Moreover, the responses below are given without prejudice to Lead Plaintiff's right at class certification, summary judgment, or trial to produce evidence of any subsequently discovered fact(s) that may later develop.

Lead Plaintiff responds to these Interrogatories subject to the following objections, without waiving, and expressly preserving, all such objections: (a) any objections as to relevance, materiality, privilege, authenticity, admissibility, or use of information sought by these Interrogatories or provided in response to these Interrogatories, at any trial or other proceeding in this or any other action; and (b) the right to object to other discovery procedures involving or relating to the subject matter of these Interrogatories.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Lead Plaintiff objects to the Interrogatories and their Definitions and Instructions on the following grounds, each of which is expressly incorporated by reference in the responses to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these Objections.

1.    Lead Plaintiff objects to the Instructions and definitions of the terms "You" and "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case to the

extent these terms purport to seek documents that are in the possession, custody, or control of persons or entities that are distinct from Lead Plaintiff and are, therefore, not in Lead Plaintiff's possession, custody or control and/or that are equally accessible to Defendants. In responding to the Interrogatories, Lead Plaintiff will respond for Lead Plaintiff only, and not for other persons or entities. Additionally, Lead Plaintiff objects to these definitions to the extent they seek information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable legal privilege. To the extent Lead Plaintiff responds to any Interrogatory herein, Lead Plaintiff provides such response only on behalf of, and any such response only refers to, Lead Plaintiff.

2.    Lead Plaintiff objects to the definition of the terms "Security" or "Securities" as overbroad and not relevant to any party's claims or defenses to the extent that it purports to seek information about securities other than the Wells Fargo common stock at issue in this Action. In responding to the Interrogatories, Lead Plaintiff will interpret the term "securities" to refer to Wells Fargo securities other than commercial mortgage-related securities.

3.    Lead Plaintiff objects to the definition of the term "Transaction" or any other derivations of "Transact" as overbroad and not relevant to any party's claims or defenses to the extent that it purports to seek information about "any security . . . on your behalf," not limited to the securities at issue in this Action. In responding to the Interrogatories, Lead Plaintiff will interpret the term "Transaction" to refer to the transactions in Wells Fargo securities other than commercial mortgage-related securities.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1

For each Transaction of Yours in any Wells Fargo Security, Identify (i) the Transaction date, (ii) the number and type of Securities purchased or sold, (iii) the price per share at which the Transaction occurred, (iv) the total amount of money You paid or received, and (v) any fees or commissions charged, incurred, or paid.

### RESPONSE TO INTERROGATORY NO. 1

Lead Plaintiff incorporates by reference each of the above Objections to Definitions and Instructions as if fully stated in this Response. Lead Plaintiff further objects to this Interrogatory to the extent it calls for information outside Lead Plaintiff's possession, custody, or control. Lead Plaintiff further object to this Interrogatory on the grounds that it is vague and ambiguous, including as to its use of the phrases "total amount of money You paid or received" and "fees or commissions charged, incurred, or paid."

Subject to and without waiving the foregoing objections, Lead Plaintiff's transactions in Wells Fargo common stock during the Relevant Time Period and the requested information concerning those transactions is as follows:

| Transaction Date | Shares Purchased or Sold | Share Price | Amount Paid or Received | Commission | Transaction Type |
|---|---|---|---|---|---|
| Global Index Transactions | | | | | |
| 05/08/2019 | 345,400 | $47.0000 | $16,233,800.00 | $1,623.38 | PURCHASE |
| 05/16/2019 | 4,300 | $46.3865 | $199,461.95 | $39.89 | PURCHASE |
| 05/21/2019 | 5,900 | $45.7353 | $269,838.27 | $53.97 | PURCHASE |
| 06/04/2019 | 9,200 | $45.2754 | $416,533.68 | $83.31 | PURCHASE |
| 06/10/2019 | 3,500 | $46.3497 | $162,223.95 | $32.44 | PURCHASE |
| 06/11/2019 | 2,800 | $46.1951 | $129,346.28 | $25.87 | PURCHASE |
| 06/12/2019 | 3,700 | $45.6719 | $168,986.03 | $33.80 | PURCHASE |
| 06/13/2019 | 4,200 | $45.4226 | $190,774.92 | $38.15 | PURCHASE |
| 06/14/2019 | 5,100 | $45.0900 | $229,959.00 | $45.99 | PURCHASE |
| 06/17/2019 | 3,000 | $45.9240 | $137,772.00 | $27.55 | PURCHASE |

