# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION | Case No. 1:20-cv-04494-JLR-SN |

## <u>DECLARATION OF LAYN R. PHILLIPS</u>

I, LAYN R. PHILLIPS, declare:

1.      I submit this declaration in my capacity as the independent mediator in the above-captioned securities fraud ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement"). I make this declaration based on personal knowledge and am competent to so testify.

2.      While the mediation process is confidential, the parties to the Settlement (the "Parties") have authorized me to inform the Court of the matters set forth in this declaration. The confidentiality of the mediation process is critical, as it encourages full candor in disclosures to the mediator, including in written submissions. My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

## I.      BACKGROUND AND QUALIFICATIONS

3.      I am a former United States District Judge, a former United States Attorney, and a former litigation partner with the firm of Irell & Manella LLP. I currently serve as a mediator and arbitrator with my own alternative dispute resolution company, Phillips ADR Enterprises

("Phillips ADR"), which is based in Corona Del Mar, California. I am a member of the bars of Oklahoma, Texas, California, and the District of Columbia, as well as the United States Courts of Appeals for the Ninth and Tenth Circuits and the Federal Circuit.

4. I earned my Bachelor of Science in Economics as well as my J.D. from the University of Tulsa. I also completed two years of L.L.M. work at Georgetown University Law Center in the area of economic regulation of industry. After serving as an antitrust prosecutor and an Assistant United States Attorney in Los Angeles, California, I was nominated by President Reagan to serve as a United States Attorney in Oklahoma, where I served for approximately four years. Thereafter, I was nominated by President Reagan to serve as a United States District Judge for the Western District of Oklahoma. While on the bench, I presided over more than 140 federal trials and sat by designation in the United States Court of Appeals for the Tenth Circuit. I also presided over cases in Texas, New Mexico, and Colorado.

5. I left the federal bench in 1991 and joined Irell & Manella LLP where, for 23 years, I specialized in alternative dispute resolution, complex civil litigation, and internal investigations. In 2014, I left Irell & Manella LLP to found my own company, Phillips ADR, which provides mediation and other alternative dispute resolution services.

6. Over the past 27 years, I have served as a mediator and arbitrator in connection with numerous large, complex cases, including securities cases such as this one.

## II. THE PARTIES' ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

7. On January 6, 2023, counsel for Lead Plaintiffs and Defendants participated in a full-day mediation session before me in New York, New York and via the Zoom videoconferencing platform. The participants included: (i) attorneys from Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP; (ii) representatives for Lead

Plaintiffs Handelsbanken Fonder AB ("Handelsbanken"), Public Employees' Retirement System of Mississippi ("Mississippi"), State of Rhode Island, Office of the General Treasurer ("Rhode Island"), and Louisiana Sheriffs Pension & Relief Fund ("Louisiana Sheriffs") (collectively, "Lead Plaintiffs")[1]; (iii) attorneys from Sullivan & Cromwell, counsel for Wells Fargo; (iv) multiple in-house attorneys at Wells Fargo; and (iv) attorneys from Clarence Dyer & Cohen, Swanson & McNamara, Cravath, Swaine & Moore, and Shearman & Sterling, counsel for the Individual Defendants.

8.      In advance of this mediation session, the Parties exchanged and submitted detailed submissions, including thorough mediation statements. Prior to the mediation, I engaged in telephonic discussions with counsel for Lead Plaintiffs and Defendants. The work that went into the mediation submissions and the discussions preceding the mediation was substantial.

9.      During the mediation session, the Parties presented detailed and thoughtful PowerPoint presentations on liability and damages during a group session.  Subsequently, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions. During these discussions, I challenged each side separately to address the weaknesses in each of their positions and arguments. In addition to vigorously arguing their respective positions, the Parties exchanged multiple rounds of settlement demands and offers.

---

[1] The representative for Handelsbanken was present in New York; the representatives for Mississippi and Louisiana Sheriffs participated by Zoom videoconferencing; and the representative for Rhode Island was updated regularly via phone.

10.     During the mediation session, the Parties engaged in multiple rounds of settlement demands and offers and extensive discussions with me, as well as negotiations directly between the Parties.

11.     The mediation session ended without any agreement between the Parties.

12.     I ultimately made a mediator's recommendation to settle the case, which the Parties accepted.

13.     The mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith. Because the Parties made their mediation submissions and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and highly adversarial, and they reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case.

## III.    CONCLUSION

14.     Based on my experience as a litigator, a former United States District Judge, and a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for all parties involved. The advocacy on both sides of the case was excellent. All counsel displayed the highest level of professionalism in zealously and capably representing their respective clients.

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed this 24th day of July, 2023.

LAYN R. PHILLIPS
Former U.S. District Judge

5