# Exhibit 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: WELLS FARGO & COMPANY SECURITIES LITIGATION | Case No. 1:20-cv-04494-JLR-SN |

**DECLARATION OF ALEXANDER P. VILLANOVA REGARDING THE MAILING OF NOTICE AND CLAIM FORM AND THE PUBLICATION OF THE SUMMARY NOTICE**

I, Alexander P. Villanova, declare and state as follows:

1.     I am a Senior Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq").  Pursuant to the Court's May 16, 2023 Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement (ECF No. 182) (the "Preliminary Approval Order"), Epiq was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned class action.[1]   The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

**DISSEMINATION OF THE NOTICE PACKET**

2.     Pursuant to the Preliminary Approval Order, Epiq was responsible for mailing the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") and the Proof of Claim

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated May 8, 2023 (ECF No. 178-1) (the "Stipulation").

and Release Form (the "Claim Form") (collectively, the Notice and Claim Form are referred to as the "Notice Packet"), to potential Settlement Class Members. A copy of the Notice Packet is attached hereto as Exhibit A.

3. On May 31, 2023 and June 1, 2023, Epiq received links to multiple Excel files from Lead Counsel, which Lead Counsel had received from Defendants' Counsel, containing names and addresses of persons and entities who were identified by Wells Fargo & Company ("Wells Fargo") as potential Settlement Class Members. Epiq extracted the records from the files and, after clean-up and de-duplication, there remained 582,124 unique names and addresses. Epiq formatted the Notice Packet, and caused it to be printed, personalized with the name and address of each potential Settlement Class Member, posted for first-class mail, postage prepaid, and mailed to the 582,124 potential Settlement Class Members commencing on June 7, 2023.

4. To disseminate notice to the beneficial owners of securities through nominee owners, Epiq maintains and updates an internal list of the largest and most common banks, brokers and other nominees ("Nominees"). At the time of the initial mailing, Epiq's internal broker list contained 1,063 mailing records. On June 7, 2023, Epiq caused Notice Packets to be mailed to the 1,063 mailing records contained on its internal broker list.

5. The Notice itself and a cover letter that accompanied the Notice Packet mailed to Nominees (as well as an email sent to Nominees) directed those who purchased or otherwise acquired Wells Fargo common stock during the Class Period for the beneficial interest of a person or entity other than themselves to either: (i) request, within seven (7) calendar days of receipt of the Notice, additional copies of the Notice Packet from the Claims Administrator, and send a copy of the Notice Packet to such beneficial owners, no later than seven (7) calendar days after receipt of the copies of the Notice Packet; or (ii) provide Epiq with the names, addresses, and email

addresses (if available) of such beneficial owners no later than seven (7) calendar days after such nominees' receipt of the Notice.

6.      Epiq monitored the responses received from brokers and other nominees and followed up by email and, if necessary, phone calls to ensure that nominees provided timely responses to Epiq's mailing.  Through August 3, 2023, Epiq mailed an additional 316,897 Notice Packets to potential members of the Class whose names and addresses were received from individuals, entities, or Nominees requesting that Notice Packets be mailed to such persons and entities, and mailed another 924,955 Notice Packets in bulk to Nominees who requested Notice Packets to forward to their customers.  Each of the requests was responded to in a timely manner, and Epiq will continue to timely respond to any additional requests received.

7.      Through August 3, 2023, a total of 1,825,039 Notice Packets have been disseminated to potential Settlement Class Members and nominees.  In addition, Epiq has re-mailed 10,631 Notice Packets to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were provided to Epiq by the U.S. Postal Service or obtained from other commercial databases.

**PUBLICATION OF THE SUMMARY NOTICE**

8.      In accordance with paragraph 7(d) of the Preliminary Approval Order, Epiq caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Summary Notice") to be published in *The Wall Street Journal* on June 20, 2023 and in *Investor's Business Daily* and transmitted over *PR Newswire* on June 19, 2023.  Attached as Exhibit B are Confirmations of Publication attesting to the publication of the Summary Notice in *The Wall Street Journal* and *Investor's Business Daily* and transmittal over *PR Newswire*.

3

**CALL CENTER SERVICES**

9.     Epiq reserved a toll-free phone number for the Settlement, 1-888-301-4209, which was set forth in the Notice, the Claim Form, the published Summary Notice, and on the Settlement website.

10.     The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a brief summary of the Action and the option to request a copy of the Notice Packet. The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week. Callers can request to speak with a live representative from 9:00 a.m. to 9:00 p.m. Eastern time, except for weekends and holidays. During other hours, callers may leave a message for an agent to call them back.

11.     Epiq made the toll-free phone number and IVR available on June 7, 2023, the same date Epiq began mailing the Notice Packets.

**WEBSITE**

12.     Epiq established and currently maintains a website dedicated to this Settlement (www.WellsFargoSecuritiesClassAction.com) to provide additional information to Settlement Class Members. Users of the website can download copies of the Notice, the Claim Form, the Stipulation, the Preliminary Approval Order, and the Complaint, among other relevant documents. The website address was set forth in the published Summary Notice, the Notice, and the Claim Form. The website was operational beginning on June 7, 2023, and is accessible 24 hours a day, 7 days a week. On July 27, 2023, Epiq updated the website to reflect that the Settlement Fairness Hearing on September 8, 2023 would be held before the Honorable Jennifer L. Rochon. Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

4

## COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS

13.    Epiq has promptly responded to inquiries received from Settlement Class Members by phone, mail, or email and endeavored to answer all questions raised by Settlement Class Members concerning the claims administration process.  Additionally, I and other members of Epiq's staff have held regular conference calls with Lead Counsel to discuss the status and progress of the notice and claims administration process and communications with Settlement Class Members.

14.    Pursuant to the Preliminary Approval Order, Settlement Class Members who wish to be excluded from the Settlement Class are required to request exclusion in writing so that the request is received by August 18, 2023.  This deadline has not yet passed.  Once the deadline has passed, Epiq will submit a supplemental declaration providing information concerning the requests for exclusion received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2023, at Beaverton, Oregon.

_____
Alexander P. Villanova

5

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| |
|---|
| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION |

Case No. 1:20-cv-04494-GHW-SN

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the U.S. District Court for the Southern District of New York (the "Court"), if, during the period from February 2, 2018 through March 12, 2020, inclusive (the "Class Period"), you purchased or otherwise acquired the common stock of Wells Fargo & Company ("Wells Fargo") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Handelsbanken Fonder AB ("Handelsbanken"); Public Employees' Retirement System of Mississippi ("Mississippi"); State of Rhode Island, Office of the General Treasurer ("Rhode Island"); and Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs"), on behalf of themselves and the other members of the Settlement Class (as defined in ¶ 17 below), have reached a proposed settlement of the Action for $1,000,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Wells Fargo, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 59 below).**

1.      **Description of the Action and the Settlement Class:** This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Wells Fargo (collectively with the Individual Defendants as defined in ¶ 12 below, "Defendants") violated the federal securities laws by making false and misleading statements about Wells Fargo's compliance with consent orders it had entered into with the Board of Governors of the Federal Reserve System, the Office of the Comptroller of the Currency, and the Consumer Financial Protection Bureau  (the "Regulators") in 2018 (the "2018 Consent Orders") to rectify certain improper banking practices and deficiencies in corporate oversight. A more detailed description of the Action is set forth in ¶¶ 11-16 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 17 below.

2.      **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for $1,000,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 8, 2023 (the "Stipulation"), which is available at www.WellsFargoSecuritiesClassAction.com.

3.    **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Wells Fargo common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.53 per affected share. Settlement Class Members should note, however, that the foregoing average recovery is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Wells Fargo shares, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* Appendix A below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP, have been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in August 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel, on behalf of Plaintiffs' Counsel,[2] will apply to the Court for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $2 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.10 per affected share of common stock.

6.    **Identification of Attorney Representatives:** Lead Plaintiffs and the Settlement Class are represented by Laura H. Posner, Esq., of Cohen Milstein Sellers & Toll PLLC, 88 Pine St., 14th Floor, New York, NY 10005, (212) 220-2925, and John C. Browne, Esq., of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, (212) 554-1400, settlements@blbglaw.com.

7.    **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN OCTOBER 5, 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 27 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 18, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |

―――――――――
[2] Plaintiffs' Counsel are the two Lead Counsel firms and Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman"), additional counsel for Lead Plaintiff Louisiana Sheriffs.

AI7502 v.06

| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 18, 2023. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
|---|---|
| GO TO A HEARING ON SEPTEMBER 8, 2023 AT 10:00 A.M. AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 18, 2023. | Filing a written objection and notice of intention to appear by August 18, 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE? .................................................................................PAGE 4

WHAT IS THIS CASE ABOUT? ..................................................................................PAGE 4

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
   WHO IS INCLUDED IN THE SETTLEMENT CLASS? ..........................................PAGE 5

WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?........................PAGE 5

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?...................................PAGE 5

HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION
   AND THE SETTLEMENT?......................................................................................PAGE 6

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?..............PAGE 7

HOW MUCH WILL MY PAYMENT BE? ......................................................................PAGE 7

WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
   HOW WILL THE LAWYERS BE PAID? ...................................................................PAGE 8

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
   HOW DO I EXCLUDE MYSELF?..........................................................................PAGE 8

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
   SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT
   THE HEARING IF I DON'T LIKE THE SETTLEMENT? ..........................................PAGE 9

WHAT IF I BOUGHT STOCK ON SOMEONE ELSE'S BEHALF?................................ PAGE 11

CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?............................ PAGE 11

APPENDIX A: PROPOSED PLAN OF ALLOCATION.................................................. PAGE 12

AI7503 v.06

3

## WHY DID I GET THIS NOTICE?

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Wells Fargo common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 49-50 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.      On August 29, 2020, the Court appointed Handelsbanken, Mississippi, Rhode Island, and Louisiana Sheriffs as Lead Plaintiffs for the Action; and approved Lead Plaintiffs' selection of Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

12.      On November 9, 2020, Lead Plaintiffs filed and served a Consolidated Amended Class Action Complaint (the "Complaint") asserting claims against Wells Fargo and certain of its officers, Timothy J. Sloan, John R. Shrewsberry, C. Allen Parker, and director Elizabeth "Betsy" Duke (collectively, the "Individual Defendants") under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants and Charles W. Scharf under Section 20(a) of the Exchange Act.

13.      The Complaint alleged that Defendants made materially false and misleading statements about Wells Fargo's compliance with the 2018 Consent Orders entered by the Regulators. The Complaint alleged that, during the Class Period, Wells Fargo made false and misleading statements to investors regarding its compliance with the 2018 Consent Orders, claiming that it had regulator-approved "plans" and that it was "in compliance" with the 2018 Consent Orders. Lead Plaintiffs allege that, in reality, Wells Fargo had yet to even submit an acceptable plan or schedule for compliance to the Regulators and was nowhere near meeting the Regulators' requirements that were a predicate to lifting restrictions that had been imposed on Wells Fargo, including an asset cap. Lead Plaintiffs further allege that the truth was revealed in a series of revelations, including in congressional hearings and reports. Lead Plaintiffs allege that when the truth was revealed, Wells Fargo's stock price fell.

14.      On September 30, 2021, the Court issued its Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint. Following the Court's Order, the Parties conducted extensive discovery which included, among other things, the production of more than 3.9 million pages of documents by Defendants, third-party witnesses, and Lead Plaintiffs.

15.      On May 8, 2023, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.WellsFargoSecuritiesClassAction.com.

16.      On May 16, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

AI7504 v.06

4

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

17.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

all persons or entities who purchased or otherwise acquired the common stock of Wells Fargo during the Class Period (*i.e.,* from February 2, 2018 through March 12, 2020, inclusive), and were damaged thereby.

Excluded from the Settlement Class are: (a) Defendants; (b) the Officers (defined as any employee serving on Wells Fargo's Operating Committee) and Directors of Wells Fargo during the Class Period; (c) Defendants' Immediate Family Members; and (d) any entity in which any Defendant has or had a controlling interest. Notwithstanding the foregoing, no Investment Vehicle[3] shall be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 8 below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than <u>October 5, 2023</u>.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

18.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, those risks include challenges in establishing that Defendants' statements about Wells Fargo's compliance with the 2018 Consent Orders were false or misleading and that the Individual Defendants knew that the statements were false or were reckless in making them. Defendants have contended—and would have contended at summary judgment or trial—that their statements were neither false nor misleading and were supported by contemporaneous facts.

