# Exhibit 11

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated, | ) ) ) | Lead Case No. 02-C-5893 (Consolidated) |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | Honorable Jorge L. Alonso |
| vs. | ) ) | |
| HOUSEHOLD INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

1204873_1

THIS MATTER having come before the Court on the motion of Lead Plaintiffs for an award of attorneys' fees and expenses; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated June 17, 2016 (the "Stipulation").

2. The Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice of Lead Plaintiffs' motion for an award of attorneys' fees and expenses was directed to all Persons and entities who are Class Members, including individual notice to those who could be identified with reasonable effort, advising them of the application for fees and expenses and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Members of the Class to be heard with respect to the motion for fees and expenses.

4. The Court hereby awards Lead Counsel attorneys' fees of 24.68% of the Settlement Amount and expenses of $33,605,429.48, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated among other Plaintiffs' counsel by Lead Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation. For the reasons stated in open court on October 20, 2016, and for the reasons set forth below, the Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-fund" method:

(a) the requested fee is consistent with the market rate for legal services negotiated ex ante between willing buyers and willing sellers in the private market for legal services;

1204873_1

(b)     the requested fee is consistent with the fee agreement negotiated between a Lead Plaintiff and Lead Counsel in April 2005 when the ultimate outcome of the case was highly uncertain and that agreement is evidence of the market rate for legal services at that time;

(c)     Lead Counsel faced a real risk of nonpayment and the contingent nature of their representation favors a fee award of 24.68% in this case;

(d)     Lead Counsel bore the risk of both a jury trial and Defendants' appeal of the partial judgment in which Defendants sought entry of judgment in their favor;

(e)     Lead Counsel's skill and determination led to a $1,575,000,000 settlement, which was not likely at the outset of the Litigation;

(f)     Lead Counsel's decision to pursue damages under the Leakage Model was innovative, as no appellate court had ever accepted the use of a leakage-based damages quantification at trial, and the decision to use this model drastically increased the potential damages;

(g)     the awarded fee is in accord with Seventh Circuit authority and consistent with empirical data regarding fee awards in cases of this size;

(h)     Lead Counsel prosecuted the case vigorously and skillfully over 14 years against nine of the country's most prominent law firms; Lead Counsel spent more than seven years in bringing the case to a verdict; following the Verdict, Lead Counsel spent another seven years litigating various Phase II claims issues before the Special Master on behalf of thousands of Class Members, obtaining the Judgment, litigating in the Court of Appeals, and preparing the case for a second trial; therefore, the quality of legal services provided by Lead Counsel strongly supports the 24.68% fee award;

(i)     the two Lead Plaintiffs with valid claims appointed by the Court to represent the Class reviewed and approved the requested fee;

(j)     the stakes of the Litigation favor the fee award because Lead Counsel truly faced an "all or nothing" case and obtained $1.575 billion for the Class Members;

(k)     Lead Counsel committed over $33 million in expenses to the Litigation with no guarantee that any of those expenditures would be recaptured; and

- 2 -

1204873_1

- 3 -

(l)      the reaction of the Class to the fee request supports the fee awarded.

5.      The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      Pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(4)), the Court finds that the requested amounts are reasonable, and awards the costs and expenses requested by Lead Plaintiffs Glickenhaus & Co. ($26,692.00), International Union of Operating Engineers Local 132 ($10,749.74) and PACE Industry Union-Management Pension Fund ($3,243.83).

IT IS SO ORDERED.

11/10/16                                    _____
                                            Jorge L. Alonso
                                            United States District Judge

1204873_1