# Exhibit 12

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) Civil Action No. 05-1151 (SRC) (CLW) Civil Action No. 05-2367 (SRC) (CLW) |
| THIS DOCUMENT RELATES TO: THE SECURITIES CLASS ACTION | |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-CLW (D.N.J.), Case No. 2:05-CV-02367-SRC-CLW (D.N.J.) (the "Action");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation and Agreement of Settlement dated February 8, 2016 (the "Stipulation");

WHEREAS, by Order dated January 30, 2013, the Court certified a class consisting of all persons and entities who, from May 21, 1999, to September 29, 2004, inclusive, purchased or otherwise acquired Merck Common Stock or Merck Call Options, or sold Merck Put Options (the "Certified Class"), and by Order dated August 6, 2013, directed that notice of the pendency of the class action be sent to potential members of the Certified Class ("Certified Class Notice");

WHEREAS, the Certified Class Notice was sent to Certified Class Members beginning on September 4, 2013, and the Summary Notice of Pendency of Class Action was published once in *The Wall Street Journal* and transmitted once over the *PR Newswire* on September 12, 2013;

WHEREAS, the Certified Class Notice provided Certified Class Members with the opportunity to request exclusion from the Certified Class, stated that it was within the Court's

discretion whether to permit a second opportunity to request exclusion if there is a settlement, and stated that Certified Class Members who choose to remain a member of the class "will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable";

WHEREAS, certain persons and entities exercised their right to request exclusion from the Certified Class in response to the Certified Class Notice;

WHEREAS, (a) Lead Plaintiffs Public Employees' Retirement System of Mississippi, Steven LeVan, Jerome Haber and Richard Reynolds (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Merck Sharp & Dohme Corp., on behalf of its affiliates and subsidiaries, including defendant Merck & Co., Inc.[1] and defendants Edward M. Scolnick and Alise S. Reicin (collectively, the "Individual Defendants," and together with Merck, "Defendants"), have entered into the Stipulation to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, by Order dated February 10, 2016 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members, including that summary notice be published once in the national edition of *The Wall Street Journal* and be transmitted three times over internet newswires; (d) provided potential Settlement Class Members with the opportunity to (i) opt back into the Settlement Class if they previously submitted a request for exclusion from the Certified

---

[1] As used herein, "Merck" means Merck Sharp & Dohme Corp. and Merck & Co., Inc., the named defendant in this action, together with any of their subsidiaries and affiliates.

Class in connection with the Certified Class Notice, (ii) request exclusion from the Settlement Class if they were not a member of the Certified Class, or (iii) object to the proposed Settlement, Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, Co-Lead Counsel have filed with the Court proof, by affidavit or declaration, of such mailing and publication of the Settlement Notice and Summary Settlement Notice of the proposed Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on June 28, 2016 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against all Defendants; (c) whether the proposed Plan of Allocation is fair and reasonable, and should be approved; and (d) whether Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should be approved;

WHEREAS, the Court has reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 8, 2016, and the exhibits thereto; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on April 29, 2016.

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who, from May 21, 1999, through October 29, 2004, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Merck Common Stock or Merck Call Options, or sold Merck Put Options (the "Settlement Class"). Excluded from the Settlement Class are Defendants; the officers and directors of Merck at all relevant times; members of the Immediate Family of any excluded person; the legal representatives, heirs, successors, and assigns of any excluded person or entity; any entity in which any excluded person or entity has or had a controlling interest; and the Merck & Co., Inc. Employee Savings & Security Plan (now known as the Merck U.S. Savings Plan), the Merck and Co., Inc. Employee Stock Purchase & Savings Plan (now known as the MSD Employee Stock Purchase & Savings Plan), the Merck Puerto Rico Employee Savings & Security Plan (now known as the MSD Puerto Rico Employee Savings & Security Plan), and the Merck-Medco Managed Care, LLC 401(k) Savings Plan (and any successor or successors thereto). Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations

4

in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Co-Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Settlement Class Members of (i) the effect of the Settlement (including the Releases provided for therein), (ii) Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, (iii) Settlement Class Members' right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, (iv) their right to opt back into the Settlement Class if they previously submitted a request for exclusion from the Certified Class in connection with the Certified Class Notice, (v) their right to request exclusion from the Settlement Class if they are not a member of the previously certified Certified Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable laws and rules.

