# Exhibit 14

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X

PLUMBERS & PIPEFITTERS NATIONAL
PENSION FUND, and JUAN FRANCISCO
NIEVES, as Trustee of the Gonzalez Coronado
Trust, Individually and on Behalf of All Others
Similarly Situated,

          Plaintiff,

vs.

KEVIN DAVIS and AMIR ROSENTHAL,

          Defendants.

------------------------------------- X

Case No.: 1:16-cv-3591-GHW

**ORDER ON LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation

Expenses ("Fee Application") duly came before the Court for a hearing on November 18, 2022.

The Court has considered the Fee Application and all supporting and other related materials,

including the matters presented at the November 18, 2022 hearing. Due and adequate notice having

been given to the Settlement Class as required by the Court's July 14, 2022 Preliminary Approval

Order (ECF No. 285), and the Court having considered all papers and proceedings had herein and

otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS

FOLLOWS:

1

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 1, 2021 (ECF No. 268) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      Notice of the Fee Application was directed to Settlement Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.      Settlement Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Settlement Class Member has objected to Lead Counsel's request.

5.      The Fee Application is hereby GRANTED.

6.      Lead Counsel is hereby awarded attorneys' fees in the amount of 28% of the Settlement Fund (or $3,640,000), and 28% of the Bankruptcy Settlement Fund (or $322,000), and $854,857.83 in reimbursement for Lead Counsel's Litigation Expenses (which fees and expenses shall be paid to Lead Counsel from the Settlement Funds), which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Funds.

7.      Pursuant to paragraph 28 of the Stipulation, the fees and expenses awarded herein shall be payable to Lead Counsel following entry of this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this

Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 28 of the Stipulation.

8.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Funds, the Court has considered and found that:

a. the Settlement has created a fund of $13,000,000 in cash that has been paid into an escrow account for the benefit of the Settlement Class pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b. the Bankruptcy Settlement has created a fund of $1,150,000 in cash that has been paid into an escrow account for the benefit of the Settlement Class pursuant to prior Bankruptcy Court proceedings, and Settlement Class Members who submit acceptable Proof of Claim Forms will benefit from the Bankruptcy Settlement that occurred because of the efforts of Lead Counsel;

c. a fee of 28% of the Settlement Fund and of Bankruptcy Fund is within an acceptable range of fees;

d. Lead Counsel's and Special Bankruptcy Counsel's total lodestar is $7,653,571.50, and a fee of 28% of the Settlement Funds represents a reasonable multiplier of their aggregate lodestar, which is acceptable in this Action;

e. the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor;

f.  copies of the Notice were mailed to over approximately 18,000 potential Settlement Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Funds and reimbursement of litigation expenses in an amount not to exceed $900,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund;

g.  no Settlement Class Member has objected to the Fee Application; and

h.  the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Funds are fair and reasonable.

9.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10.  Jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.  In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

SO ORDERED.

Dated: November 21, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4