# Exhibit 15

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
**MAR 0 8 2016**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ITT EDUCATIONAL SERVICES,
INC. SECURITIES LITIGATION

Civil Action No. 13-cv-1620-JPO
ECF Case

## [~~PROPOSED~~] ORDER ON LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Lead Counsel's and Lead Plaintiffs' Litigation Expenses ("Fee Application") duly came before the Court for a hearing on March 8, 2016. The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the March 8, 2016 hearing. Due and adequate notice having been given to the Class as required by the Court's November 23, 2015 Order Preliminarily Approving the Settlement, Approving Notice to the Class and Scheduling Final Approval Hearing ("Preliminary Approval Order," Dkt. 83), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (the "Settlement," Dkt. 82), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process,

1

and Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4. Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure. The Court has received two objections, which were submitted by Jeff M. Brown and Edward L. Vey. Mr. Brown has withdrawn his objection. Even if not withdrawn, the Court finds and concludes that Messrs. Brown and Vey have not established that they are Class Members with standing to bring objections and overrules the objections on that basis. The Court has also considered the issues raised by each objection and finds that, even if Messrs. Brown and Vey were to establish that they have standing to object, their objections are without merit. Messrs. Brown and Vey's objections are therefore overruled in their entirety.

5. The Fee Application is hereby GRANTED.

6. Lead Counsel are hereby awarded attorneys' fees in the amount of 27.5% of the Settlement Fund after deduction of litigation expenses incurred by Lead Counsel, or $4,463,717.74, and $730,799.14 in reimbursement for Lead Counsel's litigation expenses (which fees and expenses shall be paid to Lead Counsel from the Settlement Fund), which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.

7. Lead Plaintiffs have also requested reimbursement of their expenses incurred directly related to their representation of the Class in this Action. Pursuant to 15 U.S.C. § 78u-4(a)(4), "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of a class."

2

8.     Lead Plaintiffs are hereby awarded their expenses, including lost wages, in the amount of $5,385.25 to Lead Plaintiff Plumbers and Pipefitters National Pension Fund and $13,662.00 to Lead Plaintiff Metropolitan Water Reclamation District Retirement Fund, which represent their reasonable costs and expenses directly related to the representation of the Class. Lead Plaintiffs took an active role in the prosecution of this Action and achieved a positive result on behalf of the Class and are deserving of awards reimbursing them for their costs and expenses.

9.     Pursuant to paragraph 28 of the Settlement, the fees and expenses awarded herein shall be paid to Lead Counsel within ten (10) days after entry of both the Order and Final Judgment and this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 28 of the Settlement.

10.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  the Settlement has created a fund of $16,962,500 in cash that has been funded into an escrow account for the benefit of the Class pursuant to the terms of the Settlement, and that Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b.  the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional

3

investors that were substantially involved in all aspects of the prosecution and resolution of the Action;

c. copies of the Notice were mailed to over 179,000 potential Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $750,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund;

d. no Class Member has objected to the Fee Application;

e. Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

f. the Action involves complex factual and legal issues and was actively prosecuted for more than two and a half years;

g. had the Settlement not been achieved, there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

h. Lead Counsel devoted nearly 23,000 hours, with a lodestar value of over $9 million, and Lead Plaintiffs have collectively devoted nearly 145 hours of their own time, to achieve the Settlement; and

i. the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

4

11. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

12. Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement and this Order.

13. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement and shall be vacated in accordance with the terms of the Settlement.

IT IS SO ORDERED.

Dated: New York, New York

*March 8*, 2016

THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

5