# Exhibit 2



August 17, 2023

Clerk's Office
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

Re: Objection to Settlement of *In re Wells Fargo & Co. Securities Litigation*, No. 1:20-cv-04494-GHW-SN (S.D.N.Y.)

Honorable Judge Rochon:

In accordance with the requirements as set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") in the matter of *In re Wells Fargo & Co. Securities Litigation*, No. 1:20-cv-04494-GHW-SN (S.D.N.Y.) (the "Class Action"), Newport Trust Company, LLC ("Newport Trust") by this letter files an objection to the Settlement on behalf of two Settlement Class Members, the Wells Fargo & Company 401(k) Plan and the Wells Fargo & Company Cash Balance Plan[1] (the "Plans"). Attached with this letter as Document Set 1 are documents sufficient to prove the Plans' membership in the Settlement Class, including documents showing the number of shares of Wells Fargo common stock (i) owned as of the opening of trading on February 2, 2018, and (ii) purchased/acquired and/or sold from February 2, 2018 through March 12, 2020, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold. Capitalized terms not defined herein shall have the meanings given to them in the Notice.

As detailed herein, Newport Trust objects specifically to the definition of "Released Plaintiffs' Claims" as set forth in the Settlement. Newport Trust has been engaged by Wells Fargo & Company ("Wells Fargo") and the Wells Fargo Employee Benefits Review Committee to act as independent fiduciary on behalf of the Plans in relation to the Settlement of the Class Action; in its capacity as independent fiduciary, Newport Trust has the sole authority to determine which option(s) related to the Settlement are in the best interest of the Plans, in accordance with the Department of Labor's Prohibited Transaction Exemption 2003-39 ("PTE 2003-39"). Newport Trust has extensive experience serving in the capacity of independent fiduciary to employee benefit plans, including in connection with class action lawsuit settlements, and is closely familiar with the fiduciary obligations imposed by ERISA[2].

In performing Newport Trust's responsibilities as independent fiduciary, we conducted a review of the Class Action and the terms of the Settlement, and interviewed counsel for both the Defendants and the Plaintiffs. Based on our review, we have determined that it is in the best interest of the Plans to object to the definition of "Released Plaintiffs' Claims" in the Settlement. The definition is set forth below:

> "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 29 [of the Notice] below),

---

[1] Formerly named the Wells Fargo and Company Pension Plan.
[2] The Employee Retirement Income Security Act, 29 U.S.C. §§1001-1461



whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint; or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period. <u>This release does not include any claims that have already been asserted in a related shareholder derivative action or ERISA action,</u> including *Timothy Himstreet and Montini Family Trust v. Charles W. Scharf, et al., No. CGC-22-599223* (Cal. Super. Ct. Apr. 19, 2022), or any claims relating to the enforcement of the Settlement. (<u>emphasis added</u>).

Newport Trust specifically objects to the exclusion underlined above, as it only excludes from Released Plaintiffs' Claims ERISA actions that have already been asserted, but not ERISA claims that have not yet been asserted. In considering the value of all claims that would be forgone by the Plans' acceptance of the definition of Released Plaintiffs' Claims in the Settlement, Newport Trust has attempted to evaluate what, if any, unasserted ERISA claims the Plans may have relating to the matters forming the basis of the claims asserted in the Complaint. We have unfortunately been unable to secure any assurances that no such potential ERISA claims exist and we note that the statute of limitations for bringing such claims has not yet run. Although we acknowledge that the Settlement would provide the Plans material recovery of losses suffered as a result of the actions set forth in the Complaint, it will not provide for full recovery of the Plans' losses, and we believe that there could be additional substantial remedies available to the Plans under ERISA which are *unique to the Plans*[3] as Class Members. It is Newport Trust's view that foreclosing to the Plans a potential source of recovery for the harms they have suffered could render the Settlement unfair, unreasonable, and inadequate with respect to the Plans.

We note that the scope of the Released Plaintiffs' Claims is generally consistent with what we have seen in other securities class action settlements, however, we believe it is also common in similar cases that either (i) a related ERISA action has also already been brought on behalf of employee benefit plans sponsored by the defendants, or (ii) in some instances, the scope of the release more broadly excludes <u>all</u> ERISA claims, whether or not previously asserted[4]. Newport Trust requests in this instance that the Court modify the language of the definition of Released Plaintiffs' Claims with respect to the employee benefit plans sponsored by the Defendants to exclude any ERISA actions that could be brought relating to the allegations as set forth in the Complaint, not limited to only those that have previously been

---

[3] No other Class Members are ERISA employee benefit plans sponsored by the Defendants.

[4] See, *e.g., Purple Mountain Trust v. Wells Fargo & Company, et al.*, 3:18-cv-03948 (N.D. Cal. Jul 02, 2018), which provides the following definition of Released Claims: "Released Claims" means any and all claims, debts, rights, and causes of action or liabilities of every nature and description, including any claims for damages, interest, attorney's fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that both: (i) concern, arise out of, relate to, or are based upon the purchase or acquisition of Wells Fargo common stock during the Class Period; and (ii) were asserted or could have been asserted in this Action by Lead Plaintiff or any other member of the Class against any of the Released Defendant Parties (as defined below) and that arise out of or relate in any way to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaint. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement **or claims that could be brought in any derivative or ERISA action based on similar allegations**. *(emphasis added)*

In Re Wells Fargo & Company Securities Litigation
August 17, 2023
Page 3 of 4



asserted. Newport Trust proposes this may be accomplished by modifying the exclusion in the following manner:

"This release does not include: (i) any claims that have already been asserted in a related shareholder derivative action or ERISA action, including *Timothy Himstreet and Montini Family Trust v. Charles W. Scharf, et al.*, No. CGC-22-599223 (Cal. Super. Ct. Apr. 19, 2022); (ii) or any claims relating to the enforcement of the Settlement; or (iii) any ERISA action based on similar allegations that could be brought by or on behalf of employee benefit plans sponsored by the Defendants."

Newport Trust does not at this time request the opportunity to appear at the Settlement Hearing, but we are willing to do so should the Court require it. The Court's careful consideration of this objection is greatly appreciated.

Respectfully submitted,

William E. Ryan III

CEO, President and Chief Fiduciary Officer of Newport Trust Company, LLC

With copies to:

Cohen Milstein Sellers & Toll PLLC
Laura H. Posner
88 Pine St., 14th Floor
New York, NY 10005

Bernstein Litowitz Berger & Grossmann LLP
John C. Browne
1251 Avenue of the Americas
New York, NY 10020

Sullivan & Cromwell LLP
Christopher M. Viapiano
1700 New York Ave., N.W.
Suite 700
Washington, DC 20006

Attachments: Document Set 1

In Re Wells Fargo & Company Securities Litigation
August 17, 2023
Page 4 of 4



# DOCUMENT SET 1

- Summary of Positions for the Wells Fargo for the Wells Fargo & Company 401(k) Plan for the Class Period

- Summary of Transactions for Wells Fargo for the Wells Fargo & Company 401(k) Plan for the Class Period

- Wells Fargo & Company 401(k) Plan Trust Statements for the Class Period

- Wells Fargo & Company Cash Balance Plan Trust Statements for the Class Period