# Exhibit 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| CLAIR REYNOLDS, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>FCA US LLC,<br><br>      Defendant. | Case No. 2:19-cv-11745-MAG-EAS<br><br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge Elizabeth A. Stafford |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS (Dkt. 96)

THIS MATTER having come before the Court for consideration of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards ("Fee Motion");

WHEREAS, Defendant FCA US LLC ("FCA US") and Plaintiffs Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing (collectively, "Plaintiffs" or "Class Representatives"), by and through their attorneys, reached a Class Settlement (the "Settlement");

WHEREAS, the Parties submitted the Settlement Agreement together with Plaintiffs' Unopposed Motion for Preliminary Approval of the proposed settlement to the Court;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on October 26, 2022 (the "Preliminary

Approval Order") and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court-appointed Settlement Claims Administrator CPT Group Administration effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order;

WHEREAS, Plaintiffs submitted their Fee Motion on April 5, 2023;

WHEREAS, on April 19, 2023, the Court conducted the Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement should be granted final approved by this Court; and whether the Court should grant Plaintiffs' Fee Motion; and

WHEREAS, the Parties having appeared at the Final Approval Hearing;

THEREFORE, after reviewing the pleadings and evidence filed in support of Plaintiffs' Fee Motion, all objections and responses thereto, and hearing from the attorneys for the Parties,

**IT IS ON THIS 27th day of June, 2023, ORDERED and, ADJUDGED that the Court finds and orders as follows**:

1.     All terms herein shall have the same meaning as defined in the Settlement Agreement.

2.      This Order incorporates and makes part hereof the Settlement Agreement.

3.      This Court has jurisdiction over the subject matter of this Litigation and over the Parties to this Litigation including all Settlement Class Members.

4.      Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Settlement Claims Administrator, CPT Group Administration, also placed the Notice on the settlement website. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

5.      The Settlement, including the requested fees and expenses, was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. In its Final Order, the Court has determined that the Settlement, including the requested fees and expenses, is fair, reasonable, and adequate, and serves the best interests of the Settlement Class, in light of all the relevant factors.

6.      The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

3

7. The Court received two objections to the relief requested in the Fee Motion.

    a. The objection of Larry D. Killion ("Killion Objection") (ECF No. 93) is overruled. The Killion Objection's challenge to the contingent nature of the requested attorneys' fees is not well taken and inconsistent with the law of this Circuit. Further, the information provided in the Killion Objection fails to establish standing as a member of the Settlement Class because the Vehicle Identification Number provided is not a Class Vehicle according to FCA US's records.

    b. The objection of FCA US LLC (ECF No. 98) was withdrawn after Plaintiffs' opposition (ECF No. 102) was filed. *See* ECF No. 103.

8. Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $3,500,000, a sum which the Court finds to be fair and reasonable. This sum includes the $201,882,84 in litigation expenses that are approved by the Court. The attorneys' fees and expenses awarded will be paid to Class Counsel by FCA US in accordance with the terms in the Settlement.

9. In making this award of attorneys' fees and expenses, the Court has considered and found that the requested fee award is reasonable because:

    a. Settlement Class Members will benefit significantly from the Settlement that occurred because of the efforts of Class Counsel;

4

b. The fee sought by Class Counsel has been reviewed and approved as reasonable by Plaintiffs, who oversaw the prosecution and resolution of the Action;

c. Notice was mailed to potential Settlement Class Members stating that Class Counsel would apply for attorneys' fees and expenses in an amount not to exceed $3,950,000 and service awards to Plaintiffs in amounts of $4,000 each;

d. Class Counsel have conducted the Litigation and achieved the Settlement with diligent advocacy against experienced and skilled opposing counsel;

e. The Litigation raised a number of complex issues;

f. Had Class Counsel not achieved the Settlement, there would remain a significant risk Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendant;

g. Class Counsel devoted more than 4,428 hours, with a lodestar value of more than $2,800,000 million based on a reasonable number of hours at reasonable rates, to achieve the Settlement;

h. The amount of attorneys' fees and expenses awarded are fair, reasonable, appropriate, and consistent with awards in similar cases; and

i. The service awards to Plaintiffs, $4,000 each for a total of $24,000, are separately paid by Defendant and in addition to all other monies paid and relief afforded to the Class pursuant to the Settlement.

10. Plaintiffs Clair Reynolds, Monica Martirano, William Martin Powers, Trina Hancock, Melinda Martinez, and Brady Laing are hereby awarded $4,000 each (for an aggregate total of $24,000) for their representation of the Settlement Class, which the Court concludes is a reasonable method of compensating the Class Representatives for the time and effort expended in assisting the prosecution of this litigation and the risks incurred by becoming a litigant.

11. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

12. Co-Lead Counsel shall have the discretion to allocate the $3,500,000 in attorneys' fees and expenses awarded in this Order to all Class Counsel in their sound discretion.

13. The Court finds that no just reason exists for delay in entering this Order. Accordingly, the Clerk is hereby directed to enter this Order.

**IT IS SO ORDERED**

Dated: June 27, 2023
  Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge