# EXHIBIT D-3

# Claim 27370

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 5, 2023**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Wells Fargo & Co. Securities Litigation,*
No. 1:20-cv-04494-GHW-SN

</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Settlement Class Member based on your claims in the action entitled *In re Wells Fargo & Co. Securities Litigation*, No. 1:20-cv-04494-GHW-SN (the "Action"),[1] you must complete and, on page 7 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

3. YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.WELLSFARGOSECURITIESCLASSACTION.COM NO LATER THAN 11:59 P.M. ET ON OCTOBER 5, 2023 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE OCTOBER 5, 2023, ADDRESSED AS FOLLOWS:

Wells Fargo Securities Litigation
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430

4. If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5. If you are a Settlement Class Member and you did not timely and validly request exclusion from the proposed Settlement Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7. THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE WELLS FARGO & CO. ("WELLS FARGO") COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

8. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

9. All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.,* an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement between the Parties, dated May 8, 2023 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.WellsFargoSecuritiesClassAction.com.

on all the holdings and transactions in Wells Fargo common stock made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a) expressly state the capacity in which they are acting;

   (b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Wells Fargo common stock; and

   (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

## IDENTIFICATION OF TRANSACTION(S)

12. Use Part II of this form entitled "Schedule of Transactions in Wells Fargo Common Stock" to supply all required details of your holdings and transaction(s) in Wells Fargo common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in Wells Fargo common stock which took place during the period from February 2, 2018 to March 12, 2020, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from March 12, 2020 through June 9, 2020), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your holdings and transactions in Wells Fargo common stock, such as copies of broker confirmations or monthly account statements. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

## OTHER

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action and Claims Solutions, Inc., at the above address, by email at info@WellsFargoSecuritiesClassAction.com or by toll-free phone at 888-301-4209, or you can visit the website, www.WellsFargoSecuritiesClassAction.com, where copies of the Claim Form and Notice are available for downloading.

19. **NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.WellsFargoSecuritiesClassAction.com or you may email the Claims Administrator's electronic filing department at info@WellsFargoSecuritiesClassAction.com. Any file not in accordance with the required electronic filing format will be subject to rejection. The complete name of the beneficial owner of the securities must be entered where called for. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission. Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@WellsFargoSecuritiesClassAction.com to inquire about your file and confirm it was received.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 888-301-4209.**

02-CA40065503
AI7512 v.07

2

# PROOF OF CLAIM AND RELEASE FORM

**MUST BE POSTMARKED NO LATER THAN OCTOBER 5, 2023**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Wells Fargo & Co. Securities Litigation,*
No. 1:20-cv-04494-GHW-SN

## PART I: CLAIMANT IDENTIFICATION

The Claims Administrator will use this contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

Owner's First Name                MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                State    ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)                        Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual          ☒ IRA/401K          ☐ Estate

☐ Joint              ☐ Pension Plan      ☐ Trust

☐ Corporation        ☐ Other _____ (please specify)

## PART II: SCHEDULE OF TRANSACTIONS IN WELLS FARGO COMMON STOCK

A. **Holdings at Start of Class Period:** List all shares of Wells Fargo common stock held as of the opening of trading on February 2, 2018. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | . | 0 | 0 |

B. **Purchases:** List all purchases of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
| 1 1 0 5 1 9 | 1 0 0 0 | $ 0 5 3 . 0 1 | $ 0 0 5 3 0 0 6 . 5 0 |
| 1 1 0 5 1 9 | 4 1 0 0 | $ 0 5 2 . 9 4 | $ 0 2 1 7 0 3 5 . 9 6 |
| | | $ . | $ . |
| | | $ . | $ . |
| | | $ . | $ . |
| | | $ . | $ . |

C. **Sales:** List all sales of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
| 1 1 1 2 1 9 | 0 0 0 1 0 0 | $ 0 5 4 . 0 5 | $ 0 0 0 5 4 0 4 . 3 8 |
| 1 1 1 3 1 9 | 0 0 0 6 0 0 | $ 0 5 3 . 7 4 | $ 0 0 3 2 2 4 3 . 3 3 |
| 1 1 1 3 1 9 | 0 0 1 8 0 0 | $ 0 5 3 . 7 3 | $ 0 0 9 6 7 1 7 . 3 9 |
| 1 1 2 1 1 9 | 0 0 2 6 0 0 | $ 0 5 3 . 5 6 | $ 0 1 3 9 2 4 0 . 1 1 |
| | | $ . | $ . |
| | | $ . | $ . |

