# EXHIBIT D-10

# Claim 22547

# PROOF OF CLAIM AND RELEASE FORM

**MUST BE POSTMARKED NO LATER THAN OCTOBER 5, 2023**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*In re Wells Fargo & Co. Securities Litigation,*
No. 1:20-cv-04494-GHW-SN

## PART I: CLAIMANT IDENTIFICATION

The Claims Administrator will use this contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

Beneficial Owner's First Name    MI    's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City    State    ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)    Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

- [ ] Individual
- [ ] Joint
- [ ] Corporation
- [x] IRA/401K
- [ ] Pension Plan
- [ ] Other _____ (please specify)
- [ ] Estate
- [ ] Trust

03-CA40065503
AI7513 v.07

3

**PART II: SCHEDULE OF TRANSACTIONS IN WELLS FARGO COMMON STOCK**

A. **Holdings at Start of Class Period:** List all shares of Wells Fargo common stock held as of the opening of trading on February 2, 2018. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

`0 . 0 0`

B. **Purchases:** List all purchases of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
| 0 1 1 4 2 0 | 1 0 0 | $ 49 . 28 | $ 4 9 2 8 . 0 0 |
| 0 1 1 5 2 0 | 5 0 | $ 48 . 41 | $ 2 4 2 0 . 7 7 |
| 0 1 1 5 2 0 | 5 0 | $ 48 . 00 | $ 2 4 0 0 . 0 0 |
| | | $ . | $ . |
| | | $ . | $ . |
| | | $ . | $ . |

C. **Sales:** List all sales of Wells Fargo common stock between February 2, 2018 and June 9, 2020, inclusive. Be sure to attach documentation verifying your transactions.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
| 0 2 0 5 2 0 | 2 0 0 | $ 48 . 36 | $ 9 6 7 2 . 0 0 |
| | | $ . | $ . |
| | | $ . | $ . |
| | | $ . | $ . |
| | | $ . | $ . |
| | | $ . | $ . |

D. **Unsold Holdings:** List the number of shares of Wells Fargo common stock held as of the close of trading on June 9, 2020. Be sure to attach documentation verifying your holdings such as a current account statement.

**Quantity of Shares Held**

`0 . 0 0`

If you require additional space to list your transactions, use photocopies of this page and check this box. ☐

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this ___5___ day of ___09/2023___, in _____

                                    (Month/Year)             (City)        (State/Country)

Signature of Claimant                            Signature of Joint Claimant, if any

Print Name of Claimant                           Print Name of Joint Claimant, if any

| 0 | 9 | – | 0 | 5 | – | 2 | 0 | 2 | 3 |
|---|---|---|---|---|---|---|---|---|---|

MM     DD     YYYY                      MM     DD     YYYY

Date                                              Date

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

Signature of Person Completing Form                 MM     DD     YYYY
                                                      Date

Print Name of Person Completing Form            Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor or Administrator)

## REMINDER CHECKLIST

☑ 1. Please be sure to sign this Claim Form.

☑ 2. Remember to attach **COPIES OF** documentation verifying your transactions listed above.

☑ 3. **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**

☑ 4. Keep a copy of your Claim Form for your records.

☑ 5. If you move, please send your new address to the Claims Administrator at the address below:

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430
888-301-4209
info@WellsFargoSecuritiesClassAction.com

☑ 6. **Do not use highlighter on the Claim Form or supporting documentation.**





# Attachments



Patch Code 3





0100021134

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 20014-1C1BMJ | 1* | WK# | 01-14-20 | 01-16-20 | 949746101 | 20014-P7ZRJ | | |

You Bought

100

at 49.2800

Symbol :
WFC

DESCRIPTION and DISCLOSURES
WELLS FARGO CO NEW COM
WE HAVE ACTED AS AGENT.

Principal Amount  4,928.00
Settlement Amount  4,928.00

ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

0100021134





FIDELITY BROKERAGE SERVICES LLC, MEMBER NYSE, SIPC



**Transaction Confirmation**
**Confirm Date: January 15, 2020**

0100025727





| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 20015-1BD7QX | 1* | WK# | 01-15-20 | 01-17-20 | 949746101 | 20015-FJ9QD | | |

You Bought
          50
     at  48.4153
Symbol:
WFC

DESCRIPTION and DISCLOSURES
WELLS FARGO CO NEW COM
WE HAVE ACTED AS AGENT.