4

| 06/25/2019 | 4,500 | $45.5267 | $204,870.15 | $40.97 | PURCHASE |
|---|---|---|---|---|---|
| 07/29/2019 | 7,800 | $49.3372 | $384,830.16 | $76.97 | PURCHASE |
| 07/30/2019 | 1,200 | $48.1088 | $57,730.56 | $11.55 | PURCHASE |
| 09/27/2019 | 2,100 | $51.1910 | $107,501.10 | $21.50 | PURCHASE |
| 09/30/2019 | 3,900 | $50.3623 | $196,412.97 | $39.28 | PURCHASE |
| 10/01/2019 | 1,400 | $50.5493 | $70,769.02 | $14.15 | PURCHASE |
| 10/03/2019 | 900 | $48.2800 | $43,452.00 | $8.69 | PURCHASE |
| 10/15/2019 | 1,500 | $48.8793 | $73,318.95 | $14.66 | PURCHASE |
| 10/16/2019 | 13,400 | $49.9128 | $668,831.52 | $133.77 | PURCHASE |
| 01/16/2020 | 500 | $48.5970 | $24,298.50 | $4.86 | PURCHASE |
| **USA Index Transactions** | | | | | |
| 03/29/2019 | 356,019 | $48.3200 | $17,202,838.08 | $2,580.43 | PURCHASE |
| 05/07/2019 | (5,143) | $47.1700 | $242,595.31 | $29.11 | SALE |
| 06/05/2019 | 22,372 | $45.6129 | $1,020,451.80 | $204.09 | PURCHASE |
| 06/07/2019 | 14,530 | $45.8679 | $666,460.59 | $133.29 | PURCHASE |
| 06/10/2019 | 6,356 | $46.3436 | $294,559.92 | $58.91 | PURCHASE |
| 08/01/2019 | 9,318 | $48.5148 | $452,060.91 | $90.41 | PURCHASE |
| 08/09/2019 | 28,523 | $46.2092 | $1,318,025.01 | $263.61 | PURCHASE |
| 08/13/2019 | 28,523 | $46.2369 | $1,318,815.10 | $263.76 | PURCHASE |
| 10/18/2019 | 29,950 | $49.9141 | $1,494,927.30 | $298.99 | PURCHASE |
| 10/24/2019 | 21,749 | $50.9932 | $1,109,051.11 | $221.81 | PURCHASE |
| 11/06/2019 | (8,189) | $53.8000 | $440,568.20 | $88.11 | SALE |
| 12/17/2019 | (36,812) | $54.1153 | $1,992,092.42 | $398.42 | SALE |
| 01/17/2020 | 38,944 | $48.8841 | $1,903,742.39 | $380.75 | PURCHASE |
| 02/06/2020 | 16,706 | $48.1165 | $803,834.25 | $160.77 | PURCHASE |
| 03/09/2020 | (27,734) | $33.5176 | $929,577.12 | $185.92 | SALE |
| 03/12/2020 | (15,102) | $29.0109 | $438,122.61 | $87.62 | SALE |
| 03/13/2020 | (16,049) | $28.3528 | $455,034.09 | $91.01 | SALE |
| 03/17/2020 | (11,516) | $28.1256 | $323,894.41 | $64.78 | SALE |
| 03/20/2020 | (11,464) | $27.3480 | $313,517.47 | $62.70 | SALE |
| 04/22/2020 | 17,824 | $27.1319 | $483,598.99 | $96.72 | PURCHASE |
| 05/07/2020 | (3,495) | $25.2300 | $88,178.85 | $8.82 | SALE |

## INTERROGATORY NO. 2

Identify all Persons who monitored, supervised, performed any research, due diligence, investigation, or analysis, or otherwise oversaw or were involved in Your Transactions or any of Your contemplated Transactions in Wells Fargo Securities.

5

**RESPONSE TO INTERROGATORY NO. 2**

Lead Plaintiff incorporates by reference each of the above Objections to Definitions and Instructions as if fully stated in this Response. Lead Plaintiff further objects to this Interrogatory to the extent it calls for information outside Lead Plaintiff's possession, custody, or control. Lead Plaintiff further objects to this Interrogatory on the ground that it contains subparts and is impermissibly compound.  Lead Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this case, including as to its request for information concerning securities other than the Wells Fargo common stock at issue in this case. Lead Plaintiff further objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to its use of the phrase "performed any research" and "otherwise oversaw or were involved in."