19.    Lead Plaintiffs also faced risks relating to loss causation and damages. Defendants would have contended at summary judgment and trial, supported by their economic expert's analysis, that Lead Plaintiffs could not establish a causal connection between the alleged misrepresentations about Wells Fargo's compliance with the 2018 Consent Orders and the losses investors allegedly suffered, as required by law.

20.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $1,000,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

21.    Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

---

[3] An "Investment Vehicle" is defined as any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, funds of funds, private equity funds, real estate funds, and hedge funds, as to which Wells Fargo or any affiliate of Wells Fargo acts or acted as investment advisor but of which Wells Fargo or any affiliate of Wells Fargo is not a majority owner or does not hold a majority beneficial interest.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

23.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," at page 9 below.

24.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," at page 8 below.

25.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," at page 9 below.

26.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in that capacity, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 27 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 28 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

27.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 29 below), whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint; or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period. This release does not include any claims that have already been asserted in a related shareholder derivative action or ERISA action, including *Timothy Himstreet and Montini Family Trust v. Charles W. Scharf, et al.*, No. CGC-22-599223 (Cal. Super. Ct. Apr. 19, 2022), or any claims relating to the enforcement of the Settlement.

28.     "Defendants' Releasees" means Defendants and Charles W. Scharf, including each of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

29.     "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

30.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of a Defendant, in that capacity, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 31 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 32 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

31.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 29 above), whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

32.    "Plaintiffs' Releasees" means Lead Plaintiffs and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

33.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked* **(if mailed) or submitted online at www.WellsFargoSecuritiesClassAction.com no later than October 5, 2023**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.WellsFargoSecuritiesClassAction.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 888-301-4209 or by emailing the Claims Administrator at info@WellsFargoSecuritiesClassAction.com. Please retain all records of your ownership of and transactions in Wells Fargo common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Wells Fargo common stock.

34.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid a total of $1,000,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

AI7507 v.06

37.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

38.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

39.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

40.    Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked (or submitted online) on or before October 5, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 27 above) against the Defendants' Releasees (as defined in ¶ 28 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

41.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

42.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

43.    Only members of the Settlement Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

44.    Lead Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Lead Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund. Lead Counsel Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") have a fee and work sharing agreement to divide the total attorneys' fees that the Court may award in amounts commensurate with their respective efforts and contributions in the litigation. Lead Counsel BLB&G also has a retention agreement with Lead Plaintiff Louisiana Sheriffs, which provides that Klausner Kaufman, additional fiduciary counsel for Louisiana Sheriffs, will work together with Lead Counsel on this Action, and BLB&G will compensate Klausner Kaufman for that work from its share of the attorneys' fees that the Court approves in an amount commensurate with Klausner Kaufman's efforts and contributions in the litigation. Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $2 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

45.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Wells Fargo Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5430, Portland, OR 97228-5430. The Request for Exclusion must be **received no later than August 18, 2023**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such

person or entity "requests exclusion from the Settlement Class in *In re Wells Fargo & Co. Securities Litigation*, No. 1:20-cv-04494-GHW-SN (S.D.N.Y.)"; (iii) state the number of shares of Wells Fargo common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 2, 2018 and (B) purchased/acquired and/or sold from February 2, 2018 through March 12, 2020, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all of the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

46.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

47.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

48.     Wells Fargo has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

49.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should check the Court's docket or the Settlement website, www.WellsFargoSecuritiesClassAction.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

50.     The Settlement Hearing will be held on **September 8, 2023 at 10:00 a.m.**, before the Honorable Gregory H. Woods either in person at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 12C, 500 Pearl Street, New York, NY 10007-1312, or by telephone or videoconference, to determine, among other things, (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

51.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S. District Court for the Southern District of New York at the address set forth below **on or before August 18, 2023**. You must also serve the papers on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before August 18, 2023**.

Clerk's Office:                              U.S. District Court
                                            Southern District of New York
                                            Daniel Patrick Moynihan U.S. Courthouse
                                            500 Pearl St.
                                            New York, NY 10007

|                                      |                                           |
|--------------------------------------|-------------------------------------------|
| Lead Counsel:                        | Cohen Milstein Sellers & Toll PLLC        |
|                                      | Laura H. Posner                           |
|                                      | 88 Pine St., 14th Floor                   |
|                                      | New York, NY 10005                        |
|                                      |                                           |
|                                      | Bernstein Litowitz Berger & Grossmann LLP |
|                                      | John C. Browne                            |
|                                      | 1251 Avenue of the Americas               |
|                                      | New York, NY 10020                        |
|                                      |                                           |
| Representative Defendants' Counsel:  | Sullivan & Cromwell LLP                   |
|                                      | Christopher M. Viapiano                   |
|                                      | 1700 New York Ave., N.W.                  |
|                                      | Suite 700                                 |
|                                      | Washington, DC 20006                      |

52.    Any objection must (a) identify the case name and docket number, *In re Wells Fargo & Co. Securities Litigation*, No. 1:20-cv-04494-GHW-SN (S.D.N.Y.); (b) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Wells Fargo common stock that the person or entity objecting (i) owned as of the opening of trading on February 2, 2018 and (ii) purchased/acquired and/or sold from February 2, 2018 through March 12, 2020, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

53.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

54.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in ¶ 51 above so that it is *received* **on or before August 18, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

55.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 51 above so that the notice is *received* **on or before August 18, 2023**.

56.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

57.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT STOCK ON SOMEONE ELSE'S BEHALF?

58.     If you purchased or otherwise acquired Wells Fargo common stock during the period from February 2, 2018 through March 12, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *Wells Fargo Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5430, Portland, OR 97228-5430. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.WellsFargoSecuritiesClassAction.com, by calling the Claims Administrator toll-free at 888-301-4209, or by emailing the Claims Administrator at info@WellsFargoSecuritiesClassAction.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

59.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007-1312. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.WellsFargoSecuritiesClassAction.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430
(888) 301-4209
info@WellsFargoSecuritiesClassAction.com
www.WellsFargoSecuritiesClassAction.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: June 7, 2023                    By Order of the Court
United States District Court
Southern District of New York

AI75011 v.06

11

**Appendix A**

## PROPOSED PLAN OF ALLOCATION

60.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

61.     In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from February 2, 2018 through March 12, 2020, inclusive (the "Class Period"), which had the effect of artificially inflating the price of Wells Fargo common stock. The estimated artificial inflation in Wells Fargo common stock allegedly caused by Defendants' alleged misrepresentations and omissions is reflected in Table A below. The estimated artificial inflation takes into account price changes in Wells Fargo common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, and adjusts for price changes attributable to market or industry factors. In addition, the estimated artificial inflation takes into account other Company-specific inflation unrelated to Lead Plaintiffs' allegations and adjusts for the difficulty in Lead Plaintiffs' ability to successfully prove that corrective information was revealed during certain periods.

62.     In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Wells Fargo common stock. Lead Plaintiffs allege that corrective information was released to the market, at least partially removing the artificial inflation from the price of Wells Fargo common stock, on January 15, 2019, April 12, 2019, January 14, 2020, March 5, 2020, March 11, 2020 and March 12, 2020.

63.     "Recognized Loss Amounts" are based primarily on the difference in the amount of alleged artificial inflation in the price of Wells Fargo common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired share(s) of Wells Fargo common stock prior to the first corrective disclosure, which occurred on January 15, 2019, must have held his, her, or its shares through at least the close of trading on January 14, 2019. A Settlement Class Member who or which purchased or otherwise acquired Wells Fargo common stock from January 15, 2019 through March 12, 2020 must have held those shares through at least one of the later dates where new corrective information was released to the market, at least partially removing the artificial inflation from the price of Wells Fargo common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

64.     Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Wells Fargo common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

65.     Subject to ¶ 66 below, for each share of Wells Fargo common stock purchased or otherwise acquired from February 2, 2018 through March 12, 2020, inclusive, and:

(a.) Sold before January 15, 2019, the Recognized Loss Amount will be $0.00.

(b.) Sold from January 15, 2019 through and including March 12, 2020, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as reflected in Table A *minus* the amount of artificial inflation per share on the date of sale as reflected in Table A; or (ii) the purchase/acquisition price *minus* the sale price.

(c.) Sold from March 13, 2020 through the close of trading on June 9, 2020, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as reflected in Table A; (ii) the purchase/acquisition price *minus* the average closing price between March 12, 2020 and the date of sale as reflected in Table B below; or (iii) the purchase/acquisition price *minus* the sale price.

(d.) Held as of the close of trading on June 9, 2020, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as reflected in Table A; or (ii) the purchase/acquisition price minus $27.67.[4]

---

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Wells Fargo common stock during the "90-day look-back period," March 12, 2020 through and including June 9, 2020. The mean (average) closing price for Wells Fargo common stock during this 90-day look back period was $27.67.

66.    In its order dated September 30, 2021, the Court dismissed claims based on misstatements prior to May 30, 2018. Accordingly, to account for the Court's dismissal and unlikelihood of prevailing on appeal for the dismissed period, Recognized Loss Amounts for purchases made during the dismissed period from February 2, 2018 through May 29, 2018, inclusive, are reduced by 95% under the Plan of Allocation.

## ADDITIONAL PROVISIONS

67.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amounts (defined in ¶ 76 below) are $10.00 or greater.

68.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all Wells Fargo common stock purchased or otherwise acquired during the Class Period.

69.    **LIFO Matching:** If a Settlement Class Member made more than one purchase/acquisition or sale of Wells Fargo common stock during the Class Period, all purchases/acquisitions and sales will be matched on a last-in, first-out ("LIFO") basis. Under the LIFO method, sales of Wells Fargo common stock will be matched first against the most recent prior purchases/acquisitions in reverse chronological order, and then against any holdings at the beginning of the Class Period.

70.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Wells Fargo common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Wells Fargo common stock during the Class Period shall not be deemed a purchase, acquisition or sale for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of the stock unless (i) the donor or decedent purchased or otherwise acquired the Wells Fargo common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

71.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Wells Fargo common stock. The date of a "short sale" is deemed to be the date of sale of the Wells Fargo common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

72.    In the event that a Claimant has an opening short position in Wells Fargo common stock, the purchases or acquisitions during the Class Period will be matched based on LIFO matching (each covering purchase will match to the most recent short sale until all short positions are fully covered), and such purchases shall not be entitled to a recovery.

73.    **Shares Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Wells Fargo common stock purchased or sold through the exercise of an option, the purchase/sale date of the shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

74.    **Market Gains and Losses:** The Claims Administrator will determine whether the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Wells Fargo common stock during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

75.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Wells Fargo common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Wells Fargo common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim calculated pursuant to ¶¶ 64-66 above, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Wells Fargo common stock purchased/acquired during the Class Period.

[6] The Claims Administrator shall match any sales of Wells Fargo common stock during the Class Period using LIFO share matching. The proceeds of any sales matched against the Claimant's opening position in Wells Fargo common stock will not be considered for purposes of calculating market gains or losses. The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Wells Fargo common stock sold during the Class Period is the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a "Holding Value" of $27.20 to each share of Wells Fargo common stock purchased/acquired during the Class Period that was still held as of the close of trading on March 12, 2020.

AI75013 v.06

76.     **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

77.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

78.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

79.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

80.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.WellsFargoSecuritiesClassAction.com.

**TABLE A**
**Estimated Artificial Inflation in Wells Fargo Common Stock**
**from February 2, 2018 through March 12, 2020**

| Transaction Date Range | Artificial Inflation Per Share |
|---|---|
| February 2, 2018 – January 14, 2019 | $5.12 |
| January 15, 2019 – April 11, 2019 | $4.49 |
| April 12, 2019 – January 13, 2020 | $3.22 |
| January 14, 2020 – March 4, 2020 | $1.93 |
| March 5, 2020 – March 10, 2020 | $1.71 |
| March 11, 2020 | $1.24 |
| March 12, 2020 | $0.63 |

AI75014 v.06

**TABLE B**
**90-Day Look-Back Table for Wells Fargo Common Stock**
**(Average Closing Price: March 12, 2020 – June 9, 2020)**

| Date | Average Closing Price Between 3/12/2020 and Date Shown | Date | Average Closing Price Between 3/12/2020 and Date Shown |
|---|---|---|---|
| 3/12/2020 | $27.20 | 4/27/2020 | $28.42 |
| 3/13/2020 | $29.05 | 4/28/2020 | $28.43 |
| 3/16/2020 | $28.20 | 4/29/2020 | $28.48 |
| 3/17/2020 | $28.56 | 4/30/2020 | $28.50 |
| 3/18/2020 | $28.47 | 5/1/2020 | $28.47 |
| 3/19/2020 | $28.44 | 5/4/2020 | $28.44 |
| 3/20/2020 | $28.16 | 5/5/2020 | $28.39 |
| 3/23/2020 | $28.80 | 5/6/2020 | $28.31 |
| 3/24/2020 | $28.92 | 5/7/2020 | $28.24 |
| 3/25/2020 | $28.03 | 5/8/2020 | $28.17 |
| 3/26/2020 | $28.29 | 5/11/2020 | $28.09 |
| 3/27/2020 | $28.45 | 5/12/2020 | $27.99 |
| 3/30/2020 | $28.57 | 5/13/2020 | $27.87 |
| 3/31/2020 | $28.58 | 5/14/2020 | $27.79 |
| 4/1/2020 | $28.44 | 5/15/2020 | $27.69 |
| 4/2/2020 | $28.37 | 5/18/2020 | $27.64 |
| 4/3/2020 | $28.24 | 5/19/2020 | $27.56 |
| 4/6/2020 | $28.26 | 5/20/2020 | $27.50 |
| 4/7/2020 | $28.29 | 5/21/2020 | $27.44 |
| 4/8/2020 | $28.39 | 5/22/2020 | $27.38 |
| 4/9/2020 | $28.62 | 5/26/2020 | $27.36 |
| 4/13/2020 | $28.75 | 5/27/2020 | $27.37 |
| 4/14/2020 | $28.81 | 5/28/2020 | $27.36 |
| 4/15/2020 | $28.79 | 5/29/2020 | $27.35 |
| 4/16/2020 | $28.72 | 6/1/2020 | $27.34 |
| 4/17/2020 | $28.70 | 6/2/2020 | $27.34 |
| 4/20/2020 | $28.67 | 6/3/2020 | $27.37 |
| 4/21/2020 | $28.60 | 6/4/2020 | $27.42 |
| 4/22/2020 | $28.54 | 6/5/2020 | $27.49 |
| 4/23/2020 | $28.47 | 6/8/2020 | $27.58 |
| 4/24/2020 | $28.42 | 6/9/2020 | $27.67 |

AI75015 v.06

15

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN OCTOBER 5, 2023**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Wells Fargo & Co. Securities Litigation,*
No. 1:20-cv-04494-GHW-SN

</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Settlement Class Member based on your claims in the action entitled *In re Wells Fargo & Co. Securities Litigation*, No. 1:20-cv-04494-GHW-SN (the "Action"),[1] you must complete and, on page 7 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

3. YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.WELLSFARGOSECURITIESCLASSACTION.COM NO LATER THAN 11:59 P.M. ET ON OCTOBER 5, 2023 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE OCTOBER 5, 2023, ADDRESSED AS FOLLOWS:

   Wells Fargo Securities Litigation
   c/o Epiq Class Action and Claims Solutions, Inc.
   P.O. Box 5430
   Portland, OR 97228-5430

4. If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5. If you are a Settlement Class Member and you did not timely and validly request exclusion from the proposed Settlement Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE WELLS FARGO & CO. ("WELLS FARGO") COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

8. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

9. All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.,* an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement between the Parties, dated May 8, 2023 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.WellsFargoSecuritiesClassAction.com.

on all the holdings and transactions in Wells Fargo common stock made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a) expressly state the capacity in which they are acting;

    (b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Wells Fargo common stock; and

    (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

## IDENTIFICATION OF TRANSACTION(S)

12. Use Part II of this form entitled "Schedule of Transactions in Wells Fargo Common Stock" to supply all required details of your holdings and transaction(s) in Wells Fargo common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in Wells Fargo common stock which took place during the period from February 2, 2018 to March 12, 2020, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from March 12, 2020 through June 9, 2020), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your holdings and transactions in Wells Fargo common stock, such as copies of broker confirmations or monthly account statements. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

## OTHER

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action and Claims Solutions, Inc., at the above address, by email at info@WellsFargoSecuritiesClassAction.com or by toll-free phone at 888-301-4209, or you can visit the website, www.WellsFargoSecuritiesClassAction.com, where copies of the Claim Form and Notice are available for downloading.

19. **NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.WellsFargoSecuritiesClassAction.com or you may email the Claims Administrator's electronic filing department at info@WellsFargoSecuritiesClassAction.com. Any file not in accordance with the required electronic filing format will be subject to rejection. The complete name of the beneficial owner of the securities must be entered where called for. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission. Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@WellsFargoSecuritiesClassAction.com to inquire about your file and confirm it was received.

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 888-301-4209.**

# PROOF OF CLAIM AND RELEASE FORM

| MUST BE POSTMARKED NO LATER THAN OCTOBER 5, 2023 |
|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Wells Fargo & Co. Securities Litigation,*
No. 1:20-cv-04494-GHW-SN

## PART I: CLAIMANT IDENTIFICATION

The Claims Administrator will use this contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City    State    ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)    Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual    ☐ IRA/401K    ☐ Estate

☐ Joint    ☐ Pension Plan    ☐ Trust

☐ Corporation    ☐ Other _____ (please specify)

03-CA40065503
AI7513 v.07

3

**PART II: SCHEDULE OF TRANSACTIONS IN WELLS FARGO COMMON STOCK**

A. **Holdings at Start of Class Period:** List all shares of Wells Fargo common stock held as of the opening of trading on February 2, 2018. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

B. **Purchases:** List all purchases of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

C. **Sales:** List all sales of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

D. **Unsold Holdings:** List the number of shares of Wells Fargo common stock held as of the close of trading on June 9, 2020. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

If you require additional space to list your transactions, use photocopies of this page and check this box. ☐

04-CA40065503
AI7514 v.07

4

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 7 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

## PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (we) submit this Claim Form under the terms of the Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to the Claims Administrator to support this Claim if requested to do so.

## PART IV: RELEASE

1. I (we) hereby acknowledge, on behalf of myself (ourselves), and each of my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of myself (ourselves), in that capacity, that I (we) fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and are forever barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

2. "Defendants' Releasees" means Defendants and Charles W. Scharf, including each of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

3. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 4 below), whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint; or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period. This release does not include any claims that have already been asserted in a related shareholder derivative action or ERISA action, including *Timothy Himstreet and Montini Family Trust v. Charles W. Scharf, et al.*, No. CGC-22-599223 (Cal. Super. Ct. Apr. 19, 2022), or any claims relating to the enforcement of the Settlement.

4. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

   > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

   Lead Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released,

05-CA40065503
AI7515 v.07

any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

5.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Effective Date of the Settlement (as defined in the Stipulation) occurs.

6.  I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

7.  I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Wells Fargo common stock during the required periods as set forth above.

8.  I (we) hereby warrant and represent that I (we) have not submitted any other Claim covering the same purchases of Wells Fargo common stock and knows (know) of no other person having done so on my (our) behalf.

9.  I (we) hereby warrant and represent that I am (we are) not excluded from the Settlement Class as defined in the Notice and that I (we) have not requested to be excluded from the Settlement Class pursuant to the procedures set forth in the Notice.

10. I (we) submit to the jurisdiction of the Court with respect to my (our) Claim and for purposes of enforcing the releases set forth herein.

11. I (we) agree to furnish such additional information with respect to this Claim as Lead Counsel, the Claims Administrator, or the Court may require.

12. I (we) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this Claim, and waive any right of appeal or review with respect to such determination.

13. I (we) acknowledge that I (we) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

14. I (we) certify that I am (we are) not subject to backup withholding under the provisions of section 3406(a)(1)(c) of the Internal Revenue Code.

Note:  if you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____, in _____, _____
(Month/Year)                    (City)                    (State/Country)

|  |  |
|---|---|
|  |  |
| Signature of Claimant | Signature of Joint Claimant, if any |
|  |  |
| Print Name of Claimant | Print Name of Joint Claimant, if any |

☐ ☐ – ☐ ☐ – ☐ ☐ ☐ ☐          ☐ ☐ – ☐ ☐ – ☐ ☐ ☐ ☐
MM      DD      YYYY                    MM      DD      YYYY
Date                                    Date

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

|  | ☐ ☐ – ☐ ☐ – ☐ ☐ ☐ ☐ |
|---|---|
|  | MM      DD      YYYY |
| Signature of Person Completing Form | Date |

|  |  |
|---|---|
|  |  |
| Print Name of Person Completing Form | Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor or Administrator) |

### REMINDER CHECKLIST

☐ 1. Please be sure to sign this Claim Form.

☐ 2. Remember to attach **COPIES OF** documentation verifying your transactions listed above.

☐ 3. **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**

☐ 4. Keep a copy of your Claim Form for your records.

☐ 5. If you move, please send your new address to the Claims Administrator at the address below:

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430
888-301-4209
info@WellsFargoSecuritiesClassAction.com

☐ 6. **Do not use highlighter on the Claim Form or supporting documentation.**

Exhibit B

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *Wells Fargo Securities Class Action*

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

> *6.19.2023 – Investor's Business Weekly*
> *6.19.2023 – PR Newswire*
> *6.20.2023 – Wall Street Journal*

**X** *Kathleen Komraus*
 **(Signature)**

Media & Design Manager
 **(Title)**

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| | $ 1.0 bil 888-278-5809 | | | | | |
| A- | Lg Cap Core | +13 | +11 | +7 | 25.43n | 0.31 |
| | **GuideStone Funds** | | | | | |
| | $ 14.7 bil 888-473-8637 | | | | | |
| A- | Eqty Idx | +16 | +12 | +8 | 46.51 | 0.58 |
| E | MD Bd | +4 | +1 | 0 | 12.72 | 0.07 |
| A | SC Eqty | +6 | +5 | +3 | 16.27 | 0.13 |
| A | Val Eqty | +4 | +7 | +4 | 17.66 | 0.19 |
| | **Harbor Funds** | | | | | |
| | $ 22.5 bil 800-422-1050 | | | | | |
| B+ | Cap Apprec | +37 | +22 | +9 | 85.88 | 0.93 |
| B | Internatl | +13 | +10 | +1 | 44.28 | 0.38 |
| A+ | Mid Cap Val | +5 | +7 | +2 | 23.42 | 0.23 |
| A- | Sm Cap Val | +8 | +4 | +3 | 38.60 | 0.16 |
| | **Harding Loevner** | | | | | |
| | $ 13.6 bil 877-435-8105 | | | | | |
| C+ | IE | +13 | +10 | +2 | 26.40 | 0.24 |
| | **Hartford Funds A** | | | | | |
| | $ 30.0 bil 888-843-7824 | | | | | |
| B+ | Cap Appr | +12 | +10 | +4 | 36.81 | 0.45 |
| B | Core Equity | +12 | +10 | +7 | 43.33 | 0.53 |
| A | Div & Gro | +6 | +9 | +6 | 31.00 | 0.38 |
| A | Equity Inc | +2 | +6 | +5 | 20.31 | 0.25 |
| B | Growth Opps | +29 | +17 | +5 | 38.51 | 0.47 |
| A | MidCap Val | +7 | +6 | +3 | 15.67 | 0.12 |
| C+ | MidCap | +8 | +6 | +2 | 24.51 | 0.22 |
| | **Hartford Funds I** | | | | | |
| | $ 24.8 bil 888-843-7824 | | | | | |
| C- | Bal Income | +3 | +4 | +3 | 13.93 | 0.11 |
| A | Intl Value | +12 | +9 | +2 | 16.91 | 0.09 |
| D+ | Schr EM E | +11 | +11 | 0 | 16.12 | 0.17 |
| B- | SchrIntlStk | +15 | +10 | +5 | 16.59 | 0.16 |
| A- | SchrUSMCO | +6 | +5 | +5 | 17.46 | 0.16 |
| | **Heartland Funds** | | | | | |
| | $ 1.3 bil 800-432-7856 | | | | | |
| A+ | MdCp Val | +7 | +8 | +6 | 13.26n | 0.11 |
| A | Value + | +1 | +1 | +4 | 37.06n | 0.29 |
| A | Value | +6 | +5 | +3 | 42.84n | 0.31 |
| | **Hennessy Funds** | | | | | |
| | $ 2.5 bil 800-966-4354 | | | | | |
| A+ | Crnst MdCp | +14 | +9 | +6 | 19.02 | 0.09 |
| A | Crnst Val | +1 | +6 | +4 | 19.13 | 0.24 |
| | **Hillman** | | | | | |
| | $ 202 mil 800-773-3863 | | | | | |
| A | HillmanValu | +15 | +10 | +8 | 29.47n | 0.25 |
| | **Homestead Funds** | | | | | |
| | $ 2.1 bil 800-258-3030 | | | | | |
| A | Sm-Co Stock | +8 | +5 | +1 | 24.43n | 0.24 |
| A- | Stock Index | +16 | +12 | +8 | 32.30n | 0.40 |
| A | Value | +3 | +7 | +6 | 47.58n | 0.56 |
| | **Hotchkis and Wiley** | | | | | |
| | $ 2.7 bil 866-493-8637 | | | | | |
| A+ | **Lg Cap Val** | +6 | +7 | +5 | 41.11 | 0.66 |
| A+ | **Mid Cap Val** | +4 | +9 | +3 | 46.49 | 0.75 |
| A+ | Sm Cap Val | +7 | +8 | +4 | 70.01 | 0.67 |
| A+ | Value Opps | +13 | +9 | +6 | 35.76 | 0.53 |
| | **IFP US Equity Fund** | | | | | |
| | $ 1.8 bil 855-233-0437 | | | | | |
| A | **FranchPrtnr** | +17 | +13 | +9 | 19.27 | 0.31 |
| | **Invesco Funds A** | | | | | |
| | $ 115 bil 800-959-4246 | | | | | |
| B- | ActiveAlloc | +8 | +6 | +2 | 12.88 | 0.11 |
| B+ | Cap Appr | +24 | +17 | +7 | 58.67 | 0.69 |
| A- | Charter | +16 | +12 | +5 | 17.06 | 0.20 |
| A+ | ComstockSlc | +7 | +9 | +5 | 32.42 | 0.48 |
| A+ | Comstock | +4 | +7 | +5 | 27.26 | 0.38 |
| C | DiscvryMCG | +8 | +7 | +5 | 22.54 | 0.18 |
| B | Div Inc | +2 | +6 | +4 | 24.54 | 0.31 |
| A- | Dvsfd Div | +3 | +6 | +4 | 17.87 | 0.23 |
| A+ | Energy | -6 | +4 | 0 | 26.80 | 0.32 |
| B+ | Eq & Income | +3 | +5 | +3 | 10.05 | 0.09 |
| A | Eq-Wtd 500 | +6 | +7 | +5 | 67.56 | 0.77 |
| B | Global Fd | +25 | +15 | +3 | 92.67 | 0.99 |
| E | Global Opp | +19 | +11 | -2.0 | 51.35 | 0.08 |
| A+ | Gr & Income | +4 | +7 | +3 | 21.14 | 0.27 |
| D- | GS Inc | +5 | +5 | -2.0 | 3.11 | 0.01 |
| D+ | HY Mun | +5 | +2 | +1 | 8.63 | 0.02 |
| A | Main SAC | +18 | +14 | +7 | 22.23 | 0.27 |
| A- | Main St MC | +8 | +8 | +3 | 25.28 | 0.25 |
| A- | Main Street | +17 | +13 | +6 | 50.72 | 0.55 |
| D | Muni Income | +4 | +2 | +1 | 11.90 | 0.01 |
| A | Rising Div | +12 | +10 | +6 | 23.55 | 0.30 |
| D+ | RO Muni Opp | +6 | +3 | +3 | 6.85 | 0.01 |
| D | Ro NY Mun | +6 | +3 | +2 | 15.07 | 0.02 |
| B+ | S&P 500 Idx | +16 | +12 | +7 | 46.89 | 0.57 |
| A+ | SC Value | +5 | +10 | +5 | 18.30 | 0.20 |
| B- | Senior Flt | +7 | +5 | -1.0 | 6.59 | 0.00 |
| C | SIRskModIn | +7 | +5 | +1 | 10.28 | 0.07 |
| A | Sm Cap Eqty | +9 | +7 | +2 | 12.64 | 0.10 |
| A+ | SP MLP Al | +8 | +8 | +1 | 5.80 | 0.07 |
| A+ | SP MLP In | +10 | +8 | +3 | 4.75 | 0.04 |
| | **Invesco Funds P** | | | | | |
| | $ 2.2 bil 800-959-4246 | | | | | |
| B- | Summit | +27 | +19 | +7 | 21.03n | 0.25 |
| | **Invesco Funds Y** | | | | | |
| | $ 30.7 bil 800-959-4246 | | | | | |
| D | Dev Mkt | +15 | +7 | -1.0 | 40.11 | 0.16 |
| C+ | Discovery | +11 | +8 | +6 | 97.90 | 0.37 |
| C- | Intl SM Co | +12 | +9 | +2 | 43.45 | 0.20 |
| C+ | OppenItlGro | +17 | +12 | +2 | 38.66 | 0.41 |
| A+ | SP MLP SI | +10 | +8 | +3 | 6.96 | 0.06 |
| | **Ivy Funds** | | | | | |
| | $ 28.7 bil 888-923-3355 | | | | | |
| A | Core Equity | +13 | +10 | +7 | 15.66 | 0.20 |
| A | Glbl Growth | +10 | +9 | +4 | 30.73 | 0.35 |
| A | LargeCapGro | +26 | +17 | +11 | 30.78 | 0.47 |
| B | MidCapGrowt | +16 | +8 | +8 | 31.05 | 0.32 |
| A- | Science&Tec | +26 | +13 | +7 | 46.06 | 0.42 |
| A+ | Value Fund | +1 | +5 | +4 | 21.49 | 0.28 |
| | **–J–K–L–** | | | | | |
| | **Janus Henderson C** | | | | | |
| | $ 26.9 bil 877-335-2687 | | | | | |
| C | Balanced | +9 | +6 | +5 | 39.91 | 0.37 |
| | **Janus Henderson S** | | | | | |
| | $ 26.9 bil 877-335-2687 | | | | | |
| A- | Enterprise | +11 | +7 | +7 | 126.30 | 1.20 |
| | **JHF III DispVal** | | | | | |
| | $ 30.5 bil 888-972-8696 | | | | | |
| A+ | Ds Val | +3 | +7 | +5 | 21.52 | 0.25 |
| A | DVMC | +6 | +8 | +5 | 25.78 | 0.25 |
| | **JHITFunLgCpCorFd** | | | | | |
| | $ 2.5 bil 800-225-5291 | | | | | |
| A- | HancockFdmn | +20 | +11 | +6 | 60.57 | 0.88 |
| | **John Hancock** | | | | | |
| | $ 7.1 bil 888-972-8696 | | | | | |
| A+ | HancockClsc | +8 | +7 | +3 | 33.70 | 0.32 |
| A | Cap Ap | +37 | +22 | +9 | 13.06 | 0.14 |
| A- | GlSYd | +7 | +7 | +4 | 10.75 | 0.13 |
| C+ | IntG | +12 | +10 | +2 | 25.20 | 0.38 |
| | **John Hancock Funds A** | | | | | |
| | $ 11.5 bil 800-225-5291 | | | | | |
| C | HancockBala | +10 | +8 | +4 | 24.69 | 0.25 |
| | **JPMorgan A Class** | | | | | |
| | $ 44.4 bil 800-480-4111 | | | | | |
| C | Inv Bal | +8 | +6 | +3 | 14.71 | 0.12 |
| D+ | Inv Csv Gr | +6 | +4 | +1 | 11.89 | 0.07 |
| B- | Inv Gr&Inc | +10 | +7 | +4 | 17.42 | 0.16 |
| B+ | Inv Growth | +12 | +9 | +5 | 21.92 | 0.23 |
| A- | Itl Val | +10 | +9 | 0 | 12.79 | 0.13 |
| A | US Value | +3 | +7 | +5 | 66.42 | 0.77 |
| | **JPMorgan I Class** | | | | | |
| | $ 83.9 bil 800-480-4111 | | | | | |
| D | Em Mkt Eq | +9 | +8 | +1 | 30.41 | 0.27 |
| A- | Equity Idx | +16 | +12 | +8 | 66.59 | 0.81 |
| A- | Equity Inc | +0 | +5 | +6 | 22.16 | 0.25 |
| A | Gro Advtg | +27 | +18 | +11 | 29.66 | 0.37 |
| A- | LgCp Gro | +23 | +18 | +11 | 55.03 | 0.72 |
| A+ | LgCp Val | +4 | +5 | +6 | 18.40 | 0.21 |
| A- | MdCp Eq | +7 | +8 | +6 | 53.89 | 0.66 |
| B- | MdCp Gro | +14 | +9 | +8 | 43.12 | 0.52 |
| B+ | SmCp Eqty | +4 | +4 | +4 | 52.46 | 0.43 |
| A | TA Equity | +17 | +12 | +9 | 38.98 | 0.44 |
| A | US Eq | +17 | +12 | +9 | 19.82 | 0.26 |
| A+ | US LCC + | +17 | +13 | +9 | 17.59 | 0.20 |
| A | Val Advtg | +1 | +5 | +5 | 34.96 | 0.41 |
| | **JPMorgan L Class** | | | | | |
| | $ 7.9 bil 800-480-4111 | | | | | |
| A | MdCp Val | +2 | +6 | +4 | 35.10 | 0.45 |
| A+ | US Sm Co | +7 | +6 | +3 | 16.34 | 0.12 |
| | **JPMorgan R Class** | | | | | |
| | $ 52.5 bil 800-480-4111 | | | | | |
| E | Core Bond | +4 | +1 | +1 | 10.25 | 0.05 |
| E | Core Pl Bd | +4 | +1 | +1 | 7.22 | 0.04 |
| C- | High Yield | +6 | +4 | +1 | 6.23 | 0.02 |
| E | Mtge Secs | +4 | +1 | +1 | 10.07 | 0.05 |
| D- | Sh Dur Bd | +3 | +1 | +1 | 10.53 | 0.02 |
| A+ | SmCp Val | +3 | +4 | +2 | 24.85 | 0.15 |
| A+ | US Res EnEq | +17 | +13 | +9 | 34.11 | 0.43 |
| | **Kinetics Funds** | | | | | |
| | $ 1.0 bil 800-930-3828 | | | | | |
| A- | **Paradigm** | -28 | -10 | +5 | 67.01n | 1.09 |
| A+ | SC Oppty | -23 | -8 | +8 | 100.75n | 1.24 |
| | **Laudus Funds** | | | | | |
| | $ 1.9 bil 800-447-3332 | | | | | |
| B- | SelectLgCap | +33 | +19 | +7 | 22.56n | 0.24 |
| | **Lazard Instl** | | | | | |
| | $ 17.7 bil 800-823-6300 | | | | | |
| B- | Emg Mkt Eq | +16 | +12 | 0 | 16.84 | 0.12 |
| B | GlLstdInfr | +7 | +4 | +6 | 15.07 | 0.07 |
| C+ | Int Str Eq | +14 | +11 | +2 | 15.24 | 0.18 |
| | **Legg Mason I** | | | | | |
| | $ 4.3 bil 877-721-1926 | | | | | |
| C- | Intl Gro | +14 | +9 | +4 | 61.40 | 0.73 |
| A+ | Value Trust | +9 | +11 | +7 | 117.11 | 1.56 |
| | **Longleaf Partners** | | | | | |
| | $ 3.2 bil 800-445-9469 | | | | | |
| A- | Partners | +16 | +10 | +1 | 21.12n | 0.17 |
| | **Loomis Sayles Fds** | | | | | |
| | $ 8.8 bil 800-633-3330 | | | | | |
| D | Bond | +4 | +2 | 0 | 11.43 | 0.05 |
| | **Lord Abbett A** | | | | | |
| | $ 40.4 bil 888-522-2388 | | | | | |
| B | Affilted | +1 | +6 | +3 | 15.53 | 0.18 |
| B+ | Div Gro | +8 | +8 | +6 | 18.17 | 0.22 |
| A- | Fund Eq | +4 | +7 | +4 | 12.37 | 0.17 |
| D | HI Muni | +5 | +2 | +1 | 10.61 | 0.01 |
| D- | Int TxFr | +3 | +1 | +1 | 10.09 | 0.00 |
| C+ | MA Bal | +6 | +5 | +3 | 10.45 | 0.08 |
| A- | MdCp Stk | +5 | +7 | +2 | 29.57 | 0.32 |
| D- | Natl TF | +5 | +2 | +1 | 10.35 | 0.01 |
| | **Lord Abbett I** | | | | | |
| | $ 46.7 bil 888-522-2388 | | | | | |
| D+ | Bond Deb | +3 | +3 | +1 | 6.91 | 0.02 |
| C+ | Flt Rte | +8 | +5 | +1 | 7.99 | 0.00 |
| C- | High Yld | +6 | +4 | 0 | 6.18 | 0.00 |
| D | Sh Dur | +3 | +1 | +1 | 3.82 | 0.01 |
| | **–M–N–O–** | | | | | |
| | **MainStay Fds A** | | | | | |
| | $ 8.3 bil 800-624-6782 | | | | | |
| C- | MK HY CB | +6 | +4 | +1 | 5.03 | 0.01 |
| A | WMC End C | +5 | +7 | +6 | 30.97 | 0.38 |
| A+ | WMC Val | +1 | +5 | +6 | 27.12 | 0.36 |
| A- | Wnslw LCG | +25 | +17 | +7 | 8.74 | 0.09 |
| | **MainStay Fds I** | | | | | |
| | $ 3.1 bil 800-624-6782 | | | | | |
| A | S&P500 Idx | +16 | +12 | +8 | 50.82 | 0.61 |
| | **Mairs&Power** | | | | | |
| | $ 5.7 bil 800-304-7404 | | | | | |
| A- | &PowerGrowt | +17 | +12 | +8 | 138.23n | 1.69 |
| A- | Sml Cap | +4 | +4 | +4 | 27.56n | 0.26 |
| | **Marsico Funds** | | | | | |
| | $ 1.2 bil 888-860-8686 | | | | | |
| A- | Foc | +32 | +21 | +9 | 20.51n | 0.21 |
| A- | Grow | +30 | +19 | +8 | 18.40n | 0.19 |
| | **Mass Mutual** | | | | | |
| | $ 3.1 bil 888-309-3539 | | | | | |
| B+ | Bl Ch | +37 | +21 | +8 | 22.24 | 0.30 |
| | **MassMutual Select** | | | | | |
| | $ 12.4 bil 888-309-3539 | | | | | |
| A | Eq Op | +4 | +6 | +7 | 16.83 | 0.22 |
| A+ | Fnd V | +2 | +6 | +5 | 8.47 | 0.09 |
| B | MCG | +12 | +8 | +6 | 19.53 | 0.20 |
| A- | Oseas | +17 | +11 | +3 | 8.78 | 0.09 |
| A+ | S&P500 | +16 | +12 | +8 | 15.10 | 0.19 |
| | **Matthews Asian Funds** | | | | | |
| | $ 3.9 bil 800-789-2742 | | | | | |
| A+ | India | +8 | +13 | +2 | 23.95n | 0.10 |
| | **Meridian Funds** | | | | | |
| | $ 1.5 bil 800-446-6662 | | | | | |
| A+ | Contrarian | +11 | +9 | +5 | 37.95n | 0.28 |
| | **Metropolitan West** | | | | | |
| | $ 68.7 bil 800-241-4671 | | | | | |
| D- | LowDurBond | +3 | +1 | +1 | 8.21 | 0.02 |
| E | Total Rtn | +4 | +1 | 0 | 9.14 | 0.06 |
| D+ | Uncons Bd | +5 | +3 | 0 | 10.31 | 0.03 |
| | **MFS Funds A** | | | | | |
| | $ 54.4 bil 800-225-2606 | | | | | |
| B | AggrGrAlloc | +9 | +9 | +4 | 27.14 | 0.27 |
| B+ | Core Equity | +13 | +11 | +7 | 42.91 | 0.52 |
| E | Corp Bond | +5 | +2 | 0 | 12.10 | 0.07 |
| C | IntlIntrVal | +14 | +9 | +3 | 40.40 | 0.24 |
| A | MassInvGro | +16 | +12 | +9 | 38.29 | 0.59 |
| A- | Mass Inv Tr | +11 | +10 | +6 | 35.35 | 0.47 |
| D | MuniHighInc | +4 | +2 | +1 | 7.26 | 0.01 |
| D- | Muni Income | +4 | +1 | +1 | 8.06 | 0.01 |
| E | TotRetBond | +4 | +2 | 0 | 9.43 | 0.05 |
| C+ | TotalReturn | +5 | +6 | +3 | 19.04 | 0.19 |
| B | Utilities | +0 | +3 | +5 | 22.48 | 0.19 |
| | **MFS Funds I** | | | | | |
| | $ 53.2 bil 800-225-2606 | | | | | |
| C+ | Growth | +23 | +16 | +9 | 163.53 | 2.02 |
| B | Intl Equity | +15 | +11 | +5 | 32.41 | 0.26 |
| C- | MidCapGrowt | +11 | +8 | +7 | 26.51 | 0.21 |
| A | MidCapValue | +4 | +8 | +6 | 29.33 | 0.25 |
| B+ | Research | +12 | +11 | +8 | 53.99 | 0.68 |
| B+ | Value | +2 | +6 | +6 | 48.23 | 0.60 |
| | **Morgan Stanley Inst** | | | | | |
| | $ 194 bil 800-548-7786 | | | | | |
| C+ | **Gl Fr** | +11 | +9 | +7 | 33.48 | 0.61 |
| E | **Growth** | +34 | +19 | +2 | 30.79 | 0.49 |
| | **MorganStanleyPathway** | | | | | |
| | $ 4.6 bil 888-673-9950 | | | | | |
| E | Core FI | +4 | +1 | 0 | 6.90n | 0.04 |
| A- | Lg Cap Eq | +15 | +11 | +6 | 21.56n | 0.26 |
| A- | SMid Cap Eq | +8 | +6 | +3 | 15.78n | 0.15 |
| | **Muhlenkmp** | | | | | |
| | $ 216 mil 800-860-3863 | | | | | |
| A+ | Fund | +7 | +9 | +7 | 58.85n | 0.48 |
| | **Munder Funds** | | | | | |
| | $ 1.9 bil 800-539-3863 | | | | | |
| C+ | Intl SmCp | +12 | +9 | +1 | 14.30 | 0.12 |
| | **Munder Funds Cl A** | | | | | |
| | $ 750 mil 800-539-3863 | | | | | |
| A | Multi-Cap | +16 | +12 | +5 | 46.07 | 0.51 |
| | **Munder Funds Cl Y** | | | | | |
| | $ 893 mil 800-539-3863 | | | | | |
| A+ | IntegritySC | +6 | +5 | +3 | 34.56 | 0.23 |
| | **Nationwide Fds R6** | | | | | |
| | $ 1.6 bil 800-848-0920 | | | | | |
| A- | BNYM DUSC | +15 | +12 | +7 | 12.89 | 0.16 |
| A | MC Mkt Idx | +8 | +7 | +4 | 15.93 | 0.15 |
| | **Nationwide Funds** | | | | | |
| | $ 794 mil 800-848-0920 | | | | | |
| A- | S&P 500 | +16 | +12 | +8 | 21.14 | 0.26 |
| | **Natixis Funds** | | | | | |
| | $ 16.8 bil 800-225-5478 | | | | | |
| D | Inv GB | +4 | +2 | +1 | 9.76 | 0.05 |
| A- | LS Growth | +40 | +22 | +10 | 22.75 | 0.32 |
| A+ | Oakmark | +17 | +12 | +6 | 25.25 | 0.29 |
| A+ | US Eq Opp | +25 | +16 | +7 | 36.26 | 0.47 |
| | **Neuberger Berman Fds** | | | | | |
| | $ 30.3 bil 800-366-6264 | | | | | |
| A- | EIPWS | +12 | +9 | +4 | 10.95 | 0.02 |
| C | LngSh | +7 | +4 | | 16.70 | 0.08 |
| A | Intr Val | +8 | +6 | +5 | 19.27 | 0.14 |
| A | LC Value | -1 | +3 | +9 | 42.72 | 0.43 |
| D+ | Str Inc | +6 | +4 | +1 | 9.62 | 0.04 |
| A | Sus Eqty | +14 | +11 | +7 | 39.70 | 0.54 |
| | **Neuberger Berman Inv** | | | | | |
| | $ 7.2 bil 800-877-9700 | | | | | |
| A | Guardian | +22 | +12 | +10 | 23.44n | 0.29 |
| | **Neuberger Berman Tr** | | | | | |
| | $ 5.8 bil 800-877-9700 | | | | | |
| B+ | Genesis | +10 | +6 | +6 | 59.80 | 0.58 |
| | **New Covenant Funds** | | | | | |
| | $ 1.3 bil 877-835-4531 | | | | | |
| A- | Growth | +15 | +12 | +7 | 56.17n | 0.67 |
| | **Nicholas Group** | | | | | |
| | $ 5.0 bil 800-544-6547 | | | | | |
| A- | Equity Inc | +3 | +6 | +6 | 19.70n | 0.23 |
| A | Fund | +22 | +15 | +10 | 80.41n | 0.95 |
| | **Northern Funds** | | | | | |
| | $ 33.8 bil 800-595-9111 | | | | | |
| E | Bond Index | +3 | +1 | 0 | 9.20n | 0.05 |
| C- | EM Eq Idx | +9 | +9 | -1.0 | 11.07n | 0.11 |
| C | HY Fxd Inc | +8 | +5 | +1 | 5.76n | 0.01 |
| B | Intl Eq Idx | +14 | +10 | +2 | 13.74n | 0.14 |
| E | Intmdt TxEx | +3 | +1 | +1 | 9.76n | 0.01 |
| A | Lg Cp Core | +14 | +12 | +7 | 24.45n | 0.30 |
| A | Mid Cap Idx | +7 | +7 | +4 | 19.90n | 0.19 |
| A | Sm Cap Val | +4 | +5 | +1 | 18.71n | 0.14 |
| A | Stock Idx | +16 | +13 | +8 | 47.22n | 0.57 |
| | **Nuveen Funds A** | | | | | |
| | $ 15.8 bil 800-257-8787 | | | | | |
| E | All-Am Muni | +4 | +2 | +1 | 10.08 | 0.01 |
| A- | Div Value | +3 | +7 | +2 | 13.36 | 0.21 |
| | **Nuveen Funds I** | | | | | |
| | $ 10.1 bil 800-257-8787 | | | | | |
| C- | HY Muni | +6 | +3 | +3 | 15.16 | 0.02 |
| D- | IntDurMuni | +3 | +1 | +2 | 8.74 | 0.01 |
| D- | LtdTrmMuni | +2 | +1 | +2 | 10.74 | 0.00 |
| A+ | MidCpValue | +6 | +7 | +4 | 49.75 | 0.49 |
| A | SmCapValue | +2 | +4 | 0 | 26.68 | 0.24 |
| | **Oakmark Funds Invest** | | | | | |
| | $ 21.1 bil 800-625-6275 | | | | | |
| B+ | Eqty & Inc | +8 | +8 | +4 | 31.91n | 0.31 |
| A+ | Fund | +17 | +13 | +7 | 120.12n | 1.40 |
| A | Global | +16 | +12 | +3 | 33.34n | 0.36 |
| A- | Internatl | +20 | +12 | +1 | 27.54n | 0.23 |
| A- | Intl SC | +13 | +11 | +3 | 18.76n | 0.18 |
| A | Select | +25 | +20 | +5 | 61.62n | 0.68 |
| | **Olstein** | | | | | |
| | $ 297 mil 800-799-2113 | | | | | |
| A- | All Cap Val | +8 | +5 | +5 | 25.73 | 0.27 |
| | **Optimum Funds Inst** | | | | | |
| | $ 7.8 bil 800-914-0278 | | | | | |
| E | Fxd Inc | +3 | +1 | 0 | 8.20 | 0.04 |
| B- | Lg Cp Gro | +29 | +17 | +7 | 20.42 | 0.22 |
| A- | Lg Cp Val | +3 | +7 | +6 | 19.23 | 0.24 |
| A | S-M Cap Gro | +11 | +8 | +5 | 12.15 | 0.06 |
| A- | S-M Cap Val | +1 | +5 | +1 | 13.12 | 0.11 |
| | **Osterweis Strat Income** | | | | | |
| | $ 4.8 bil 866-236-0050 | | | | | |
| C- | StratIncome | +4 | +2 | +2 | 10.54n | -0.17 |
| | **–P–Q–R–** | | | | | |
| | **PACE Funds Cl P** | | | | | |
| | $ 4.5 bil 800-647-1568 | | | | | |
| A+ | Lg Co Gr | +23 | +17 | +8 | 14.65 | 0.21 |
| A+ | Lg Co Vl | +7 | +7 | +4 | 19.00 | 0.23 |
| A- | S/M Gr | +12 | +8 | +4 | 13.42 | 0.12 |
| A | S/M Vl | +2 | +4 | +3 | 17.45 | 0.17 |
| | **Parnassus Fds** | | | | | |
| | $ 12.6 bil 800-999-3505 | | | | | |
| A | Core Eqty | +15 | +11 | +9 | 54.05n | 0.74 |
| | **Pear Tree** | | | | | |
| | $ 4.5 bil 800-326-2151 | | | | | |
| B- | Foreign V | +12 | +9 | 0 | 21.82 | 0.04 |
| | **Perm Port Funds** | | | | | |
| | $ 3.0 bil 800-531-5142 | | | | | |
| C+ | Perm | +5 | +5 | +5 | 48.51n | 0.29 |
| | **PGIM Funds A** | | | | | |
| | $ 16.8 bil 800-225-1852 | | | | | |
| C- | High Yield | +6 | +4 | +1 | 4.60 | 0.01 |
| E | Tot Rtn Bnd | +4 | +2 | -1.0 | 11.90 | 0.06 |
| | **PGIM Jenn Funds A** | | | | | |
| | $ 16.8 bil 800-225-1852 | | | | | |
| A- | Jenn Blend | +16 | +12 | +4 | 20.98 | 0.20 |
| A | JennDvsfdGr | +32 | +18 | +7 | 14.65 | 0.15 |
| B | Jenn Growth | +37 | +22 | +8 | 49.20 | 0.53 |
| A- | JennHealthS | +7 | +9 | +5 | 36.24 | 0.31 |
| A+ | JennMid-Cap | +13 | +10 | +6 | 14.11 | 0.14 |
| A+ | JennNtrlRes | -4 | +8 | +2 | 51.12 | 0.71 |
| A+ | JennSmallCo | +6 | +5 | +3 | 17.98 | 0.14 |
| B- | JennUtility | -2 | +2 | +5 | 14.35 | 0.14 |
| A- | Jenn Value | +5 | +8 | +4 | 19.78 | 0.23 |
| | **PGIM Quant Funds A** | | | | | |
| | $ 16.8 bil 800-225-1852 | | | | | |
| A | Quant LCC | +15 | +13 | +5 | 17.56 | 0.22 |
| | **PIMCO Fds Instl** | | | | | |
| | $ 145 bil 800-927-4648 | | | | | |
| B | All Asset | +5 | +4 | +2 | 10.85 | 0.06 |
| B | All Ast Ath | +4 | +2 | 0 | 6.45 | 0.04 |
| A+ | **Comm RR Str** | -4 | +2 | +1 | 13.10 | 0.33 |
| D- | Div Income | +4 | +3 | 0 | 9.17 | 0.02 |
| D- | Em Mkts Bd | +5 | +3 | -1.0 | 8.00 | 0.01 |
| C- | High Yield | +7 | +4 | +1 | 7.69 | 0.02 |
| E | IntlBd(DH) | +4 | +1 | 0 | 9.46 | -0.02 |
| E | Lng-TmCrBd | +6 | +2 | 0 | 8.94 | 0.07 |
| E | Long Dur TR | +6 | +1 | 0 | 7.36 | 0.06 |
| E | Low Dur | +2 | +1 | 0 | 9.05 | 0.01 |
| D+ | MtgOpp&Bd | +5 | +3 | 0 | 9.44 | 0.06 |
| A+ | RE RI Rtn | +4 | +4 | +3 | 23.24 | 0.18 |
| D+ | Real Return | +3 | +2 | +1 | 10.05 | 0.06 |
| A | S+ Intl(DH) | +17 | +11 | +4 | 8.22 | -0.04 |
| D | Short-Term | +4 | +2 | +1 | 9.51 | 0.00 |
| D | ShtAsstInv | +4 | +2 | +1 | 9.87 | 0.00 |
| A | Stk+ Small | +8 | +7 | 0 | 6.94 | 0.06 |
| A+ | Stk+Abs Rtn | +16 | +12 | +7 | 10.37 | 0.13 |
| A | StocksPLUS | +17 | +13 | +7 | 10.82 | 0.13 |
| E | Tot Rtn ESG | +3 | +1 | 0 | 7.58 | 0.04 |
| E | Tot Rtn | +4 | +1 | 0 | 8.55 | 0.05 |
| B+ | TRENDS MFS | -3 | +1 | +6 | 10.88 | -0.12 |
| | **PIMCO Funds A** | | | | | |
| | $ 31.1 bil 800-927-4648 | | | | | |
| A+ | RAE PLUS | +4 | +6 | +3 | 15.13 | 0.23 |
| | **PIMCO Funds I2** | | | | | |
| | $ 61.8 bil 888-877-4626 | | | | | |
| E | Inv Grd Cr | +5 | +2 | 0 | 8.80 | 0.05 |
| C- | Low Dur Inc | +5 | +3 | +1 | 7.83 | 0.03 |
| | **PIMCO Funds Instl** | | | | | |
| | $ 78.7 bil 888-877-4626 | | | | | |
| A+ | **Comm+ Strat** | -3 | +4 | +2 | 6.50 | 0.16 |
| D | Dynmc Bd | +3 | +2 | 0 | 9.58 | 0.01 |
| C- | Income | +6 | +3 | +1 | 10.44 | 0.04 |
| B+ | Infl Rsp MA | +2 | +3 | +2 | 7.67 | 0.09 |
| | **Pioneer Funds A** | | | | | |
| | $ 15.0 bil 800-225-6292 | | | | | |
| A | Core Eqty | +12 | +10 | +5 | 20.24 | 0.25 |
| A+ | Disc Gro | +18 | +11 | +8 | 14.98 | 0.16 |
| A+ | Disc Val | +4 | +5 | +3 | 13.51 | 0.16 |
| A- | Eqty Income | +4 | +6 | +3 | 34.17 | 0.28 |
| A | Fund | +14 | +13 | +7 | 33.23 | 0.27 |
| A+ | Mid Cap Val | +4 | +6 | +3 | 23.07 | 0.29 |
| | **Pioneer Funds Y** | | | | | |
| | $ 7.1 bil 800-225-6292 | | | | | |
| D- | Bond | +4 | +1 | 0 | 8.17 | 0.04 |
| D+ | StratIncome | +5 | +2 | +1 | 9.27 | 0.04 |
| | **Price Funds** | | | | | |
| | $ 301 bil 800-638-5660 | | | | | |
| B- | PriceQMUSSC | +12 | +8 | +4 | 38.98n | 0.32 |
| A+ | AllCp Opp | +17 | +13 | +10 | 60.88n | 0.75 |
| C+ | Balanced | +11 | +8 | +4 | 24.55n | 0.22 |
| C | BlueChpGro | +34 | +20 | +6 | 138.79n | 1.82 |
| D+ | Comm/Tech | +25 | +14 | +6 | 115.70n | 1.63 |
| B+ | Div Gr | +6 | +7 | +9 | 67.48n | 0.81 |
| A | Eq Inc | +2 | +6 | +5 | 33.24n | 0.39 |
| A- | EqIndex500 | +16 | +12 | +8 | 116.78n | 1.43 |
| A | Financial | -3 | +6 | +4 | 30.55n | 0.42 |
| B | Glbl Stck | +18 | +13 | +8 | 53.84n | 0.57 |
| D+ | Glbl Tech | +44 | +22 | +4 | 14.43n | 0.09 |
| C+ | GrowthStock | +32 | +18 | +6 | 81.03n | 1.04 |
| B- | Hlth Sci | +2 | +6 | +7 | 91.44n | 1.22 |
| C- | Intl Disc | +9 | +6 | +1 | 62.00n | 0.47 |
| C | Intl Stck | +13 | +9 | +2 | 18.74n | 0.17 |
| B- | MdCp Growth | +12 | +8 | +6 | 99.10n | 1.03 |
| A+ | MdCp Val | +7 | +7 | +5 | 30.39n | 0.25 |
| A+ | New Era | -1 | +6 | +2 | 40.77n | 0.51 |
| C- | **NewHorizons** | +15 | +10 | +7 | 53.48n | 0.90 |
| B- | OverseasStc | +13 | +11 | +2 | 12.37n | 0.11 |
| A- | Real Estate | +4 | +3 | +1 | 12.34n | 0.06 |
| C+ | 2010 | +7 | +5 | +3 | 14.44n | 0.11 |
| C+ | 2015 | +7 | +5 | +3 | 12.05n | 0.09 |
| C+ | 2020 | +8 | +6 | +3 | 18.02n | 0.13 |
| B- | 2025 | +8 | +6 | +4 | 15.85n | 0.13 |
| B- | 2030 | +10 | +7 | +4 | 23.96n | 0.21 |
| B- | 2035 | +11 | +8 | +4 | 18.94n | 0.19 |
| B | 2040 | +12 | +9 | +5 | 27.32n | 0.29 |
| B | 2045 | +13 | +10 | +5 | 19.43n | 0.21 |
| B | 2050 | +13 | +10 | +5 | 16.47n | 0.18 |
| B | 2055 | +13 | +10 | +5 | 17.16n | 0.18 |
| C+ | Bal | +7 | +5 | +3 | 12.60n | 0.08 |
| A | Sci&Tch | +42 | +19 | +7 | 37.22n | 0.41 |
| D- | ShTm Bd | +2 | +1 | +1 | 4.49n | 0.01 |
| B- | **SmCp Stk** | +9 | +7 | +5 | 55.90n | 0.95 |
| A- | **SmCp Val** | +4 | +5 | +3 | 49.86n | 0.86 |
| A- | DE | +12 | +10 | +5 | 22.59n | 0.26 |
| D+ | SpectrumInc | +4 | +3 | +1 | 11.08n | 0.05 |
| D- | SumtMuniInt | +3 | +1 | +2 | 11.24n | 0.01 |
| B+ | Tot Eq Mk | +16 | +12 | +8 | 47.47n | 0.57 |
| D | Tx-Fr HY | +5 | +2 | +2 | 10.77n | 0.02 |
| A- | US ER | +18 | +13 | +9 | 42.82n | 0.52 |
| A- | USLgCpCore | +11 | +10 | +8 | 32.36n | 0.41 |
| A | Value | +3 | +6 | +6 | 39.82n | 0.48 |
| | **Price Funds I** | | | | | |
| | $ 301 bil 800-638-5660 | | | | | |
| C+ | Flt Rate | +8 | +4 | +2 | 9.28 | 0.00 |
| C- | HiYld | +7 | +5 | +1 | 7.52 | 0.00 |
| C | I LC Cor Gr | +34 | +20 | +6 | 55.74 | 0.73 |
| B- | I MCEq Gr | +12 | +8 | +6 | 62.58 | 0.67 |
| B | **I SC Stk** | +9 | +8 | +5 | 26.06 | 0.47 |
| B- | LgCp Gro | +30 | +18 | +8 | 59.54 | 0.77 |
| A | LgCp Val | +2 | +6 | +5 | 22.55 | 0.27 |
| | **PRIMECAP Odyssey Fds** | | | | | |
| | $ 19.1 bil 800-729-2307 | | | | | |
| B | OdysseyAgGr | +18 | +11 | +3 | 42.94n | 0.36 |
| A | OdysseyGrow | +14 | +12 | +5 | 38.36n | 0.42 |
| A+ | OdysseyStoc | +12 | +13 | +7 | 35.75n | 0.42 |
| | **Principal Funds A** | | | | | |
| | $ 56.1 bil 800-222-5852 | | | | | |
| A | Cap App | +13 | +11 | +7 | 60.62 | 0.73 |
| B- | MidCap | +13 | +11 | +7 | 33.78 | 0.43 |
| C+ | SAM Bal | +9 | +7 | +2 | 14.60 | 0.13 |
| B | SAM Csv G | +11 | +9 | +3 | 16.82 | 0.17 |
| | **Principal Funds Inst** | | | | | |
| | $ 56.1 bil 800-222-5852 | | | | | |
| C | Hi In | +8 | +5 | +1 | 8.03 | 0.01 |
| D | Infl Prt | +2 | +1 | +1 | 7.86 | 0.04 |
| A | LC S&P500 | +16 | +12 | +8 | 22.36 | 0.27 |
| B | LCG I | +27 | +17 | +8 | 16.62 | 0.23 |
| A | LCV III | +2 | +7 | +5 | 17.32 | 0.20 |
| C | LT 2020 | +7 | +5 | +3 | 12.00 | 0.09 |
| B- | LT 2030 | +9 | +6 | +3 | 13.26 | 0.12 |
| B | LT 2040 | +11 | +8 | +4 | 14.87 | 0.15 |
| B+ | LT 2050 | +12 | +10 | +4 | 15.50 | 0.17 |
| A+ | MCV I | +3 | +5 | +5 | 15.88 | 0.17 |
| C | Real Est | +5 | +4 | +4 | 26.33 | 0.10 |
| A | SC S&P600 | +5 | +4 | +2 | 24.58 | 0.22 |
| A- | SmallCap | +10 | +7 | +3 | 26.63 | 0.16 |
| D+ | Sp Prf Sl | +1 | +3 | 0 | 8.54 | -0.02 |
| | **ProFunds Inv Class** | | | | | |
| | $ 1.6 bil 888-776-3637 | | | | | |
| A+ | **UltraNASDAQ** | +84 | +43 | +16 | 69.33n | 1.60 |
| | **Putnam Funds Class A** | | | | | |
| | $ 37.3 bil 800-225-1581 | | | | | |
| B | D AAG | +12 | +9 | +3 | 17.49 | 0.18 |
| B+ | GrowthOppty | +30 | +19 | +9 | 49.48 | 0.62 |
| A | LargeCpVal | +7 | +8 | +6 | 29.83 | 0.40 |
| A | Research | +17 | +14 | +7 | 40.95 | 0.50 |
| B+ | Sstnbl Ldrs | +14 | +12 | +7 | 101.11 | 1.09 |
| | **Putnam Funds Class Y** | | | | | |
| | $ 20.2 bil 800-225-1581 | | | | | |
| D | UltShtDurl | +4 | +2 | +1 | 10.03 | 0.00 |
| | **RBB Fund** | | | | | |
| | $ 775 mil 888-261-4073 | | | | | |
| A | BP SCV2 | +5 | +4 | +2 | 26.37 | 0.20 |
| | **Royce Funds** | | | | | |
| | $ 4.8 bil 800-221-4268 | | | | | |
| A+ | PA Mut | +14 | +9 | +4 | 8.67n | 0.07 |
| A- | Premier | +13 | +6 | +4 | 11.32n | 0.08 |
| A+ | SC Oppty | +11 | +8 | +5 | 14.69n | 0.14 |
| A | SC Spec Eq | +7 | +4 | +4 | 17.00n | 0.02 |
| A+ | SC Tot Ret | +9 | +9 | +3 | 7.10n | 0.05 |
| | **Russell Funds S** | | | | | |
| | $ 14.5 bil 800-787-7354 | | | | | |
| A | Global Eq | +14 | +11 | +5 | 8.77 | 0.10 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION — Case No. 1:20-cv-04494-GHW-SN

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All persons or entities who purchased or otherwise acquired the common stock of Wells Fargo & Company during the period from February 2, 2018 through March 12, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the Southern District of New York (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $1,000,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **September 8, 2023 at 10:00 a.m.**, before the Honorable Gregory H. Woods either in person at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, Courtroom 12C, 500 Pearl Street, New York, NY 10007-1312, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 8, 2023 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Wells Fargo Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5430, Portland, OR 97228-5430; (888) 301-4209; or info@WellsFargoSecuritiesClassAction.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.WellsFargoSecuritiesClassAction.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form ***postmarked*** **(or submitted online) no later than October 5, 2023**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received*** **no later than August 18, 2023**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel such that they are ***received*** **no later than August 18, 2023**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430
(888) 301-4209
info@WellsFargoSecuritiesClassAction.com
www.WellsFargoSecuritiesClassAction.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Laura H. Posner
88 Pine St., 14th Floor
New York, NY 10005
Tel.: (212) 220-2925
Fax: (212) 838-7745
Email: lposner@cohenmilstein.com

Bernstein Litowitz Berger & Grossmann LLP
Attn: John C. Browne
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444
Email: settlements@blbglaw.com

By Order of the Court

[1] Certain persons and entities are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.WellsFargoSecuritiesClassAction.com.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AEGEAN MARINE PETROLEUM NETWORK, INC. SECURITIES LITIGATION

Case No. 1:18-cv-04993 (NRB)
Hon. Naomi Reice Buchwald

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED INDIVIDUAL DEFENDANTS SETTLEMENTS; AND (II) FINAL APPROVAL HEARING FOR THE INDIVIDUAL DEFENDANTS SETTLEMENTS, THE INDIVIDUAL DEFENDANTS PLAN OF ALLOCATION AND MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All Persons who purchased or otherwise acquired Aegean Marine Petroleum Network, Inc. ("Aegean") securities or sold Aegean put options between February 27, 2014 through November 5, 2018, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.**

**The securities subject to these proposed settlements consist of: (a) the common stock of Aegean (Tickers: ANWWQ; CINS: Y0017S102) (pre-bankruptcy Aegean traded under the ticker "ANW"); (b) Aegean 4.00% Convertible Unsecured Senior Notes due 11/1/2018, issued 10/23/2013 (CUSIP: Y0020QAA9; ISIN: USY0020QAA95); (c) Aegean 4.25% Convertible Unsecured Senior Notes due 12/15/2021, issued 12/19/2016 (CUSIP: 00773VAA4 (CUSIP changed to 00773VAB2 on 2/12/2018); ISIN: US00773VAB27); (d) Aegean call options; and (e) Aegean put options (collectively, "Aegean Securities").**

**Please read this notice carefully. Your rights may be affected by two proposed partial settlements, which are the third and fourth proposed partial settlements of a class action lawsuit pending in this court**. Please do not contact the court, any defendant, or their counsel, regarding this notice. All questions about this notice, these proposed settlements, or your eligibility to participate in these proposed settlements should be directed to lead counsel or the claims administrator, whose contact information is provided below. Additional information about the proposed settlements is available on the Settlement Website: www.AegeanSecuritiesLitigation.com.

**YOU ARE HEREBY NOTIFIED**, that Utah Retirement Systems ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class, has reached two additional proposed settlements (one with Spyros Gianniotis ("Gianniotis") for $11 million in cash and one with Dimitris Melissanidis ("Melissanidis") for $949,999 in cash) that will, among other things, resolve all claims against the two remaining Defendants in this Action, Gianniotis and Melissanidis (the "Individual Defendants") (the "Individual Defendants Settlements") if approved. **The Court previously approved settlements with the outside auditors (the "Auditor Settlements").**

**YOU ARE ALSO NOTIFIED**, that pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, a Settlement Class in the above-captioned litigation (the "Action") has been preliminarily certified for the purposes of these proposed Individual Defendants Settlements only.

A hearing (the "Final Approval Hearing") will be held before the Honorable Naomi Reice Buchwald, United States District Judge for the United States District Court for the Southern District of New York, either telephonically, via video conference, or at 500 Pearl Street, Courtroom 21-A, New York, New York, 10007 on Thursday, October 19, 2023 at 11:00 AM to, among other things, determine whether: (i) the proposed Individual Defendants Settlements should be approved by the Court as fair, reasonable and adequate; (ii) the Action should be dismissed with prejudice against Gianniotis, final judgment should be entered as to the claims against Gianniotis and the Gianniotis Released Claims should be released as against the Gianniotis Released Parties, as set forth in the Stipulation and Agreement of Settlement with Spyros Gianniotis ("Gianniotis Stipulation"); (iii) the Action should be dismissed with prejudice against Melissanidis, final judgment should be entered as to the claims against Melissanidis and the Melissanidis Released Claims should be released as against the Melissanidis Released Parties, as set forth in the Stipulation and Agreement of Settlement with Dimitris Melissanidis ("Melissanidis Stipulation"); (iv) the proposed Individual Defendants Plan of Allocation for distribution of the Individual Defendants Settlement Funds and any interest earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court, and any other costs, expenses, or amounts as may be approved by the Court (the "Net Settlement Fund") should be approved as fair and reasonable; and (v) whether Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court. The Court may change the date of the Final Approval Hearing without providing another notice. You do NOT need to attend the Final Approval Hearing in order to receive a distribution from the Gianniotis Net Settlement Fund and/or the Melissanidis Net Settlement Fund.

**You may be a member of the Settlement Class if you purchased or acquired Aegean Securities between February 27, 2014 And November 5, 2018**. If you are a Settlement Class Member, you may seek to participate to share in the Individual Defendants Settlements by submitting a Proof of Claim and Release Form ("Claim Form") to the Claims Administrator at the address below. If you are a Settlement Class Member but do not file a Claim Form, you will still be bound by the releases set forth in the Gianniotis Stipulation if the Court enters an order approving the Gianniotis Settlement and/or the releases set forth in the Melissanidis Stipulation if the Court enters an order approving the Melissanidis Settlement.

**ANY CLAIM FORMS ALREADY SUBMITTED IN THE AUDITOR SETTLEMENTS WILL BE AUTOMATICALLY CONSIDERED FOR RECOVERY IN THE INDIVIDUAL DEFENDANTS SETTLEMENTS AND DO NOT NEED TO BE RE-SUBMITTED**. The full notice, entitled the Notice of (I) Pendency of Class Action and Proposed Individual Defendants Settlements; and (II) Final Approval Hearing For The Individual Defendants Settlements, The Individual Defendants Plan of Allocation and Motion For Approval of Attorneys' Fees and Reimbursement of Litigation Expenses ("Detailed Notice"), and the Claim Form, are each available on the Settlement Website www.AegeanSecuritiesLitigation.com, or by contacting the Claims Administrator:

*In re Aegean Marine Petroleum Network, Inc.*
*Securities Litigation*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173088
Milwaukee, WI 53217
1-877-888-9760 (Toll-Free)

Please refer to the Settlement Website for more detailed information and to review the documents pertaining to the proposed Individual Defendants Settlements. Inquiries may also be made to Lead Counsel:

Nicole Lavallee
BERMAN TABACCO
425 California Street, Ste. 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
law@bermantabacco.com

If you are a potential Settlement Class Member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Detailed Notice, which can also be found on the Settlement Website, ***postmarked no later than September 28, 2023***. If you are a potential Settlement Class Member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action. Note: The deadline to submit a request for exclusion to the Auditor Settlements has passed. Any new requests for exclusion will only apply to the Individual Defendants Settlements.

Any objections to the proposed Individual Defendants Settlements, the Individual Defendants Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses must be submitted to the Court in accordance with the instructions set forth in the Detailed Notice, ***received no later than September 28, 2023*** and filed with the Court ***no later than September 28, 2023***. Note: The deadline to object to the Auditor Settlements has passed. Any new objections will only apply to Gianniotis's or Melissanidis's Settlements.

DATED: June 1, 2023

THE HONORABLE NAOMI REICE BUCHWALD
District Judge, United States District Court for the
Southern District of New York

©2023 Investor's Business Daily, LLC. All rights reserved.

# Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP Announce Pendency of Class Action and Settlement Involving Purchasers of Wells Fargo & Company Common Stock

NEWS PROVIDED BY
**Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP** ➙
19 Jun, 2023, 08:00 ET

NEW YORK, June 19, 2023 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION | Case No. 1:20-cv-04494-GHW-SN |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**TO:**     All persons or entities who purchased or otherwise acquired the common stock of Wells Fargo & Company during the period from February 2, 2018 through March 12, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the Southern District of New York (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $1,000,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **September 8, 2023 at 10:00 a.m.**, before the Honorable Gregory H. Woods either in person at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, Courtroom 12C, 500 Pearl Street, New York, NY 10007-1312, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 8, 2023 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Wells Fargo Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5430, Portland, OR 97228-5430; (888) 301-4209; or info@WellsFargoSecuritiesClassAction.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.WellsFargoSecuritiesClassAction.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(or submitted online) no later than October 5, 2023**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than August 18, 2023**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be

eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel such that they are *received* **no later than August 18, 2023**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

<div align="center">

*Wells Fargo Securities Litigation*

c/o Epiq Class Action and Claims Solutions, Inc.

P.O. Box 5430

Portland, OR 97228-5430

(888) 301-4209

info@WellsFargoSecuritiesClassAction.com

www.WellsFargoSecuritiesClassAction.com

</div>

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

<div align="center">

Cohen Milstein Sellers & Toll PLLC

Attn: Laura H. Posner

88 Pine St., 14th Floor

New York, NY 10005

Tel.: (212) 220-2925

Fax: (212) 838-7745

Email: lposner@cohenmilstein.com

Bernstein Litowitz Berger & Grossmann LLP

Attn: John C. Browne

1251 Avenue of the Americas

New York, NY 10020

</div>

Tel.: (212) 554-1400

Fax: (212) 554-1444

Email: settlements@blbglaw.com

By Order of the Court

_____

[1] Certain persons and entities are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.WellsFargoSecuritiesClassAction.com.

URL// www.WellsFargoSecuritiesClassAction.com

SOURCE Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP



## BUSINESS NEWS

# SEC Bid To Freeze Binance Assets Fails

BY JENNA TELESCA

A U.S. district judge ordered **Binance**'s American exchange to keep all assets in the U.S. and limit spending to expenses needed for regular operations.

The order falls short of the Securities and Exchange Commission's original request for a broad asset freeze. Last week, a federal court judge questioned what evidence the agency had to support claims that customer funds were leaving the country. Binance.US had said a broad asset freeze would cripple its business.

"Although we maintain that the SEC's request for emergency relief was entirely unwarranted, we are pleased that the disagreement over this request was resolved on mutually acceptable terms," a Binance spokesperson said.

The district judge's order prohibits Binance's global company or Binance founder Changpeng Zhao from controlling any U.S. customer funds. Zhao is also a majority shareholder in Binance.US.

The order requires the American exchange to create new cryptocurrency wallets to ensure the funds are entirely managed in the U.S.

"We ensured that U.S. customers will be able to withdraw their assets from the platform while we work to resolve the alleged underlying misconduct and hold Zhao and the Binance entities accountable for their alleged securities-law violations," said Gurbir S. Grewal, director of the SEC's enforcement division.

The SEC has been stepping up efforts to rein in the cryptocurrency industry.

# Bunge-Viterra Deal Sparks Worries

## Farmers, consumer advocates express concern merger may limit competition

BY PATRICK THOMAS

Farmer and consumer groups warn that the planned agricultural megadeal uniting the grain-trading giants **Bunge** and **Glencore**-backed **Viterra** could leave farmers with fewer alternatives for selling crops and drive up consumers' prices for food.

Bunge's $8.2 billion deal to acquire Viterra, announced this past week, would combine two of the biggest global operators of grain-shipping ports and crop-processing plants. The planned deal would make the enlarged Bunge the world's second-largest agribusiness company, with revenue of more than $110 billion, only trailing privately held Cargill.

Skeptics said the deal would give Bunge greater sway over grain markets and production of staple food products such as vegetable oils and bread. The result would be less competition for farmers' crops and between makers of basic foodstuffs and ingredients, they said.

Joe Maxwell, chief strategy officer for Farm Action, a Missouri-based group that advocates for farmers, said absorbing Viterra would give Bunge a troubling degree of control over ports and grain terminals and create potential bottlenecks in the agricultural-supply chain.

"Other grain traders could be blocked from the export and import markets," said Maxwell, whose group plans to urge antitrust authorities to block the deal.

Bunge said folding in Viterra's operations will only improve the supply chain of buying and selling crops for



The $8.2 billion merger would make Bunge the world's second-largest agribusiness company.

farmers. Bunge Chief Executive Greg Heckman said Viterra has a sizable grain-distribution network across the U.S. and Canada that can be used to feed Bunge's coastal ports for exports and processing plants to make vegetable oils, biofuel and animal feed.

"We are not in a lot of the same places, and where we are, we're not in the same businesses," he said.

Bunge, the largest oilseed processor in the world, and **Archer Daniels Midland**, Cargill and **Louis Dreyfus** make up the "ABCDs" of global commodity trading.

Four companies account for about 90% of the global grain trading and processing market, according to a report from the Agriculture Department on competition in the industry.

Thomas Gremillion, director of food policy for the Consumer Federation of America, said the deal seems likely to harm farmers, consumers and companies, such as plant-based food manufacturers, which rely on certain commodities.

Larger farm trade groups, including the American Farm Bureau Federation, National Corn Growers Association and National Farmers Union, declined to comment on the deal, representatives said.

Sen. Chuck Grassley (R., Iowa), who represents one of the biggest farm states, didn't comment on specifics of the deal, but said he generally has questions about the implications of consolidation for the agricultural industry.

"When you have mergers, you have less competition," Grassley said. In agriculture, mergers generally drive down

prices for the farmer and drive up costs, he said.

The acquisition, which Bunge aims to close by mid-2024, is likely to receive pushback from antitrust regulators, analysts said.

"We look forward to engaging with the regulators and walking them through what we think makes sense and make sure they understand our business," Heckman said.

Diana Moss, president of the American Antitrust Institute, said the Bunge-Viterra deal could leave farmers with fewer buyers competing for farmers' grain sales, pushing

down prices while the costs of risk management or trading services could go up. Eventually, she said, these developments would lead to higher food prices for consumers.

The Biden administration has challenged deal making and industry practices that it argues would harm competition.

In the agriculture sector, President Biden singled out four of the largest meatpacking companies over their dominant market share of beef processing in the 2022 State of the Union address, blaming them for higher consumer prices while underpaying farmers.

Meat-industry officials say the higher prices reflect market dynamics. The Agriculture Department has dedicated funding toward new meatpacking plants, which officials have said will increase competition in the industry.

Bunge will need regulatory approval for the Viterra deal in international markets. Canada and Argentina could represent the company's most significant hurdles, analysts said. Nearly 60% of Viterra's processing and refining facilities are in South America, mainly Argentina, according to analysts at JPMorgan. Bunge has a significant presence in South America, especially Brazil, but also in Argentina.

—Kristina Peterson contributed to this article.

# Mining Firm Gets Tech Backing

BY JULIE STEINBERG

Some of the tech industry's most prominent investors are doubling down on one of Silicon Valley's latest unicorns: a mining startup.

Berkeley, Calif.-based **Kobold Metals**, which explores for metals such as copper, lithium and cobalt using artificial intelligence, is raising around $200 million in a fundraising round, said co-founder and Chief Executive Kurt House.

The capital injection values the company at more than $1 billion, he said. Part of that will be used to help it develop copper reserves it recently acquired in Zambia.

The fundraising round is backed by existing investors and Bill Gates's Breakthrough Energy Ventures, a climate-tech venture-capital firm that invests money on behalf of the likes of Jeff Bezos and Jack Ma.

Also involved in the round is venture-capital firm **Andreessen Horowitz** and BOND, a venture-capital firm co-founded by Mary Meeker. A division of **T. Rowe Price** that manages client money led the round.

KoBold marries elements of two recently hot investment

trends. Investors have been pouring money into projects that will help transition the world to a greener economy, including battery production for electric vehicles, clean hydrogen projects and carbon removal technologies.

That all requires a suite of metals that can be hard to find and expensive to dig out of the ground.

At the same time, recent advances in artificial intelligence, including the debut this year of AI-empowered chat apps, have funneled investment into AI startups.

Founded in 2018, KoBold says it uses data science and machine learning to identify deposits of cobalt, copper, nickel and lithium, crucial components of the electric-vehicle boom. It has 60 ongoing exploration projects in North America, Africa and Australia.

Last December, it agreed to invest $150 million to buy a controlling stake in a large, undeveloped copper deposit in Zambia that it says should take at least eight years to

> **A new capital injection values the AI-powered company above $1 billion.**

yield copper.

The company says it is trying to disrupt traditional methods of mining exploration, which haven't changed much in decades.

Big miners over the years have outsourced exploration to smaller companies. House said one goal is to collect more sophisticated and nuanced data about deposits that conventional methods wouldn't traditionally collect.

"The success rates of finding new deposits have been declining," House said. "It's hard to see how in the current setup we'll get sufficient discoveries in time without breakthroughs in technology."

KoBold hadn't planned on raising money so soon after its fundraising round last year, but stepped up plans in light of its copper project in Zambia.

It also plans to use the fundraising proceeds for nickel and lithium exploration projects and software and hardware research and development, House said.

# Do Kwon Gets Four Months for Passport Fraud in Montenegro

BY VICKY GE HUANG AND IVAN CADJENOVIC

A Montenegrin court sentenced South Korean cryptocurrency mogul Do Kwon to four months in prison for using a fake passport in an attempt to leave the country.

Han Chang-joon, former chief executive of South Korean payments app **Chai** and a close colleague of Kwon, also received a four-month sentence for the same charge, according to a court statement.

The two men were arrested in Montenegro in March while trying to board a flight to Dubai.

They were charged with using forged Costa Rican and Belgian passports to travel through Montenegro's airport. They pleaded not guilty to the charges.

Kwon, creator of the failed TerraUSD stablecoin, has been indicted in the U.S. on eight counts of fraud. He is targeted for extradition by South Korea. The charges stem from last year's collapse of the so-called algorithmic stablecoin TerraUSD and its sister token Luna, which wiped out some $40 billion of market value.



Do Kwon is taken to court in Podgorica, Montenegro.

If convicted in South Korea, Kwon would likely face the longest jail term for a financial crime in South Korean history, according to Dan Sung-han, head of the team of South Korean prosecutors investigating the circumstances that led to the crash of the two cryptocurrencies. He said he expected it could top the sentence of 40 years handed out last year for a fraud case involving Seoul-based hedge fund Optimus Asset Management.

Kwon has denied commit-

ting fraud, saying he believed in TerraUSD and personally lost money in its collapse.

On the passport charge, Kwon and Han can appeal the Montenegrin court verdict within eight days of receiving a written copy of the verdict, according to the Basic Court in Podgorica.

Goran Rodić, the two men's defense attorney, told The Wall Street Journal that after receiving the verdict and consulting with his clients, he would decide whether to file an appeal.

---

**ADVERTISEMENT**

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION | Case No. 1:20-cv-04494-GHW-SN |
| --- | --- |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** All persons or entities who purchased or otherwise acquired the common stock of Wells Fargo & Company during the period from February 2, 2018 through March 12, 2020, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the Southern District of New York (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $1,000,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on **September 8, 2023 at 10:00 a.m.**, before the Honorable Gregory H. Woods either in person at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, Courtroom 12C, 500 Pearl Street, New York, NY 10007-1312, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 8, 2023 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Wells Fargo Securities Litigation,* c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5430, Portland, OR 97228-5430; (888) 301-4209; or info@WellsFargoSecuritiesClassAction.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.WellsFargoSecuritiesClassAction.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form **postmarked (or submitted online) no later than October 5, 2023**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit

a request for exclusion such that it is *received* no later than **August 18, 2023**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and delivered to Lead Counsel and Representative Defendants' Counsel such that they are *received* no later than **August 18, 2023**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430
(888) 301-4209
info@WellsFargoSecuritiesClassAction.com
www.WellsFargoSecuritiesClassAction.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Laura H. Posner
88 Pine St., 14th Floor
New York, NY 10005
Tel.: (212) 220-2925
Fax: (212) 838-7745
Email: lposner@cohenmilstein.com

Bernstein Litowitz Berger & Grossmann LLP
Attn: John C. Browne
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444
Email: settlements@blbglaw.com

By Order of the Court

[1] Certain persons and entities are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.WellsFargoSecuritiesClassAction.com.

### ANNOUNCEMENTS

**YOUR BOOK**
We Write Your Biography for Your Family. Or We Write & Publish a Book of Your Success In Business & Lessons Learned. Earn Royalties on Book Sales.
BizSuccessBooks.com
LegaciesandMemories.com
**(904) 293-9893** Since 1999

### BUSINESS OPPORTUNITIES

**THERE IS ONLY ONE...**
**1 A New York**
Best offer / Transferable
jkg@gradyresearch.com
- Ends 8/25 -

### THE WALL STREET JOURNAL

**THE MARKETPLACE**

ADVERTISE TODAY
**(800) 366-3975**

For more information visit:
**wsj.com/classifieds**

© 2023 Dow Jones & Company, Inc. All Rights Reserved.