6.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Defendants and the Defendants' Releasees; the Plan of Allocation; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is in all respects fair, reasonable, and adequate. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims against Defendants by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on and inure to the benefit of Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), and the Parties' respective Releasees, as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. Any Person listed on Exhibit 1 hereto shall not be bound by the terms of the Stipulation or this Judgment.

9.      **Releases** – The Releases as set forth in paragraphs 8 and 9 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraphs 10 and 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs, and each of the other Settlement Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Plaintiffs' Claim against the Defendants and all of the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees.  This Release shall not apply to claims by any Person listed on Exhibit 1 hereto.

(b)     Without further action by anyone, and subject to paragraphs 10, 11, and 12(d) below, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Defendants' Claim against all of the Lead Plaintiffs, all of the other Settlement Class Members, and all of the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiffs, any of the other Settlement Class Members, or any of the other Plaintiffs' Releasees.  This Release shall not apply to claims by Defendants or the other Defendants' Releasees against any Person listed on Exhibit 1 hereto.

10.     Notwithstanding ¶¶ 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

7

11.     Notwithstanding ¶¶ 9(a) – (b) above, nothing in this Judgment shall release any of the Excluded Claims (as that term is defined within paragraph 1(vv) of the Stipulation).

12.     **Complete Bar Order** –

(a)     Except as provided below, any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any claim for indemnity or contribution against any Defendants and any other Defendants' Releasees (or any other claim against any Defendants or any other Defendants' Releasees where the alleged injury to such Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action), based upon, arising out of, or related to the Released Plaintiffs' Claims or having to do with the Settlement, the Stipulation and its exhibits, and any action taken by anyone pursuant to, or under color of, the Stipulation including, without limitation, allocation and payment of settlement amounts, whether arising under federal, state, local, or foreign law, or equity, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

(b)     Except as provided below, Defendants and each and every one of the other Defendants' Releasees are hereby permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any claim for indemnity or contribution against any Person (or any other claim against any such Person where the alleged injury to such Defendant or other Defendants' Releasee is that Defendant's or other Defendants' Releasee's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Action) based upon, arising out of, or related to the Released Plaintiffs' Claims or having to

8

do with the Settlement, the Stipulation and its exhibits, and any action taken by anyone pursuant to, or under color of, the Stipulation including, without limitation, allocation and payment of settlement amounts, whether arising under federal, state, local, or foreign law, or equity, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

(c) Nothing in this Complete Bar Order shall prevent any Person listed on Exhibit 1 hereto from pursuing any Released Plaintiffs' Claim against any Defendant or any of the other Defendants' Releasees. If any such Person pursues any such Released Plaintiffs' Claim against any Defendants or any of the other Defendants' Releasees, nothing in this Complete Bar Order or in the Stipulation shall operate to preclude such Defendants or other Defendants' Releasees from asserting any claim of any kind against such Person, including any Released Defendants' Claims (or seeking contribution or indemnity from any Person, including any Defendant in the Action, in respect of the claim of such Settlement Class Member who is excluded from the Settlement Class pursuant to a request for exclusion).

(d) Notwithstanding anything in this Judgment, nothing in the Stipulation or in this Judgment (including, but not limited to, paragraph 9(b)) shall operate to release any claim by Defendants or the other Defendants' Releasees for insurance or reinsurance coverage, or otherwise preclude Defendants or the other Defendants' Releasees from asserting any claims against their own insurers or reinsurers.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

14. **Plan of Allocation Approved** – The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the proposed Plan of Allocation set forth in the Settlement Notice provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation proposed by Lead Plaintiffs is, in all respects, fair and reasonable to the Settlement Class Members, and approves the Plan of Allocation.

15. **Attorneys' Fees and Expenses** – On February 10, 2016 the Court appointed former United States District Judge Layn R. Phillips as Special Master to initially determine all issues related to the award of attorneys' fees and reimbursement of Litigation Expenses. Co-Lead Counsel and other counsel seeking awards of fees and expenses submitted to Judge Phillips copies of their detailed time and expense records as well as copies of all submissions made to the Court in support of the fee and expense application. On June 3, 2016, Judge Phillips issued a Report and Recommendation of the Special Master Relating to the Award of Attorneys' Fees and Expenses (ECF No. 1012) (the "Report & Recommendation"), recommending that the Court approve Co-Lead Counsel's motion for attorneys' fees and reimbursement of expenses and approve the motions of Lead Plaintiffs Public Employees' Retirement System of Mississippi and Jerome Haber for reimbursement of litigation expenses. There have been no objections to the Report and Recommendation. Following its own review, the Court adopts the findings and conclusions of the Report and Recommendation. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 20% of the combined Settlement Funds (that is, the Settlement Class Fund plus the Fee/Expense

10

Fund) and $9,473,356.02 in reimbursement of litigation expenses, both to be paid from the Fee/Expense Fund, which sums the Court finds to be fair and reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst counsel in a manner which they, in good faith, believe reflect the contributions of such counsel to the institution, prosecution, and settlement of the Action. Lead Plaintiffs Public Employees' Retirement System of Mississippi and Jerome Haber are hereby awarded $98,712.50 and $10,000.00, respectively, from the Fee/Expense Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Settlement Class.

16.    In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that: (a) the Settlement has created a Settlement Class Fund of $830 million and a Fee/Expense Fund of $232 million that have been funded into escrow pursuant to the terms of the Settlement, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement; (b) the fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiffs; (c) copies of the Settlement Notice were mailed to over 1.9 million potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 20% of the Settlement Funds and reimbursement of Litigation Expenses in an amount not to exceed $19 million; (d) Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy; (e) the Action raised numerous of complex issues; (f) had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Classes may have recovered less or nothing from the Defendants; (g) counsel submitted declarations attesting to devoting over 448,500 hours, with a lodestar value of approximately $205.6 million, to achieve the Settlement; and (h) the amount of

11

attorneys' fees awarded and expenses to be reimbursed are fair and reasonable and consistent with awards in similar cases.

17.  **Objections** – The Court has considered the objections received concerning the Settlement, Plan of Allocation and the motion for attorneys' fees and Litigation Expenses and has found them to be without merit for the reasons set forth in the Memorandum of Law in Support of Lead Plaintiffs' Motion for Final Approval of Settlement and Approval of Plan of Allocation (ECF No. 986-1); the Memorandum of Law in Support of Co-Lead Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 987-1); and the Reply Memorandum of Law in Further Support of: (1) Lead Plaintiffs' Motion for Final Approval of Settlement and Approval of Plan of Allocation; and (2) Co-Lead Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 1001), and the reasons stated by Co-Lead Counsel at the hearing before this Court on June 28, 2016.

18.  **No Admissions** – Except as set forth in paragraph 19 below, neither this Judgment, the superseded Term Sheet, the Stipulation (whether or not finally approved or consummated) and the exhibits and Supplemental Agreement thereto, nor any negotiations, proceedings, agreements, opinions, or orders related to the same, shall be offered or received against the Parties or other Releasees for any purpose, and particularly:

(a)  shall not be offered against Defendants or any of the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or any of the other Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the Settlement Class, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that was or could have been

12

asserted in this Action or in any litigation, or of any liability, negligence, fault, damages or other wrongdoing of any kind of Defendants or any of the other Defendants' Releasees;

(b)     shall not be offered against any of the Lead Plaintiffs, any of the other Settlement Class Members, or any of the other Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind of the Lead Plaintiffs, any of the other Settlement Class Members, or any of the other Plaintiffs' Releasees;

(c)     shall not be referred to for any reason against the Parties or other Releasees, in any civil, criminal, or administrative action or proceeding;

(d)     shall not be construed against the Parties or other Releasees as an admission, concession, or presumption that the consideration given represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed against the Lead Plaintiffs, the other Settlement Class Members, or the other Plaintiffs' Releasees as an admission, concession or presumption that any of their claims are without merit, that any of the Defendants or any of the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Sixth Amended Complaint would not have exceeded the Settlement Amounts.

19.     Notwithstanding the foregoing, the Parties and other Releasees may file or refer to this Judgment, the Stipulation, and/or any Claim Form:  (a) to effectuate the liability protections granted hereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to enforce the terms of the Stipulation and/or this Judgment; (c) as necessary by Merck in

13

connection with any tax proceedings; or (d) to effectuate the liability protections granted under any applicable insurance policies. The Parties and other Releasees submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

20. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion to approve the Class Distribution Order; and (d) the Settlement Class Members for all matters relating to the Action.

21. Any appeal from this Judgment or other proceeding seeking subsequent judicial review of the Judgment pertaining solely with respect to (i) attorneys' fees, costs or expenses to be paid solely from the Fee/Expense Fund, or (ii) the plan of allocation of the Net Settlement Fund, shall not in any way delay or preclude this Judgment becoming Final under the terms of the Stipulation.

22. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized, subject to the terms of the Stipulation, to agree to and jointly adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, and subject to the terms of the Stipulation, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

23. **Confidentiality Orders** – The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

14

24.      **Termination** – If the Effective Date does not occur, or the Settlement is terminated or cancelled as provided in the Stipulation, then this Judgment (other than paragraph 18) and any orders of the Court relating to the Settlement shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Stipulation. Within thirty (30) calendar days of such termination or cancellation, (i) any and all Settlement Funds advanced to and/or in possession of the Escrow Agent (including accrued net interest thereon and the funds to be received by Co-Lead Counsel pursuant to paragraph 22 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to reasonable Notice and Administration Costs, less fees paid to the Special Master, and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to Merck and/or the entity(ies) that paid any portion of the Settlement Amounts in proportion to their contributions pursuant to instructions to be provided by Merck to Co-Lead Counsel (provided that any deductions from the refund for expenses and costs related to Notice and Administration Costs shall be deducted from Merck's proportional share of the contributions to the Settlement Amounts), and (ii) any and all Settlement Funds advanced or paid to Co-Lead Counsel pursuant to an award of attorneys' fees and Litigation Expenses in accordance with paragraph 22 of the Stipulation shall be refunded in full by Co-Lead Counsel to Merck and/or the entity(ies) that paid any portion of the Settlement Amounts in proportion to their contributions pursuant to instructions to be provided by Merck to Co-Lead Counsel. Such refunds shall be made in accordance with wiring instructions to be provided by Merck to Co-Lead Counsel.

25.      The Court shall retain continuing jurisdiction over any disputes that arise regarding application of the Settlement concerning litigants who seek to rejoin the Settlement Class or the division of court-awarded attorneys' fees or Litigation Expenses. If any such disputes arise, the

15

parties shall submit the dispute first to Judge Layn Phillips for mediation, and, if unsuccessful, submit the dispute to Judge Phillips to issue a Report and Recommendation to the Court for binding resolution. As provided in paragraph 43 of the Stipulation, any dispute regarding the Supplemental Agreement shall be submitted directly to the Court and shall not be required to go to mediation with Judge Philips.

26. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 28 day of June, 2016.

The Honorable Stanley R. Chesler
United States District Judge

# 950423