D. **Unsold Holdings:** List the number of shares of Wells Fargo common stock held as of the close of trading on June 9, 2020. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

| 0 | 0 | 0 | 0 | 0 | 0 | 0 | . | 0 | 0 |

If you require additional space to list your transactions, use photocopies of this page and check this box. ☐

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 7 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

### PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (we) submit this Claim Form under the terms of the Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to the Claims Administrator to support this Claim if requested to do so.

### PART IV: RELEASE

1. I (we) hereby acknowledge, on behalf of myself (ourselves), and each of my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of myself (ourselves), in that capacity, that I (we) fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and are forever barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

2. "Defendants' Releasees" means Defendants and Charles W. Scharf, including each of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

3. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 4 below), whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint; or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period. This release does not include any claims that have already been asserted in a related shareholder derivative action or ERISA action, including *Timothy Himstreet and Montini Family Trust v. Charles W. Scharf, et al.*, No. CGC-22-599223 (Cal. Super. Ct. Apr. 19, 2022), or any claims relating to the enforcement of the Settlement.

4. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

   A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released,



any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

5. This release shall be of no force or effect unless and until the Court approves the Settlement and the Effective Date of the Settlement (as defined in the Stipulation) occurs.

6. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

7. I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Wells Fargo common stock during the required periods as set forth above.

8. I (we) hereby warrant and represent that I (we) have not submitted any other Claim covering the same purchases of Wells Fargo common stock and knows (know) of no other person having done so on my (our) behalf.

9. I (we) hereby warrant and represent that I am (we are) not excluded from the Settlement Class as defined in the Notice and that I (we) have not requested to be excluded from the Settlement Class pursuant to the procedures set forth in the Notice.

10. I (we) submit to the jurisdiction of the Court with respect to my (our) Claim and for purposes of enforcing the releases set forth herein.

11. I (we) agree to furnish such additional information with respect to this Claim as Lead Counsel, the Claims Administrator, or the Court may require.

12. I (we) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this Claim, and waive any right of appeal or review with respect to such determination.

13. I (we) acknowledge that I (we) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

14. I (we) certify that I am (we are) not subject to backup withholding under the provisions of section 3406(a)(1)(c) of the Internal Revenue Code.

Note:    if you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.



**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this __24__ day of ___09 / 2023___, in ████████  ██████████
                                    (Month/Year)              (City)              (State/Country)

| | |
|---|---|
| ██████████████████████ | |
| Signature of Claimant | Signature of Joint Claimant, if any |
| ██████████████████ | |
| Print Name of Claimant | Print Name of Joint Claimant, if any |

| 0 9 | - | 2 4 | - | 2 0 2 3 | | | - | | - | |
|---|---|---|---|---|---|---|---|---|---|---|
| MM | | DD | | YYYY | | MM | | DD | | YYYY |
| Date | | | | | | Date | | | | |

*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

| | |
|---|---|
| | MM - DD - YYYY |
| Signature of Person Completing Form | Date |
| | |
| Print Name of Person Completing Form | Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor or Administrator) |

## REMINDER CHECKLIST

☑ 1. Please be sure to sign this Claim Form.

☑ 2. Remember to attach **COPIES OF** documentation verifying your transactions listed above.

☑ 3. **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**

☑ 4. Keep a copy of your Claim Form for your records.

☐ 5. If you move, please send your new address to the Claims Administrator at the address below:

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430
888-301-4209
info@WellsFargoSecuritiesClassAction.com

☐ 6. **Do not use highlighter on the Claim Form or supporting documentation.**

07-CA40065503
AI7517 v.07

7




# Attachments

Patch Code 3

**Personal Investing**







September 22, 2023

Dear ███████

Thank you for contacting Fidelity Investments. This letter is in response to your request for Fidelity to verify the purchases and sales of Wells Fargo & Co. (WFC) for the time period from February 2, 2018, through June 9, 2020, in your account ending in ███. I appreciate the opportunity to assist you with this matter.

Please see the tables for the requested information.

| Number of shares owned as of opening of trading on February 2, 2018 | 0.000 |
|---|---|
| Number of shares owned as of close of trading on June 9, 2020 | 0.000 |

| Event Date | Transaction | Quantity | Amount | Price |
|---|---|---|---|---|
| 11/05/2019 | Buy | 1,000.000 | $53,006.50 | $53.01 |
| 11/05/2019 | Buy | 4,100.000 | $217,035.96 | $52.94 |
| 11/12/2019 | Sell | 100.000 | $5,404.38 | $54.05 |
| 11/13/2019 | Sell | 600.000 | $32,243.33 | $53.74 |
| 11/13/2019 | Sell | 1,800.000 | $96,717.39 | $53.73 |
| 11/21/2019 | Sell | 2,600.000 | $139,240.11 | $53.56 |

Additionally, please note that these tables contain information as of September 21, 2023 and can be subject to change pending any new and subsequent transactions in the same securities. They may not reflect impact from any previous corporate actions. This information is unaudited and is not intended to replace your monthly statement or official tax documents.

*Continued*

Fidelity Brokerage Services LLC, Members NYSE, SIPC.

**Personal Investing**





I hope this information is helpful. For any other issues or general inquiries, please contact a Fidelity representative at ████████████ Thank you for choosing Fidelity Investments.

Sincerely,



Personal Investing Operations

████████████████

Cost Basis, Gain/Loss, and Holding Period Information: NFS will report gross proceeds and certain cost basis and holding period information to you and the IRS on your annual Form 1099-B as required or allowed by law, but such information may not reflect adjustments required for your tax reporting purposes. Taxpayers should verify such information when calculating reportable gain or loss. Fidelity does not provide legal or tax advice. The information herein is general and educational in nature and should not be considered legal or tax advice. Tax laws and regulations are complex and subject to change, which can materially impact investment results. Fidelity cannot guarantee that the information herein is accurate, complete, or timely. Fidelity makes no warranties with regards to such information or results obtained by its use, and disclaims any liability arising out of your use of, or any tax position taken in reliance on, such information. Consult an attorney or tax professional regarding your specific situation. Unless otherwise specified, NFS determines cost basis at the time of sale based on the average cost method or open#end mutual funds and on the first#in, first-out (FIFO) method for all other securities.

Fidelity Brokerage Services LLC, Members NYSE, SIPC.

| | |
|---|---|
| **From:** | info@WellsFargoSecuritiesClassAction.com |
| **Sent:** | Monday, September 25, 2023 3:09 PM |
| **To:** | Claims_WellsFargoSecuritiesClassAction |
| **Subject:** | In re Wells Fargo and Co. Securities Litigation – Claim Upload |

Contact Information

Location: ███████████████████████████████████

Name: ██████

Address:

███████████████

Phone Number: ██████████

Email: ███████████

Date and Time: 9/25/2023 3:08:35 PM

Confirmation Number: Y8UVP9SV

1

Divider Page

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430

Website:   www.WellsFargoSecuritiesClassAction.com
Email:     info@WellsFargoSecuritiesClassAction.com
Phone:    888-301-4209



*400655030010427802*

| | |
|---|---|
| Claim Number: | 27370 |
| <u>Response Deadline:</u> | <u>December 10, 2023</u> |

November 20, 2023

## <u>Notice of Deficient Proof of Claim Submission</u>

Dear Claimant:

We received the Proof of Claim and Release Form ("Claim") that you submitted in connection with the *Wells Fargo Securities Litigation* matter. We have determined, based on our review of your Claim, that the Claim is deficient or ineligible for the reason(s) identified below. In order to resolve the deficiencies within your Claim, you must submit a written response with any required documentation as specified below, postmarked no later than the response deadline printed at the top of this notice. Please include a copy of this notice with your response. **If you fail to respond by the response deadline set forth above, or if your response fails to cure the condition(s) identified below, this Claim will be rejected to the extent that those conditions remain uncured. This is the only notice you will receive with respect to this Claim.**

**PLEASE NOTE:** The Plan of Allocation for the net proceeds of the Settlement, which has been approved by the Court and which is referred to in many of the conditions of deficiency, is set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice"). The Settlement Notice can be viewed at or downloaded from www.WellsFargoSecuritiesClassAction.com.

**<u>Ineligibility Condition:</u>** No Recognized Claim.

In accordance with the Court-approved Plan of Allocation set forth in the Settlement Notice (which is available on the settlement website), the Claim referenced above does not calculate to a Recognized Claim and therefore is not eligible to receive a distribution from the Net Settlement Fund. Please be aware that Recognized Claim is not the same as market loss. It is possible to have a market loss, in which you experience a loss in value of your stock, and still have no Recognized Claim under the Plan of Allocation. Unless you had eligible transactions during the Class Period that are not reflected in your Claim, this is NOT a curable deficiency.

**<u>How to Resolve:</u>** You can resolve this condition of ineligibility by submitting evidence of Wells Fargo common stock purchased or acquired during the Class Period that was not previously reflected in your Claim and that make your Claim calculate to a Recognized Claim. You must also support any additional transactions with acceptable documentation. Acceptable documentation includes securities brokers' confirmation slips, month- and year-end account statements, or similar documentation. Self-generated documents are not acceptable.

**PLEASE NOTE:** Curing this condition of ineligibility is an absolute requirement in order for your Claim to be eligible to participate in the Settlement. If you have other deficiencies and cure them, your Claim still will not be eligible, even for "partial acceptance," unless this deficiency is also cured.

AJ3271 v.04



**Please note, even if you cure the noted deficiency(ies), your Claim must then calculate to a Recognized Claim under the Plan of Allocation in order to be included in the list of eligible claims presented to the Court for approval.** The method of calculating a Claim to determine whether it calculates to a Recognized Claim is described in the Plan of Allocation set forth on pages 12 — 15 of the Settlement Notice. If you disagree with the condition(s) identified in this notice, you may contact us for assistance and/or request Court review of our administrative determination regarding your Claim.

To request Court review of your Claim, you must send a letter to the Claims Administrator at the address printed at the top of this notice, postmarked no later than the response deadline set forth above. Your letter must: (1) include a copy of this notice; (2) specifically state that you request Court review of the full or partial rejection of the Claim; (3) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (4) include any and all documentation supporting your argument(s). If the dispute concerning your Claim cannot be resolved, your Claim will be presented to the Court for review, which may include public filing of your Claim and supporting documentation with the Court with financial account numbers and certain other information redacted. **PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S DETERMINATION REGARDING YOUR CLAIM. IF YOU REQUEST COURT REVIEW, THE SUPPORTING DOCUMENTATION WILL BE SUBMITTED TO THE COURT FOR CONSIDERATION AND WILL BECOME PART OF THE PUBLIC RECORD. YOUR CLAIM FORM AND SUPPORTING DOCUMENTATION WILL BE PARTIALLY REDACTED TO PROTECT YOUR PRIVACY.**

If you have any questions about this notice or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at the toll-free number or email address noted above.
Sincerely,

Claims Administrator Team
Wells Fargo Securities Litigation
Epiq Class Action and Claims Solutions, Inc.

AJ3272 v.04

Divider Page

**From:**          Info_WellsFargoSecuritiesClassAction
**Sent:**          Friday, December 8, 2023 7:11 AM
**To:**
**Cc:**
**Subject:**       RE: Submission for Claim Numbers 27370 and 2737I.

Dear ▇▇▇▇,

Thank you for your email.

This is to confirm that we have received your updates and submitted them for processing. If you would like to check on the status of your claim going forward, you may check in periodically after you receive this confirmation of receipt. All claims are in process. We thank you for your patience.

If you want to cure your claim, you do NOT have to request court review. You may provide your documentation and information to the Claims Administrator and we can update your claim. You should only request Court Review if you disagree with our assessment that the claim should be denied.

If you disagree with the determination on your letter, you may request Court review of the determination. To request Court review, you must: (1) return a copy of the letter you received; specifically state that you request Court review of the full or partial rejection of the Claim; (2) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (3) include any and all documentation supporting your argument(s). Please note that court review should only be sought if you disagree with the Claims Administrator's determination for your claim.

Sincerely,

▇▇▇▇▇▇
Wells Fargo Securities Litigation
Claims Administrator

------------------- Original Message -------------------
**From:** ▇▇▇▇▇▇▇▇▇▇
**Received:** 12/6/2023 10:28 PM
**To:** Info@WellsFargoSecuritiesClassAction.com
**Cc:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
**Subject:** Submission for Claim Numbers 27370 and 2737I.

Hello,
I am resubmitting my claims for "WellsFargoSecurities Class Action" (see attached files).. Also, I am requesting the Court to review my claims if rejected again. Brokerage letters showing all the transactions happened during specified dates for class action lawsuits. Please let me know if you need additional info.
Thanks for your help
▇▇▇▇▇▇

1

# Divider Page

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430

| | |
|---|---|
| Website: | www.WellsFargoSecuritiesClassAction.com |
| Email: | info@WellsFargoSecuritiesClassAction.com |
| Phone: | 888-301-4209 |

Claim Number:    27370

**Response Deadline:    December 10, 2023**

November 20, 2023

## Notice of Deficient Proof of Claim Submission

Dear Claimant:

We received the Proof of Claim and Release Form ("Claim") that you submitted in connection with the *Wells Fargo Securities Litigation* matter. We have determined, based on our review of your Claim, that the Claim is deficient or ineligible for the reason(s) identified below. In order to resolve the deficiencies within your Claim, you must submit a written response with any required documentation as specified below, postmarked no later than the response deadline printed at the top of this notice. Please include a copy of this notice with your response. **If you fail to respond by the response deadline set forth above, or if your response fails to cure the condition(s) identified below, this Claim will be rejected to the extent that those conditions remain uncured. This is the only notice you will receive with respect to this Claim.**

**PLEASE NOTE:** The Plan of Allocation for the net proceeds of the Settlement, which has been approved by the Court and which is referred to in many of the conditions of deficiency, is set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice"). The Settlement Notice can be viewed at or downloaded from www.WellsFargoSecuritiesClassAction.com.

**Ineligibility Condition:** No Recognized Claim.

In accordance with the Court-approved Plan of Allocation set forth in the Settlement Notice (which is available on the settlement website), the Claim referenced above does not calculate to a Recognized Claim and therefore is not eligible to receive a distribution from the Net Settlement Fund. Please be aware that Recognized Claim is not the same as market loss. It is possible to have a market loss, in which you experience a loss in value of your stock, and still have no Recognized Claim under the Plan of Allocation. Unless you had eligible transactions during the Class Period that are not reflected in your Claim, this is NOT a curable deficiency.

**How to Resolve:** You can resolve this condition of ineligibility by submitting evidence of Wells Fargo common stock purchased or acquired during the Class Period that was not previously reflected in your Claim and that make your Claim calculate to a Recognized Claim. You must also support any additional transactions with acceptable documentation. Acceptable documentation includes securities brokers' confirmation slips, month- and year-end account statements, or similar documentation. Self-generated documents are not acceptable.

**PLEASE NOTE:** Curing this condition of ineligibility is an absolute requirement in order for your Claim to be eligible to participate in the Settlement. If you have other deficiencies and cure them, your Claim still will not be eligible, even for "partial acceptance," unless this deficiency is also cured.

AJ3271 v.04

Please note, even if you cure the noted deficiency(ies), your Claim must then calculate to a Recognized Claim under the Plan of Allocation in order to be included in the list of eligible claims presented to the Court for approval. The method of calculating a Claim to determine whether it calculates to a Recognized Claim is described in the Plan of Allocation set forth on pages 12 — 15 of the Settlement Notice. If you disagree with the condition(s) identified in this notice, you may contact us for assistance and/or request Court review of our administrative determination regarding your Claim.

To request Court review of your Claim, you must send a letter to the Claims Administrator at the address printed at the top of this notice, postmarked no later than the response deadline set forth above. Your letter must: (1) include a copy of this notice; (2) specifically state that you request Court review of the full or partial rejection of the Claim; (3) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (4) include any and all documentation supporting your argument(s). If the dispute concerning your Claim cannot be resolved, your Claim will be presented to the Court for review, which may include public filing of your Claim and supporting documentation with the Court with financial account numbers and certain other information redacted. **PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S DETERMINATION REGARDING YOUR CLAIM. IF YOU REQUEST COURT REVIEW, THE SUPPORTING DOCUMENTATION WILL BE SUBMITTED TO THE COURT FOR CONSIDERATION AND WILL BECOME PART OF THE PUBLIC RECORD. YOUR CLAIM FORM AND SUPPORTING DOCUMENTATION WILL BE PARTIALLY REDACTED TO PROTECT YOUR PRIVACY.**

If you have any questions about this notice or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at the toll-free number or email address noted above.
Sincerely,

Claims Administrator Team
Wells Fargo Securities Litigation
Epiq Class Action and Claims Solutions, Inc.

AJ3272 v.04

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 5, 2023**

</td><td>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Wells Fargo & Co. Securities Litigation,*
No. 1:20-cv-04494-GHW-SN

</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1.  To recover as a Settlement Class Member based on your claims in the action entitled *In re Wells Fargo & Co. Securities Litigation,* No. 1:20-cv-04494-GHW-SN (the "Action"),[1] you must complete and, on page 7 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

3.  YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.WELLSFARGOSECURITIESCLASSACTION.COM NO LATER THAN 11:59 P.M. ET ON OCTOBER 5, 2023 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE OCTOBER 5, 2023, ADDRESSED AS FOLLOWS:

    Wells Fargo Securities Litigation
    c/o Epiq Class Action and Claims Solutions, Inc.
    P.O. Box 5430
    Portland, OR 97228-5430

4.  If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5.  If you are a Settlement Class Member and you did not timely and validly request exclusion from the proposed Settlement Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6.  **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7.  THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE WELLS FARGO & CO. ("WELLS FARGO") COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

8.  Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

9.  All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.,* an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement between the Parties, dated May 8, 2023 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.WellsFargoSecuritiesClassAction.com.

on all the holdings and transactions in Wells Fargo common stock made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a) expressly state the capacity in which they are acting;

    (b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Wells Fargo common stock; and

    (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

## IDENTIFICATION OF TRANSACTION(S)

12. Use Part II of this form entitled "Schedule of Transactions in Wells Fargo Common Stock" to supply all required details of your holdings and transaction(s) in Wells Fargo common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested information with respect to *all* of your transactions in Wells Fargo common stock which took place during the period from February 2, 2018 to March 12, 2020, inclusive (the "Class Period"), as well as the 90-day period subsequent to the Class Period (*i.e.*, from March 12, 2020 through June 9, 2020), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your holdings and transactions in Wells Fargo common stock, such as copies of broker confirmations or monthly account statements. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

## OTHER

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action and Claims Solutions, Inc., at the above address, by email at info@WellsFargoSecuritiesClassAction.com or by toll-free phone at 888-301-4209, or you can visit the website, www.WellsFargoSecuritiesClassAction.com, where copies of the Claim Form and Notice are available for downloading.

19. **NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.WellsFargoSecuritiesClassAction.com or you may email the Claims Administrator's electronic filing department at info@WellsFargoSecuritiesClassAction.com. Any file not in accordance with the required electronic filing format will be subject to rejection. The complete name of the beneficial owner of the securities must be entered where called for. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission. Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@WellsFargoSecuritiesClassAction.com to inquire about your file and confirm it was received.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 888-301-4209.**

# PROOF OF CLAIM AND RELEASE FORM

<table>
<tr><td>

**MUST BE
POSTMARKED
NO LATER THAN
OCTOBER 5, 2023**

</td><td>

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
*In re Wells Fargo & Co. Securities Litigation,*
No. 1:20-cv-04494-GHW-SN

</td></tr>
</table>

## PART I: CLAIMANT IDENTIFICATION

The Claims Administrator will use this contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

Beneficial Owner's First Name        MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name        MI        Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address (street name and number)

Address 2 (apartment, unit or box number)

City        State        ZIP Code

Country

Social Security Number or Taxpayer Identification Number

Telephone Number (Day)        Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Claimant Account Type (check appropriate box)**

☐ Individual        ☒ IRA/401K        ☐ Estate

☐ Joint        ☐ Pension Plan        ☐ Trust

☐ Corporation        ☐ Other _____ (please specify)

## PART II: SCHEDULE OF TRANSACTIONS IN WELLS FARGO COMMON STOCK

**A.** Holdings at Start of Class Period: List all shares of Wells Fargo common stock held as of the opening of trading on February 2, 2018. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

`0 0 0 0 0 0 0 . 0 0`

**B.** Purchases: List all purchases of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
| 11 05 19 | 1000 | $ 053.01 | $ 0053006.50 |
| 11 05 19 | 4100 | $ 052.94 | $ 0217035.96 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**C.** Sales: List all sales of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
| 11 12 19 | 000100 | $ 054.05 | $ 0005404.38 |
| 11 13 19 | 000600 | $ 053.74 | $ 0032243.33 |
| 11 13 19 | 001800 | $ 053.73 | $ 0096717.39 |
| 11 21 19 | 002600 | $ 053.56 | $ 0139240.11 |
| | | $ | $ |
| | | $ | $ |

**D.** Unsold Holdings: List the number of shares of Wells Fargo common stock held as of the close of trading on June 9, 2020. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

`0 0 0 0 0 0 0 . 0 0`

If you require additional space to list your transactions, use photocopies of this page and check this box. ☐

04-CA40065503
AI7514 v.07

4

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 7 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

### PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (we) submit this Claim Form under the terms of the Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to the Claims Administrator to support this Claim if requested to do so.

### PART IV: RELEASE

1.  I (we) hereby acknowledge, on behalf of myself (ourselves), and each of my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of myself (ourselves), in that capacity, that I (we) fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and are forever barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

2.  "Defendants' Releasees" means Defendants and Charles W. Scharf, including each of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

3.  "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims (as defined in ¶ 4 below), whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in the Complaint; or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period. This release does not include any claims that have already been asserted in a related shareholder derivative action or ERISA action, including *Timothy Himstreet and Montini Family Trust v. Charles W. Scharf, et al.*, No. CGC-22-599223 (Cal. Super. Ct. Apr. 19, 2022), or any claims relating to the enforcement of the Settlement.

4.  "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

    > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

    Lead Plaintiffs and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released,

any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

5.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Effective Date of the Settlement (as defined in the Stipulation) occurs.

6.  I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

7.  I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Wells Fargo common stock during the required periods as set forth above.

8.  I (we) hereby warrant and represent that I (we) have not submitted any other Claim covering the same purchases of Wells Fargo common stock and knows (know) of no other person having done so on my (our) behalf.

9.  I (we) hereby warrant and represent that I am (we are) not excluded from the Settlement Class as defined in the Notice and that I (we) have not requested to be excluded from the Settlement Class pursuant to the procedures set forth in the Notice.

10. I (we) submit to the jurisdiction of the Court with respect to my (our) Claim and for purposes of enforcing the releases set forth herein.

11. I (we) agree to furnish such additional information with respect to this Claim as Lead Counsel, the Claims Administrator, or the Court may require.

12. I (we) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this Claim, and waive any right of appeal or review with respect to such determination.

13. I (we) acknowledge that I (we) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

14. I (we) certify that I am (we are) not subject to backup withholding under the provisions of section 3406(a)(1)(c) of the Internal Revenue Code.

Note:    if you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this __24__ day of __09 / 2023__
(Month/Year)

| | |
|---|---|
| | |

Signature of Joint Claimant, if any

Print Name of Claimant

Print Name of Joint Claimant, if any

|0|9| - |2|4| - |2|0|2|3|
MM    DD     YYYY
Date

| | - | | - | | |
MM    DD     YYYY
Date

*If Claimant is other than an individual, or is not the person completing this form, the following **also** must be provided:*

Signature of Person Completing Form

| | - | | - | | |
MM    DD     YYYY
Date

Print Name of Person Completing Form

Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor or Administrator)

## REMINDER CHECKLIST

☑ 1. Please be sure to sign this Claim Form.
☑ 2. Remember to attach **COPIES OF** documentation verifying your transactions listed above.
☑ 3. **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**
☑ 4. Keep a copy of your Claim Form for your records.
☐ 5. If you move, please send your new address to the Claims Administrator at the address below:

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430
888-301-4209
info@WellsFargoSecuritiesClassAction.com

☐ 6. **Do not use highlighter on the Claim Form or supporting documentation.**

**Personal Investing**







September 22, 2023

Dear ▮▮▮▮▮

Thank you for contacting Fidelity Investments. This letter is in response to your request for Fidelity to verify the purchases and sales of Wells Fargo & Co. (WFC) for the time period from February 2, 2018, through June 9, 2020, in your account ending in ▮▮▮ I appreciate the opportunity to assist you with this matter.

Please see the tables for the requested information.

| | |
|---|---|
| Number of shares owned as of opening of trading on February 2, 2018 | 0.000 |
| Number of shares owned as of close of trading on June 9, 2020 | 0.000 |

| Event Date | Transaction | Quantity | Amount | Price |
|---|---|---|---|---|
| 11/05/2019 | Buy | 1,000.000 | $53,006.50 | $53.01 |
| 11/05/2019 | Buy | 4,100.000 | $217,035.96 | $52.94 |
| 11/12/2019 | Sell | 100.000 | $5,404.38 | $54.05 |
| 11/13/2019 | Sell | 600.000 | $32,243.33 | $53.74 |
| 11/13/2019 | Sell | 1,800.000 | $96,717.39 | $53.73 |
| 11/21/2019 | Sell | 2,600.000 | $139,240.11 | $53.56 |

Additionally, please note that these tables contain information as of September 21, 2023 and can be subject to change pending any new and subsequent transactions in the same securities. They may not reflect impact from any previous corporate actions. This information is unaudited and is not intended to replace your monthly statement or official tax documents.

*Continued*

Fidelity Brokerage Services LLC, Members NYSE, SIPC.

**Personal Investing**



I hope this information is helpful. For any other issues or general inquiries, please contact a Fidelity representative at ▮▮▮▮▮▮▮▮▮▮ hank you for choosing Fidelity Investments.

Sincerely,



Cost Basis, Gain/Loss, and Holding Period Information: NFS will report gross proceeds and certain cost basis and holding period information to you and the IRS on your annual Form 1099-B as required or allowed by law, but such information may not reflect adjustments required for your tax reporting purposes. Taxpayers should verify such information when calculating reportable gain or loss. Fidelity does not provide legal or tax advice. The information herein is general and educational in nature and should not be considered legal or tax advice. Tax laws and regulations are complex and subject to change, which can materially impact investment results. Fidelity cannot guarantee that the information herein is accurate, complete, or timely. Fidelity makes no warranties with regards to such information or results obtained by its use, and disclaims any liability arising out of your use of, or any tax position taken in reliance on, such information. Consult an attorney or tax professional regarding your specific situation. Unless otherwise specified, NFS determines cost basis at the time of sale based on the average cost method or open/end mutual funds and on the first/in, first-out (FIFO) method for all other securities.

Fidelity Brokerage Services LLC, Members NYSE, SIPC.

**From:** ████████████████
**Sent:** Wednesday, December 6, 2023 10:27 PM
**To:** Info_WellsFargoSecuritiesClassAction
**Cc:** ████████████████
**Subject:** Submission for Claim Numbers 27370 and 27371.
**Attachments:** Claim 27370 Document_2023-12-06.pdf; Claim 27371 Document_2023-12-06.pdf; 2023-09-25_513145696.pdf; 2023-09-25_513145688.pdf

---

**CAUTION:** This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the "Phish Alert Report" button above.

---

Hello,
I am resubmitting my claims for "WellsFargoSecurities Class Action" (see attached files).. Also, I am requesting the Court to review my claims if rejected again. Brokerage letters showing all the transactions happened during specified dates for class action lawsuits. Please let me know if you need additional info.
Thanks for your help