Principal Amount          2,420.77
Settlement Amount        2,420.77

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 20015-1CB79Q | 1* | WK# | 01-15-20 | 01-17-20 | 949746101 | 20015-FLM8G | | |

You Bought
          50
     at  48.0000
Symbol:
WFC

DESCRIPTION and DISCLOSURES
WELLS FARGO CO NEW COM
WE HAVE ACTED AS AGENT.

Principal Amount          2,400.00
Settlement Amount        2,400.00

0100025727          ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -





FIDELITY BROKERAGE SERVICES LLC, MEMBER NYSE, SIPC





0100022894



0100022894

ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE





FIDELITY BROKERAGE SERVICES LLC, MEMBER NYSE, SIPC





| REFERENCE NO. 20036-1B8WTR | TYPE 1* | REG.REP. WK# | TRADE DATE 02-05-20 | SETTLEMENT DATE 02-07-20 | CUSIP NO. 949746101 | ORDER NO. 20036-KBZ7G | | |
|---|---|---|---|---|---|---|---|---|

You Sold

      200

    at   48.3600

Symbol :
WFC

**DESCRIPTION and DISCLOSURES**
WELLS FARGO CO NEW COM
WE HAVE ACTED AS AGENT.
LOTS WITHOUT SPECIFIC SHARES
INSTRUCTIONS WILL BE DEPLETED USING
FIRST IN, FIRST OUT METHOD.
EX-DIV DATE 02/06/20
RECORD DATE 02/07/20
PAYABLE DTE 03/01/20

Principal Amount    9,672.00
Activity Assessment Fee    0.21
Settlement Amount    9,671.79

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

# PRIORITY® ★ MAIL ★

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*
- $ INSURANCE INCLUDED*
- PICKUP AVAILABLE

\* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

F

Electronic Rate Approved #038555749

USPS TRACKING #

9405 5036 9930 0599 5279 01

WELLS FARGO SECURITY LITIGATION
C/O EPIQ CLASS ACTION AND CLAIMS
PO BOX 5430
PORTLAND OR 97228-5430

B907





This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

This envelope is made from post-consumer waste. Please recycle - again.

P S00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE.

COPY
Document Control

COPY
Document Control



Divider Page

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430

Website:   www.WellsFargoSecuritiesClassAction.com
Email:    info@WellsFargoSecuritiesClassAction.com
Phone:   888-301-4209



*400655030010409669*

Claim Number:     22547

<u>Response Deadline:</u>   <u>December 10, 2023</u>

November 20, 2023

## <u>Notice of Deficient Proof of Claim Submission</u>

Dear Claimant:

We received the Proof of Claim and Release Form ("Claim") that you submitted in connection with the *Wells Fargo Securities Litigation* matter. We have determined, based on our review of your Claim, that the Claim is deficient or ineligible for the reason(s) identified below. In order to resolve the deficiencies within your Claim, you must submit a written response with any required documentation as specified below, postmarked no later than the response deadline printed at the top of this notice. Please include a copy of this notice with your response. **If you fail to respond by the response deadline set forth above, or if your response fails to cure the condition(s) identified below, this Claim will be rejected to the extent that those conditions remain uncured. This is the only notice you will receive with respect to this Claim.**

**PLEASE NOTE:** The Plan of Allocation for the net proceeds of the Settlement, which has been approved by the Court and which is referred to in many of the conditions of deficiency, is set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice"). The Settlement Notice can be viewed at or downloaded from www.WellsFargoSecuritiesClassAction.com.

**<u>Ineligibility Condition:</u>** No Recognized Claim.

In accordance with the Court-approved Plan of Allocation set forth in the Settlement Notice (which is available on the settlement website), the Claim referenced above does not calculate to a Recognized Claim and therefore is not eligible to receive a distribution from the Net Settlement Fund. Please be aware that Recognized Claim is not the same as market loss. It is possible to have a market loss, in which you experience a loss in value of your stock, and still have no Recognized Claim under the Plan of Allocation. Unless you had eligible transactions during the Class Period that are not reflected in your Claim, this is NOT a curable deficiency.

**<u>How to Resolve:</u>** You can resolve this condition of ineligibility by submitting evidence of Wells Fargo common stock purchased or acquired during the Class Period that was not previously reflected in your Claim and that make your Claim calculate to a Recognized Claim. You must also support any additional transactions with acceptable documentation. Acceptable documentation includes securities brokers' confirmation slips, month- and year-end account statements, or similar documentation. Self-generated documents are not acceptable.

**PLEASE NOTE:** Curing this condition of ineligibility is an absolute requirement in order for your Claim to be eligible to participate in the Settlement. If you have other deficiencies and cure them, your Claim still will not be eligible, even for "partial acceptance," unless this deficiency is also cured.

AJ3271 v.04



**Please note, even if you cure the noted deficiency(ies), your Claim must then calculate to a Recognized Claim under the Plan of Allocation in order to be included in the list of eligible claims presented to the Court for approval.** The method of calculating a Claim to determine whether it calculates to a Recognized Claim is described in the Plan of Allocation set forth on pages 12 — 15 of the Settlement Notice. If you disagree with the condition(s) identified in this notice, you may contact us for assistance and/or request Court review of our administrative determination regarding your Claim.

To request Court review of your Claim, you must send a letter to the Claims Administrator at the address printed at the top of this notice, postmarked no later than the response deadline set forth above. Your letter must: (1) include a copy of this notice; (2) specifically state that you request Court review of the full or partial rejection of the Claim; (3) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (4) include any and all documentation supporting your argument(s). If the dispute concerning your Claim cannot be resolved, your Claim will be presented to the Court for review, which may include public filing of your Claim and supporting documentation with the Court with financial account numbers and certain other information redacted. **PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S DETERMINATION REGARDING YOUR CLAIM. IF YOU REQUEST COURT REVIEW, THE SUPPORTING DOCUMENTATION WILL BE SUBMITTED TO THE COURT FOR CONSIDERATION AND WILL BECOME PART OF THE PUBLIC RECORD. YOUR CLAIM FORM AND SUPPORTING DOCUMENTATION WILL BE PARTIALLY REDACTED TO PROTECT YOUR PRIVACY.**

If you have any questions about this notice or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at the toll-free number or email address noted above.
Sincerely,

Claims Administrator Team
Wells Fargo Securities Litigation
Epiq Class Action and Claims Solutions, Inc.

AJ3272 v.04

Divider Page

*Wells Fargo Securities Litigation*
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430

Website:  www.WellsFargoSecuritiesClassAction.com
Email:    info@WellsFargoSecuritiesClassAction.com
Phone:    888-301-4209

Claim Number:     22547

Response Deadline:    December 10, 2023

November 20, 2023

### Notice of Deficient Proof of Claim Submission

Dear Claimant:

We received the Proof of Claim and Release Form ("Claim") that you submitted in connection with the *Wells Fargo Securities Litigation* matter. We have determined, based on our review of your Claim, that the Claim is deficient or ineligible for the reason(s) identified below. In order to resolve the deficiencies within your Claim, you must submit a written response with any required documentation as specified below, postmarked no later than the response deadline printed at the top of this notice. Please include a copy of this notice with your response. **If you fail to respond by the response deadline set forth above, or if your response fails to cure the condition(s) identified below, this Claim will be rejected to the extent that those conditions remain uncured. This is the only notice you will receive with respect to this Claim.**

**PLEASE NOTE:** The Plan of Allocation for the net proceeds of the Settlement, which has been approved by the Court and which is referred to in many of the conditions of deficiency, is set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice"). The Settlement Notice can be viewed at or downloaded from www.WellsFargoSecuritiesClassAction.com.

**Ineligibility Condition:** No Recognized Claim.

In accordance with the Court-approved Plan of Allocation set forth in the Settlement Notice (which is available on the settlement website), the Claim referenced above does not calculate to a Recognized Claim and therefore is not eligible to receive a distribution from the Net Settlement Fund. Please be aware that Recognized Claim is not the same as market loss. It is possible to have a market loss, in which you experience a loss in value of your stock, and still have no Recognized Claim under the Plan of Allocation. Unless you had eligible transactions during the Class Period that are not reflected in your Claim, this is NOT a curable deficiency.

**How to Resolve:** You can resolve this condition of ineligibility by submitting evidence of Wells Fargo common stock purchased or acquired during the Class Period that was not previously reflected in your Claim and that make your Claim calculate to a Recognized Claim. You must also support any additional transactions with acceptable documentation. Acceptable documentation includes securities brokers' confirmation slips, month- and year-end account statements, or similar documentation. Self-generated documents are not acceptable.

**PLEASE NOTE:** Curing this condition of ineligibility is an absolute requirement in order for your Claim to be eligible to participate in the Settlement. If you have other deficiencies and cure them, your Claim still will not be eligible, even for "partial acceptance," unless this deficiency is also cured.

AJ3271 v.04



**Please note, even if you cure the noted deficiency(ies), your Claim must then calculate to a Recognized Claim under the Plan of Allocation in order to be included in the list of eligible claims presented to the Court for approval.** The method of calculating a Claim to determine whether it calculates to a Recognized Claim is described in the Plan of Allocation set forth on pages 12 — 15 of the Settlement Notice. If you disagree with the condition(s) identified in this notice, you may contact us for assistance and/or request Court review of our administrative determination regarding your Claim.

To request Court review of your Claim, you must send a letter to the Claims Administrator at the address printed at the top of this notice, postmarked no later than the response deadline set forth above. Your letter must: (1) include a copy of this notice; (2) specifically state that you request Court review of the full or partial rejection of the Claim; (3) state your argument(s) for why you are contesting the full or partial rejection of the Claim; and (4) include any and all documentation supporting your argument(s). If the dispute concerning your Claim cannot be resolved, your Claim will be presented to the Court for review, which may include public filing of your Claim and supporting documentation with the Court with financial account numbers and certain other information redacted. **PLEASE NOTE: COURT REVIEW SHOULD ONLY BE SOUGHT IF YOU DISAGREE WITH THE CLAIMS ADMINISTRATOR'S DETERMINATION REGARDING YOUR CLAIM. IF YOU REQUEST COURT REVIEW, THE SUPPORTING DOCUMENTATION WILL BE SUBMITTED TO THE COURT FOR CONSIDERATION AND WILL BECOME PART OF THE PUBLIC RECORD. YOUR CLAIM FORM AND SUPPORTING DOCUMENTATION WILL BE PARTIALLY REDACTED TO PROTECT YOUR PRIVACY.**

If you have any questions about this notice or if you want to confirm the status of your Claim after you submit a response to this notice, please contact us at the toll-free number or email address noted above.
Sincerely,

Claims Administrator Team
Wells Fargo Securities Litigation
Epiq Class Action and Claims Solutions, Inc.

AJ3272 v.04



Claim Number 22547

Dear Claims Administrator,

I, [REDACTED] specifically request a review of my claim in full.

I am a rightful claimant and have provided all information requested in my first claim response that included all documentation requested and sent in hard copy and original form/forms utilizing USPS priority mail. That packet should be reviewed in its entirety.

I am once again providing the reasonable documentations requested to make me a positive claim under the submission rules as I purchased and sold shares within the dates provided to make my claim bonafide.

I am aware if a court review is needed, I will become a part of the public record and hope the court will review my claim to prove it has merit.

If you need any other documentation or need to discuss my filing, I am willing and able to discuss this matter at any time.

Thanks all who review this claim,





0100025727





| REFERENCE NO. | TYPE. | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 20015-1BD7QX | 1* | WK# | 01-15-20 | 01-17-20 | 949746101 | 20015-FJ9QD | | |

You Bought  
        50  
    at  48.4153  
Symbol :  
⌐WFC⌐

DESCRIPTION and DISCLOSURES  
WELLS FARGO CO NEW COM  
WE HAVE ACTED AS AGENT.

Principal Amount    2,420.77  
Settlement Amount    2,420.77

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 20015-1CB79Q | 1* | WK# | 01-15-20 | 01-17-20 | 949746101 | 20015-FLM8G | | |

You Bought  
        50  
    at  48.0000  
Symbol :  
⌐WFC⌐

DESCRIPTION and DISCLOSURES  
WELLS FARGO CO NEW COM  
WE HAVE ACTED AS AGENT.

Principal Amount    2,400.00  
Settlement Amount    2,400.00

0100025727      ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

FIDELITY BROKERAGE SERVICES LLC, MEMBER NYSE, SIPC

In accordance with your instructions we are pleased to confirm the transaction or order for your account and risk subject to terms listed below.

Please inform our office promptly if there is an error in this confirmation. Your failure to do so may result in the inability to amend a transaction. Please address all communications to the firm and not to individuals and include your brokerage account number on all checks and communications.

It is understood and agreed that all transactions made for you are subject to the rules and customs of the exchange or market (and its clearing house, if any) where executed by us or by our agents, of the Financial Industry Regulatory Authority, Inc., as the case may be and to the Securities Exchange Act. It is further understood and agreed that on margin business all securities or other things bought or held by us, are pledged as collateral security for any and all claims and demands we then, or thereafter may have against the party giving such orders whether arising thereunder or not. It is further understood and agreed that we have the right to close transactions without further notice, at public or private sale, without liability for subsequent difference in value, when such a sale or purchase is deemed necessary by us for our protection, with the right upon our part of becoming the purchaser thereof free from all trust; that securities held by us in margin accounts (and in cash accounts until paid for in full) are or may be hypothecated for the sum, due thereon, or for a greater sum, under circumstances which will permit the commingling thereof with securities carried for the account of other customers; and that we have the right to loan such securities held by us.

When-Issued, When-Distributed or TBA Transactions: The information contained herein is an estimate based upon information available at the time of your order. The final figures will be forwarded to you when obtainable upon issue, delivery or pool allocation. Such transactions shall be settled at such time, place and in such manner and by delivery of such securities and/or other property as determined by the exchange or association to whose requirements the transaction is subject, or shall be canceled if such exchange or association shall so determine. National Financial Services LLC, ("NFS"), may demand deposits to secure this transaction and reserves the right to close this transaction upon the failure of the customer to tender such deposit.

Open Orders. An open order will remain in effect until executed or canceled. Customers may attempt to cancel open orders at any time prior to execution. NFS will cancel open orders after 180 calendar days (or in accordance with standards set by your Employer) and we reserve the right, but are not obligated to, cancel open orders when the limit price becomes unrealistic in relation to the market price. Limits on open orders to BUY and STOP ORDERS TO SELL, subject to the rules of the exchange or association where the securities are traded, may be automatically adjusted on the date the security trades "ex-dividend", "ex-rights", "ex-distribution", or "ex-interest". Unexecuted portions of an open order which are executed on subsequent days are treated as separate orders for commission purposes, in accordance with industry practices.

Orders marked "solicited" are not the result of "investment advice" from Fidelity, as that term is defined under ERISA and underlying U.S. Department of Labor Regulations, except to the extent that Fidelity utilizes an unaffiliated third party in obtaining such advice.

Payment for Order Flow Disclosure [Exchange Act Rule 10b-10(a)(2)(i)(C)]. Fidelity Brokerage Services LLC ("FBS") and/or NFS receives remuneration, compensation, or consideration for directing orders in equity securities to particular broker/dealers or market centers for execution. The source and nature of any compensation received in connection with your particular transaction will be disclosed upon written request to FBS. Please review FBS's annual disclosure on payment for order flow policies and order routing policies.

The private placement memorandum, term sheet, prospectus or other disclosure documents ("Offering Materials") you previously received include important information concerning your alternative investment transaction (e.g., hedge funds, private equity funds, REITS). Please refer to these materials for an explanation of the subscription (i.e., purchase) and redemption process as well as information regarding compensation that FBS or NFS may receive from you and/or the alternative investment in connection with your transaction. The settlement date for these transactions is often extended a number of days beyond the subscription (i.e., trade) or redemption date. As part of the subscription process, your subscription funds could be held in escrow until such time as your subscription is accepted by the alternative investment. Gross proceeds are reflected on the statement and may not be realized at the time of the redemption if the fund is subject to a holdback. See the Offering Materials for more details. Any such assets retained by the fund are held as a general obligation of the fund and are not protected by SIPC.

In connection with (i) access to, purchase or redemption of, and/or maintenance of positions in mutual funds and other investment products ("funds") such as alternative investments or private placements or (ii) infrastructure needed to support such funds, some funds, or their investment affiliates, pay FBS and/or NFS commissions, sales loads and 12b-1 fees described in the Offering Materials as well as additional compensation for shareholder services, start-up fees, infrastructure support and maintenance, and other programs. Additional information about the source(s) and amount(s) of compensation as well as other remuneration received by FBS or NFS will be furnished to you upon written request.

Currency exchanges may be effected by Fidelity FOREX, Inc. on a principal basis. Fidelity FOREX, Inc., an affiliate of NFS, may impose a commission or markup on the prevailing interbank market price. Fidelity FOREX may in turn share a portion of any foreign exchange commission or markup with NFS and/or FBS. The currency exchange rate applicable to any foreign security trade is available upon request.

For trades of positions set up for average cost, the cost basis per share is calculated as the average price of all shares in the position and shares are depleted on a first-in-first-out basis.

When there are multiple lots for the particular date indicated via versus purchase, the system depletes the lots starting with the highest quantity lot and moves through the lots in descending order of quantity until the order is filled. If an order cannot be matched versus purchase, or if the order quantity exceeds the matched lots, lots are depleted using the account-level default disposal method. If more than one lot has the same date and quantity, selection among such lots is random.

The local broker in a foreign securities transaction may be Fidelity Clearing Canada ULC, an affiliate of NFS and FBS.

Other remuneration may have been received and information will be furnished on request.

At the time you purchase shares of a no-load fund, those shares will be assigned either a transaction fee (TF) or no transaction fee (NTF) status. When you subsequently sell those shares, any applicable fees will be assessed based on the status assigned to the shares at the time of purchase.

Certificates of deposit and certain securities, including bonds, preferred stocks, and common stocks, may be subject to call or redemption (prior to maturity, if applicable). Call features may exist in addition to those which may appear on the front of the confirmation. Early call or redemption could affect Yield. Complete information will be provided upon written request.

This statement is computed for payment by bank draft on settlement date. If payment is made at a later date, additional interest to date of payment will be charged.

Name of the other party, time of execution and remuneration furnished on request. Fidelity Brokerage Services LLC, Member NYSE/SIPC. Account carried with National Financial Services LLC.

## * T - TYPE OF ACCOUNT

| | |
|---|---|
| 0 - Deliver / Receive vs. Payment | 6 - Special Account |
| 1 - Cash Account | 8 - When Issued / TBA |
| 2 - Margin Account | 9 - Income Account |
| 3 - Short Account | |

If an odd-lot differential is indicated on the face of this confirmation, an amount of 12½ cents per share was added to the price of purchase or deducted from the price of sale.

D1. Additional call features exist that may affect yield; complete information will be provided upon request.

D2. No periodic interest payments - callable below maturity value without notice by mail to holder unless registered.

D3. For bonds callable and issued in bearer form, it may be difficult for you to determine whether the securities have been called.

D4. Asset-backed Securities. An asset-backed security represents an interest in or is secured by a pool of financial assets that may be subject to continuous prepayment. The actual yield may vary based on prepayment rates of the underlying receivable or other financial assets. Information concerning factors that affect yield will be furnished upon written request.

Ratings information, when provided, has been obtained from select ratings services which NFS believes to be reliable, however, NFS cannot guarantee its timeliness, accuracy or completeness. Ratings are opinions and not recommendations or investment advice. Ratings or the absence of ratings should not alone be relied upon when assessing the credit quality of a security or making an investment decision. Ratings are subject to change or withdrawal by the ratings services at any time. Ratings information may not be provided for all debt securities. When indicated, NR denotes that the security is not rated by the listed rating organization. The security may be rated by other rating services. Please contact your broker dealer if you need more information about a security.

447970.25.0

## INSTRUCTIONS FOR DEPOSITING CERTIFICATES

**Endorsement Instructions**

1) The signature on the back of the certificate must correspond exactly to the name as written upon the face of the certificate.

2) Write "National Financial Services LLC" on the line between "appoint" and "attorney."

3) Write your brokerage account number on the top right corner of the front of the certificate.

4) Failure to properly prepare the Certificate may result in delays completing your transaction.





0100021134

**Transaction Confirmation**
**Confirm Date: January 14, 2020**

Page 1 of 1

Brokerage Account Number



| REFERENCE NO. 20014-1C1BMJ | TYPE 1* | REG.REP. WK# | TRADE DATE 01-14-20 | SETTLEMENT DATE 01-16-20 | CUSIP NO. 949746101 | ORDER NO. 20014-P7ZRJ | | |
|---|---|---|---|---|---|---|---|---|

You Bought

100

at    49.2800

Symbol :
WFC

**DESCRIPTION and DISCLOSURES**
WELLS FARGO CO NEW COM
WE HAVE ACTED AS AGENT.

Principal Amount        4,928.00
Settlement Amount     4,928.00

0100021134

ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



In accordance with your instructions we are pleased to confirm the transaction or order for your account and risk subject to terms listed below.

Please inform our office promptly if there is an error in this confirmation. Your failure to do so may result in the inability to amend a transaction. Please address all communications to the firm and not to individuals and include your brokerage account number on all checks and communications.

It is understood and agreed that all transactions made for you are subject to the rules and customs of the exchange or market (and its clearing house, if any) where executed by us or by our agents, of the Financial Industry Regulatory Authority, Inc., as the case may be and to the Securities Exchange Act. It is further understood and agreed that on margin business all securities or other things bought or held by us, are pledged as collateral security for any and all claims and demands we then, or thereafter may have against the party giving such orders whether arising thereunder or not. It is further understood and agreed that we have the right to close transactions without further notice, at public or private sale, without liability for subsequent difference in value, when such a sale or purchase is deemed necessary by us for our protection, with the right upon our part of becoming the purchaser thereof free from all trust; that securities held by us in margin accounts (and in cash accounts until paid for in full) are or may be hypothecated for the sum, due thereon, or for a greater sum, under circumstances which will permit the commingling thereof with securities carried for the account of other customers; and that we have the right to loan such securities held by us.

When-Issued, When-Distributed or TBA Transactions: The information contained herein is an estimate based upon information available at the time of your order. The final figures will be forwarded to you when obtainable upon issue, delivery or pool allocation. Such transactions shall be settled at such time, place and in such manner and by delivery of such securities and/or other property as determined by the exchange or association to whose requirements the transaction is subject, or shall be canceled if such exchange or association shall so determine. National Financial Services LLC, ("NFS"), may demand deposits to secure this transaction and reserves the right to close this transaction upon the failure of the customer to tender such deposit.

Open Orders. An open order will remain in effect until executed or canceled. Customers may attempt to cancel open orders at any time prior to execution. NFS will cancel open orders after 180 calendar days (or in accordance with standards set by your Employer) and we reserve the right, but are not obligated to, cancel open orders when the limit price becomes unrealistic in relation to the market price. Limits on open orders to BUY and STOP ORDERS TO SELL, subject to the rules of the exchange or association where the securities are traded, may be automatically adjusted on the date the security trades "ex-dividend", "ex-rights", "ex-distribution", or "ex-interest". Unexecuted portions of an open order which are executed on subsequent days are treated as separate orders for commission purposes, in accordance with industry practices.

Orders marked "solicited" are not the result of "investment advice" from Fidelity, as that term is defined under ERISA and underlying U.S. Department of Labor Regulations, except to the extent that Fidelity utilizes an unaffiliated third party in obtaining such advice.

Payment for Order Flow Disclosure [Exchange Act Rule 10b-10(a)(2)(i)(C)]. Fidelity Brokerage Services LLC ("FBS") and/or NFS receives remuneration, compensation, or consideration for directing orders in equity securities to particular broker/dealers or market centers for execution. The source and nature of any compensation received in connection with your particular transaction will be disclosed upon written request to FBS. Please review FBS's annual disclosure on payment for order flow policies and order routing policies.

The private placement memorandum, term sheet, prospectus or other disclosure documents ("Offering Materials") you previously received include important information concerning your alternative investment transaction (e.g., hedge funds, private equity funds, REITS). Please refer to these materials for an explanation of the subscription (i.e., purchase) and redemption process as well as information regarding compensation that FBS or NFS may receive from you and/or the alternative investment in connection with your transaction. The settlement date for these transactions is often extended a number of days beyond the subscription (i.e., trade) or redemption date. As part of the subscription process, your subscription funds could be held in escrow until such time as your subscription is accepted by the alternative investment. Gross proceeds are reflected on the statement and may not be realized at the time of the redemption if the fund is subject to a holdback. See the Offering Materials for more details. Any such assets retained by the fund are held as a general obligation of the fund and are not protected by SIPC.

In connection with (i) access to, purchase or redemption of, and/or maintenance of positions in mutual funds and other investment products ("funds") such as alternative investments or private placements or (ii) infrastructure needed to support such funds, some funds, or their investment affiliates, pay FBS and/or NFS commissions, sales loads and 12b-1 fees described in the Offering Materials as well as additional compensation for shareholder services, start-up fees, infrastructure support and maintenance, and other programs. Additional information about the source(s) and amount(s) of compensation as well as other remuneration received by FBS or NFS will be furnished to you upon written request.

Currency exchanges may be effected by Fidelity FOREX, Inc. on a principal basis. Fidelity FOREX, Inc., an affiliate of NFS, may impose a commission or markup on the prevailing interbank market price. Fidelity FOREX may in turn share a portion of any foreign exchange commission or markup with NFS and/or FBS. The currency exchange rate applicable to any foreign security trade is available upon request.

For trades of positions set up for average cost, the cost basis per share is calculated as the average price of all shares in the position and shares are depleted on a first-in-first-out basis.

When there are multiple lots for the particular date indicated via versus purchase, the system depletes the lots starting with the highest quantity lot and moves through the lots in descending order of quantity until the order is filled. If an order cannot be matched versus purchase, or if the order quantity exceeds the matched lots, lots are depleted using the account-level default disposal method. If more than one lot has the same date and quantity, selection among such lots is random.

The local broker in a foreign securities transaction may be Fidelity Clearing Canada ULC, an affiliate of NFS and FBS.

Other remuneration may have been received and information will be furnished on request.

At the time you purchase shares of a no-load fund, those shares will be assigned either a transaction fee (TF) or no transaction fee (NTF) status. When you subsequently sell those shares, any applicable fees will be assessed based on the status assigned to the shares at the time of purchase.

Certificates of deposit and certain securities, including bonds, preferred stocks, and common stocks, may be subject to call or redemption (prior to maturity, if applicable). Call features may exist in addition to those which may appear on the front of the confirmation. Early call or redemption could affect Yield. Complete information will be provided upon written request.

This statement is computed for payment by bank draft on settlement date. If payment is made at a later date, additional interest to date of payment will be charged.

Name of the other party, time of execution and remuneration furnished on request. Fidelity Brokerage Services LLC, Member NYSE/SIPC. Account carried with National Financial Services LLC.

**\* T - TYPE OF ACCOUNT**

| | |
|---|---|
| 0 - Deliver / Receive vs. Payment | 6 - Special Account |
| 1 - Cash Account | 8 - When Issued / TBA |
| 2 - Margin Account | 9 - Income Account |
| 3 - Short Account | |

If an odd-lot differential is indicated on the face of this confirmation, an amount of 12½ cents per share was added to the price of purchase or deducted from the price of sale.

D1. Additional call features exist that may affect yield; complete information will be provided upon request.
D2. No periodic interest payments - callable below maturity value without notice by mail to holder unless registered.
D3. For bonds callable and issued in bearer form, it may be difficult for you to determine whether the securities have been called.
D4. Asset-backed Securities. An asset-backed security represents an interest in or is secured by a pool of financial assets that may be subject to continuous prepayment. The actual yield may vary based on prepayment rates of the underlying receivable or other financial assets. Information concerning factors that affect yield will be furnished upon written request.

Ratings information, when provided, has been obtained from select ratings services which NFS believes to be reliable, however, NFS cannot guarantee its timeliness, accuracy or completeness. Ratings are opinions and not recommendations or investment advice. Ratings or the absence of ratings should not alone be relied upon when assessing the credit quality of a security or making an investment decision. Ratings are subject to change or withdrawal by the ratings services at any time. Ratings information may not be provided for all debt securities. When indicated, NR denotes that the security is not rated by the listed rating organization. The security may be rated by other rating services. Please contact your broker dealer if you need more information about a security.

447970.25.0

# INSTRUCTIONS FOR DEPOSITING CERTIFICATES

**Endorsement Instructions**

1) The signature on the back of the certificate must correspond exactly to the name as written upon the face of the certificate.

2) Write "National Financial Services LLC" on the line between "appoint" and "attorney."

3) Write your brokerage account number on the top right corner of the front of the certificate.

4) Failure to properly prepare the Certificate may result in delays completing your transaction.

Transaction Confirmation
Confirm Date: February 5, 2020

Page 2 of 2



| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 20036-1B8WTR | 1* | WK# | 02-05-20 | 02-07-20 | 949746101 | 20036-KBZ7G | | |

You Sold

200

at 48.3600

Symbol :
WFC

**DESCRIPTION and DISCLOSURES**
WELLS FARGO CO NEW COM
WE HAVE ACTED AS AGENT.
LOTS WITHOUT SPECIFIC SHARES
INSTRUCTIONS WILL BE DEPLETED USING
FIRST IN, FIRST OUT METHOD.
EX-DIV DATE 02/06/20
RECORD DATE 02/07/20
PAYABLE DTE 03/01/20

| | |
|---|---|
| Principal Amount | 9,672.00 |
| Activity Assessment Fee | 0.21 |
| Settlement Amount | 9,671.79 |

0100022894

ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE



0100022894

ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

0100022894

FIDELITY BROKERAGE SERVICES LLC, MEMBER NYSE, SIPC





Wells Fargo Securities Litigation
℅ Epiq Class Action and Claims Solutions, Inc.
P.O. Box 5430
Portland, OR 97228-5430