Subject to and without waiving the foregoing objections, Lead Plaintiff responds that Stefan Hagman and Caroline Mebius oversaw the investments in Wells Fargo common stock by the index investment funds Global Index and USA Index, respectively, during the Relevant Time Period, and Xact Kapitalförvaltning AB served as the management company for Global Index and USA Index during the Relevant Time Period prior to the transfer of the management of Global Index and USA Index to Handelsbanken.

**INTERROGATORY NO. 3**

Identify all Persons who prepared or oversaw compliance with Your investment and risk management policies, practices, procedures, or guidelines, Including with regard to Your Transactions or contemplated Transactions in Wells Fargo Securities.

**RESPONSE TO INTERROGATORY NO. 3**

Lead Plaintiff incorporates by reference each of the above Objections to Definitions and Instructions as if fully stated in this Response. Lead Plaintiff further objects to this Interrogatory to the extent it calls for information outside Lead Plaintiff's possession, custody, or control. Lead Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this case, including as to its request for information concerning securities other than the Wells Fargo common stock at issue in this case. Lead Plaintiff further objects to this Interrogatory on the grounds that it is vague and ambiguous, including as to its use of the phrase "prepared or oversaw compliance." Lead Plaintiff further objects to this Interrogatory to the extent it suggests that only a specific "Person" or "Persons," as defined by Local Rule 26.3(c)(6), were responsible for preparing or overseeing investment and risk management policies, practices, procedures, or guidelines at Handelsbanken, which has both a risk control and compliance function.

Subject to and without waiving the foregoing objections, Lead Plaintiff responds that in addition to Stefan Hagman and Caroline Mebius, who oversaw the investments in Wells Fargo common stock by Global Index and USA Index, respectively, Hanna Nyqvist, Head of Compliance at Handelsbanken Fonder AB, oversaw compliance with Lead Plaintiff's investment and risk management policies, practices, procedures, or guidelines as they pertain to Lead Plaintiff's transactions in Wells Fargo common stock during the Relevant Time Period.

**INTERROGATORY NO. 4**

State the amount of damages allegedly caused by Defendants and that You seek to recover in this Action. Provide sufficient information to describe how You computed such damages.

**RESPONSE TO INTERROGATORY NO. 4**

Lead Plaintiff incorporates by reference each of the above Objections to Definitions and Instructions as if fully stated in this Response. Lead Plaintiff further objects to this Interrogatory on the ground that it is premature and seeks information that is dependent upon ongoing discovery and expert testimony.

Subject to and without waiving the foregoing objections, Lead Plaintiff will provide the requested information at the appropriate time, consistent with the Court-ordered schedule concerning expert discovery in this case.

Dated: March 16, 2022

/s/ Jonathan D. Uslaner
**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
Jonathan D. Uslaner (JU-1942)
Lauren M. Cruz (admitted *pro hac vice*)
2121 Avenue of the Stars
Los Angeles, California  90067
Tel: (310) 819-3470
jonathanu@blbglaw.com
lauren.cruz@blbglaw.com

John C. Browne (JB-0391)
Jeroen van Kwawegen (JV-1010)
Benjamin W. Horowitz (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York  10020
Tel: (212) 554-1400
Fax: (212) 554-1444
johnb@blbglaw.com
jeroen@blbglaw.com
will.horowitz@blbglaw.com

*Counsel for Lead Plaintiffs and Co-Lead*
*Counsel for the Class*

## <u>VERIFICATION OF INTERROGATORY RESPONSES & OBJECTIONS</u>

I, Staffan Ringvall, declare under penalty of perjury that I am authorized to make this statement on behalf of Lead Plaintiff Handelsbanken Fonder AB, acting on behalf of Handelsbanken Global Index Criteria and Handelsbanken USA Index Criteria. I have read the foregoing Lead Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories, and I state that the responses to Defendants' interrogatories contained therein are true and correct to the best of my knowledge, information, and belief.

Executed: March 10 2022

**Staffan Ringvall**

Digitally signed by
Staffan Ringvall
Date: 2022.03.10
21:48:18 +01'00'

Staffan Ringvall
Head of Corporate Governance and Company Secretary
Handelsbanken Fonder AB

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2022, I caused the foregoing to be electronically served on all counsel of record via email.

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner